**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| City of Chicago,<br><br>        *Plaintiff*,<br><br>   v.<br><br>DoorDash, Inc. and Caviar, LLC,<br><br>        *Defendants*, | Removed from the Circuit Court of Cook County, Illinois, County Department, Chancery Division No. 2021-CH-04328<br><br><br><br>Civil Action No. _____ |

---

**NOTICE OF REMOVAL**

---

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446, Defendants DoorDash, Inc. ("DoorDash") and Caviar, LLC ("Caviar," and collectively with DoorDash, "Defendants"), hereby remove to the United States District Court for the Northern District of Illinois the above-captioned state-court action, originally filed as Case No. 2021-CH-04328 in the Circuit Court of Cook County, Illinois, County Department, Chancery Division.[1] In accordance with 28 U.S.C. § 1446(a), copies of the complaint and all other process, pleadings, and other papers served on Defendants in the state-court action are attached hereto as **Exhibit A**. Defendants state the grounds for removal below.

---

[1] By filing this Notice of Removal, Defendants do not intend to waive, and hereby do reserve, any and all objections as to venue, personal jurisdiction, and/or the legal sufficiency of the claims asserted in this action, as well as any and all other objections and defenses. Defendants expressly reserve the right to supplement or amend this Notice of Removal.

## I.     BACKGROUND

1.      On August 27, 2021, Plaintiff City of Chicago (the "City" or "Plaintiff"), through its Corporation Counsel, Celia Meza, filed the instant action in the Circuit Court of Cook County, Illinois, County Department, Chancery Division, under the caption *City of Chicago v. DoorDash Inc. and Caviar, LLC*, Case No. 2021-CH-04328 (the "Action").

2.      In the Action, Plaintiff alleges multiple violations of Sections 4-276-470 and 2-25-090 of the Municipal Code of Chicago ("MCC") and seeks monetary fines, restitution, disgorgement of profits, and declaratory and injunctive relief.

3.      Undersigned counsel agreed to accept service on behalf of Defendants on August 30, 2021, and Plaintiff served undersigned counsel with the complaint and summons for both DoorDash and Caviar on August 31, 2021.

4.      Service copies of the complaint and summons for both DoorDash and Caviar are attached hereto as **Exhibit A**.

## II.     GROUNDS FOR REMOVAL

5.      This case is removable pursuant to 28 U.S.C. § 1332(a) and (c) and 28 U.S.C. § 1441(a) and (b).

6.      This Court has original jurisdiction under 28 U.S.C. § 1332(a) and (c)(1) because there is complete diversity between the parties and the amount-in-controversy requirement is satisfied.  Plaintiff is a citizen of Illinois, and neither Defendant is a citizen of Illinois.  Both Defendants are citizens of Delaware (their state of incorporation) and California (their principal place of business).  And, as set forth more fully below, the amount in controversy exceeds $75,000, exclusive of interest and costs.

**A.     The Parties Are Diverse**

7.      The plaintiff in this Action is the City of Chicago, which is a citizen of the State of Illinois.  For diversity purposes, municipalities are citizens of the state in which they are located.  *See Creek v. Vill. of Westhaven,* 80 F.3d 186, 193 (7th Cir. 1996) (municipalities are treated by law as if they were persons under 28 U.S.C. § 1332); *Illinois v. Kerr–McGee Chem. Corp.,* 677 F.2d 571, 578 n.13 (7th Cir. 1982) ("[A] municipal corporation is a citizen of the state which creates it."); *see also* Ill. Const. art. VII, § 1, *et seq.* (setting out independent status of counties and municipalities).  Accordingly, the City of Chicago is a citizen of Illinois.

8.      Neither Defendant is a citizen of Illinois.  Indeed, the City acknowledges in the complaint that both DoorDash and Caviar are citizens of other states:  DoorDash is incorporated in Delaware and has its principal place of business in California.  *See* Compl. ¶ 14.  It is not a citizen of Illinois.  Likewise, Caviar is incorporated in Delaware and has its principal place of business in California.  *See* Compl. ¶ 18.  It is not a citizen of Illinois.

9.      Based on these facts, there is complete diversity between the parties.  *See* 28 U.S.C. § 1332(a)(1) & (c)(1).

**B.     The Amount in Controversy Exceeds Seventy-Five Thousand Dollars**

10.     The amount in controversy in this Action exceeds $75,000, exclusive of interest and costs.  *See* 28 U.S.C. § 1332(a).

11.     In determining whether the amount-in-controversy requirement is satisfied, courts consider "the pecuniary result to either party which the judgment would directly produce."  *McCarty v. Amoco Pipeline Co.*, 595 F.2d 389, 393 (7th Cir. 1979).

12.     Claims for penalties count toward the amount in controversy.  *See ABM Sec. Services, Inc. v. Davis*, 646 F.3d 475, 477 (7th Cir. 2011) (statutory penalties calculated as part of the amount in controversy); *Tremback v. MONY Life Ins. Co.*, No. 12-cv-5901, 2013 WL 1849517,

at *4 (N.D. Ill. May 1, 2013) ("When a statutory penalty is sought … it is properly considered part of the amount in controversy . . . .").

13.　　Plaintiff asserts two causes of action—one each for alleged violations of MCC § 4-276-470 ("Count I") and MCC § 2-25-090 ("Count II")—and seeks civil penalties in excess of $75,000.

14.　　With respect to Count I, Plaintiff alleges that "Defendants have engaged, and continue to engage, in [16 different] practices that violate … MCC § 4-276-470," from allegedly "misrepresenting" certain fees charged to consumers, to allegedly "causing confusion or misunderstanding" regarding the affiliations of certain merchants listed on the DoorDash platform. Compl. ¶ 197(a)–(p).[2]

15.　　With respect to Count II, Plaintiff alleges that Defendants "have engaged, and continue to engage," in 20 "deceptive" and "unfair" acts and practices in Chicago, "in violation of MCC § 2-25-090." Compl. ¶¶ 204(a)–(q) ("deceptive acts and practices"); 205(a)–(c) ("unfair acts and practices").[3] For example, Plaintiff accuses Defendants of allegedly "misrepresenting" certain fees charged to consumers and allegedly "causing confusion or misunderstanding" regarding the affiliations of certain merchants listed on the DoorDash platform. Compl. ¶ 204(a)–(q). Plaintiff further accuses Defendants of allegedly "obstructing consumer understanding" and "thwarting consumers' ability to make informed choices in the market for restaurant meal delivery" by splitting certain fees that they charge to consumers. Compl. ¶ 205(a)–(c).

---

[2]　Several of Plaintiff's allegations under MCC § 4-276-470 are asserted against both defendants, *see* Compl. ¶ 197(a)–(f), whereas others are asserted against DoorDash alone, *see id.* ¶ 197(g)–(p).

[3]　Several of Plaintiff's allegations under MCC § 2-25-090 are asserted against both defendants, *see* Compl. ¶¶ 204(a)–(g); 205(a), whereas others are asserted against DoorDash alone, *see id.* ¶¶ 204(h)–(q); 205(b)–(c).

16.     Plaintiff further alleges that "Defendants' misconduct is pervasive in Chicago, where the DoorDash and Caviar Platforms … collectively list more than 3,100 restaurants and now account for more than 1 in 3 online meal delivery transactions."  Compl ¶ 3.

17.     Plaintiff seeks (among other relief) penalties of (i) "$2,000 for *each* offense under MCC § 4-276-470," which provides for a penalty of "'not less than $50.00 nor more than $2,000.00 for each offense,'" Compl. ¶¶ 198–99 (quoting MCC § 4-276-480) (emphasis added); and (ii) "$10,000 for *each* offense under MCC § 2-25-090," which provides for a penalty of "'not less than $500.00 nor more than $10,000.00 for each offense.'"  Compl. ¶¶ 208, 210 (quoting MCC §§ 2-25-090) (emphasis added).

18.     Given that Plaintiff alleges ongoing, historical, and "pervasive" violations of MCC §§ 4-276-470 and 2-25-090—and seeks thousands of dollars in civil penalties for each such violation—it is indisputable that the amount in controversy in the Action exceeds $75,000.  Several examples will suffice:

19.     **Chicago Fee**.  The City alleges that "DoorDash and Caviar … imposed a deceptively labeled 'Chicago Fee' on *all* orders in the City" from "November 2020 through April 2021 and again from late June through the end of July 2021."  Compl. ¶ 24 (emphasis added); *see also id.* ¶¶ 26(d), 57.

20.     The City further alleges that Defendants violated MCC §§ 4-276-470 and 2-25-090 by "misrepresenting the Chicago Fee to consumers"; by "concealing, suppressing, and/or failing to disclose to consumers … the source of the Chicago Fee"; and by "obstructing consumer understanding" and "thwarting consumers' ability to make informed choices" by "separating the price of their Service into separate fees."  Compl. ¶ 197(c)–(d) (alleged violations of MCC § 4-276-470); *id.* ¶¶ 204(d)–(e) & 205(a) (alleged violations of MCC § 2-25-090).

5

21.     Defendants dispute that charging Chicago consumers a "Chicago Fee" violated MCC § 4-276-470, MCC § 2-25-090, or any other law, regulation, or ordinance.  Defendants further dispute that the City could obtain $2,000 or $10,000 for "each" discrete imposition of the "Chicago Fee," even if the fee were unlawful (it was not).  Nevertheless, DoorDash and Caviar allege that they each charged a "Chicago Fee" on at least 40 distinct orders during the timeframe identified in the complaint, which—under the City's theory of liability—places more than $75,000 in controversy on this issue alone.

22.     Indeed, Plaintiff seeks at least $80,000 in penalties under MCC § 4-276-470[4] <u>plus</u> at least $400,000 in penalties under MCC § 2-25-090[5] from ***each Defendant*** with respect to the "Chicago Fee" alone.

23.     **Small Order Fee**.  Similarly, the City alleges that Defendants have imposed a "deceptive" "Small Order Fee" on "*all* food orders less than $10" since 2016 for DoorDash and since 2019 for Caviar.  Compl. ¶¶ 26(c), 29 (emphasis added).

24.     The City further alleges that Defendants violated MCC §§ 4-276-470 and 2-25-090 by "concealing, suppressing, and/or failing to disclose to consumers the existence, amount, and/or source of the … Small Order Fee"; and by "obstructing consumer understanding" and "thwarting consumers' ability to make informed choices" by "separating the price of their Service into separate fees."  Compl. ¶ 197(b) (alleged violation of MCC § 4-276-470); *id.* ¶¶ 204(c) & 205(a) (alleged violations of MCC § 2-25-090).

---

[4]  40 "Chicago Fees" * $2,000 "fine[] … for each offense under MCC § 4-276-470" = $80,000.  Compl. ¶ 199(d).

[5]  40 "Chicago Fees" * $10,000 "fine[] … for each offense under MCC § 2-25-090" = $400,000.  Compl. ¶ 210(d).

25.     Defendants dispute that charging Chicago consumers a "Small Order Fee" on orders of less than $10 violated MCC § 4-276-470, MCC § 2-25-090, or any other law, regulation, or ordinance.  Defendants further dispute that the City could obtain $2,000 or $10,000 for "each" discrete imposition of the "Small Order Fee," even if the fee were unlawful (it is not). Nevertheless, DoorDash and Caviar allege that they each charged a "Small Order Fee" on at least 40 distinct orders in Chicago since 2016 for DoorDash and since 2019 for Caviar, which—under the City's theory of liability—places more than $75,000 in controversy on this issue alone.

26.     Indeed, Plaintiff seeks at least $80,000 in penalties under MCC § 4-276-470[6] plus at least $400,000 in penalties under MCC § 2-25-090[7] from *each Defendant* with respect to the "Small Order Fee" alone.

27.     **Consumer Tips**.  The City alleges that, "[b]etween July 2017 and September 2019, DoorDash misled consumers in Chicago" regarding how tips left by consumers were paid out to independent-contractor delivery providers.  Compl. ¶¶ 6(e), 167.

28.     The City further alleges that DoorDash violated MCC §§ 4-276-470 and 2-25-090 by "misrepresenting to consumers that tips paid through the DoorDash Platform were provided to drivers as income over and above the amount DoorDash paid drivers"; by "concealing, suppressing, and/or failing to disclose to consumers that tips paid through the DoorDash Platform subsidized DoorDash's Guaranteed Payment to drivers"; and by "depriving drivers of tip income by using consumer tips to subsidize DoorDash's Guaranteed Payments to drivers."  Compl.

---

[6] 40 "Small Order Fees" * $2,000 "fine[] … for each offense under MCC § 4-276-470" = $80,000.  Compl. ¶ 199(d).

[7] 40 "Small Order Fees" * $10,000 "fine[] … for each offense under MCC § 2-25-090" = $400,000.  Compl. ¶ 210(d).

¶ 197(o)–(p) (alleged violations of MCC § 4-276-470); *id.* ¶¶ 204(p)–(q) & 205(c) (alleged violations of MCC § 2-25-090).

29.    DoorDash disputes that its former pay model was misleading, deceptive, or unlawful in any way, much less that it violated MCC § 4-276-470, MCC § 2-25-090, or any other law, regulation, or ordinance.  DoorDash further disputes that the City could obtain $2,000 or $10,000 for every transaction on which a Chicago consumer placed a tip on the DoorDash platform between July 2017 and September 2019, even if DoorDash's pay model in place during that time were unlawful (it was not).  Nevertheless, DoorDash alleges that at least 40 distinct Chicago consumers paid tips on at least 40 distinct transactions on the DoorDash platform between July 2017 and September 2019, when the City alleges DoorDash's former pay model was in place.  Under the City's theory of liability, then, more than $75,000 is in controversy on this issue alone.

30.    Indeed, Plaintiff seeks at least $80,000 in penalties under MCC § 4-276-470[8] plus at least $400,000 in penalties under MCC § 2-25-090[9] with respect to DoorDash's former pay model alone.

31.    Defendants deny each and every one of the allegations pleaded in the complaint and reserve their right to contest the adequacy of those allegations for pleading purposes or otherwise.  However, the value of Plaintiff's allegations as pleaded in the complaint (and accepting, *arguendo*, Plaintiff's per-transaction theory of liability) would far exceed the amount-in-controversy minimum of $75,000, as demonstrated herein.

---

[8]  40 consumer tips * $2,000 "fine[] … for each offense under MCC § 4-276-470" = $80,000. Compl. ¶ 199(d).

[9]  40 consumer tips * $10,000 "fine[] … for each offense under MCC § 2-25-090" = $400,000. Compl. ¶ 210(d).

32.     Indeed, the amount-in-controversy requirement is satisfied even if penalties are assessed on a per-claim (not per-transaction) basis.  Plaintiff asserts that DoorDash has violated MCC § 2-25-090 in 20 different ways.  *See* Compl. ¶¶ 204(a)–(q) (17 different alleged violations); 205(a)–(c) (three different alleged violations).  Plaintiff further asserts that Caviar has violated MCC § 2-25-090 in eight different ways.  *See* Compl. ¶¶ 204(a)–(g) (seven different alleged violations); 205(a) (one alleged violation).  And Plaintiff asserts that each Defendant should be "assess[ed] … fines of $10,000 for each offense under MCC § 2-25-090."  Compl. ¶ 210(d).  At $10,000 per violation, 20 violations would put $200,000 at issue for DoorDash, and eight violations would put $80,000 at issue for Caviar—in each case exceeding the $75,000 amount-in-controversy minimum.

33.     Finally, Plaintiff asks the Court to require "Defendants to pay restitution of the money acquired by means of its [*sic*] violations of MCC § 2-25-090" and "to disgorge profits obtained by means of its [*sic*] violations of MCC § 2-25-090."  Compl. ¶ 210(e), (f).  Both restitution and disgorgement count toward calculating the amount in controversy.  *See Oshana v. Coca-Cola Co.*, 472 F.3d 506, 509 (7th Cir. 2006) (considering disgorgement of profits in determining amount in controversy); *Dow v. Poltzer*, 364 F. Supp. 2d 931, 933 (E.D. Wis. 2005) (holding request for restitution sufficient to meet amount-in-controversy requirement).  Given that Plaintiff alleges ongoing, historical, and "pervasive" violations "dat[ing] back to 2014," it is reasonable to infer that the amount of restitution or disgorgement (let alone both) purportedly owed by Chicago's "largest online meal ordering and delivery company" would likewise exceed $75,000.  Compl. ¶¶ 2–3.

### III.     CONSENT OF ALL DEFENDANTS

34.     All defendants who have been properly served join in or consent to the removal of this action to federal court.  *See* 28 U.S.C. § 1446(b)(2)(A).  By joining in or consenting to removal of this action to federal court, as indicated by the signature of undersigned counsel below, neither DoorDash nor Caviar does, or intends to, waive—and, in fact, hereby reserves—any and all

objections as to venue, personal jurisdiction, and/or the legal sufficiency of the claims alleged in the Action, and any and all other objections and defenses.

## IV.    PROCEDURAL REQUIREMENTS AND NOTICE

35.     In accordance with 28 U.S.C. § 1446(a), copies of the complaint and all other process, pleadings, and other papers served on Defendants in the state-court action are attached hereto as **Exhibit A**.

36.     This removal to the United States District Court for the Northern District of Illinois, Eastern Division is proper under 28 U.S.C. § 1441(a) because the state-court action is pending in the Circuit Court of Cook County, Illinois, which is located in that federal district and division.

37.     Pursuant to 28 U.S.C. § 1446(d), written notice of removal is being promptly provided to Plaintiff and a Notice of Filing of Notice of Removal, together with a copy of this Notice of Removal, is being filed with the Clerk of the Circuit Court of Cook County, Illinois, Chancery Division.  Copies of these documents are attached hereto as **Exhibits B** and **C**, respectively.

## V.    TIMELINESS

38.     Plaintiff served Defendants with a copy of the complaint and the summons for both DoorDash and Caviar on August 31, 2021, and Defendants are seeking removal within 30 days of that date.  Accordingly, this Notice of Removal is timely filed.  *See* 28 U.S.C. § 1446(b) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, though service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based"); *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 345–46 (1999) (holding that defendant's time to remove is triggered upon service of the complaint and summons, not by mere receipt of the complaint unattended by any formal service).

## VI.    JURY DEMAND

39.    Plaintiff's complaint originally filed in the state court demands a trial by jury. *See* Compl. at 89.


DATED:  September 29, 2021                    Respectfully submitted,


**RILEY SAFER HOLMES**                        **FORDE & O'MEARA LLP**
**& CANCILA LLP**

By:  _/s/ Patricia Brown Holmes_____          By:  _/s/ Michael K. Forde_____
Patricia Brown Holmes                         Michael K. Forde
Sarah E. Finch                                Brian P. O'Meara
70 W. Madison Street                          111 W. Washington Street
Suite 2900                                    Suite 1100
Chicago, IL 60602                             Chicago, IL 60602
Phone: (312) 471-8700                         Phone: (312) 641-1441
pholmes@rshc-law.com                          mforde@fordellp.com
sfinch@rshc law.com                           bomeara@fordellp.com

                                              **GIBSON, DUNN & CRUTCHER LLP**

                                              By:  _/s/ Joshua S. Lipshutz_____
                                              Joshua S. Lipshutz (*pro hac vice* forthcoming)
                                              1050 Connecticut Avenue NW
                                              Washington, DC 20036
                                              Phone: (202) 955-8500
                                              jlipshutz@gibsondunn.com

                                              Michael Holecek (*pro hac vice* forthcoming)
                                              Ilissa Samplin (*pro hac vice* forthcoming)
                                              333 S. Grand Avenue
                                              Los Angeles, CA 90071
                                              Phone: (213) 229-7000
                                              mholecek@gibsondunn.com
                                              isamplin@gibsondunn.com


*Attorneys for Defendants DoorDash, Inc. and Caviar, LLC*

11

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of September, 2021, the foregoing Notice of Removal was sent by electronic mail and served upon the following:

**CITY OF CHICAGO DEP'T OF LAW, AFFIRMATIVE LITIGATION DIVISION**
Stephen J. Kane
   Deputy Corporation Counsel
Elie Zenner
   Assistant Corporation Counsel
Rachel Granetz
   Assistant Corporation Counsel
121 N. LaSalle Street
Room 600
Chicago, IL 60606
Phone: (312) 744-6934
stephen.kane@cityofchicago.org
elie.zenner@cityofchicago.org
rachel.granetz@cityofchicago.org

**COHEN MILSTEIN SELLERS & TOLL PLLC**
Betsy A. Miller
Brian E. Bowcut
Johanna M. Hickman
Maya Sequeira
1100 New York Avenue NW
Suite 500
Washington, DC 20005
Phone: (202) 408-4600
bmiller@cohenmilstein.com
bbowcut@cohenmilstein.com
jhickman@cohenmilstein.com
msequeira@cohenmilstein.com

Respectfully submitted,


 /s/  Michael K. Forde
Michael K. Forde
Brian P. O'Meara
**FORDE & O'MEARA LLP**
111 W. Washington Street
Suite 1100
Chicago, IL 60602
Phone: (312) 641-1441
mforde@fordellp.com
bomeara@fordellp.com