**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| City of Chicago, | |
| *Plaintiff,* | |
| v. | Civil Action No. 1:21-cv-05162 |
| DoorDash, Inc. and Caviar, LLC, | Honorable Robert W. Gettleman |
| *Defendants.* | **JURY DEMANDED** |

**DEFENDANTS' ANSWER TO COMPLAINT**

Defendants DoorDash, Inc. ("DoorDash") and Caviar, LLC ("Caviar"), by and through

their attorneys, answers Plaintiff City of Chicago's ("the City") Complaint, filed August 27,

2021, according to its numbered paragraphs below.

**GENERAL DENIAL**

Except as specifically admitted herein, DoorDash denies each and every allegation

contained in the Complaint, including, without limitation, any allegations contained in the

preamble, headings, subheadings or footnotes of the Complaint, and specifically denies any

liability to Plaintiff. Pursuant to Rule 8(d) of the Federal Rules of Civil Procedure, averments in

the Complaint to which no responsive pleading is required shall be deemed as denied. DoorDash

expressly reserves the right to seek to amend or supplement its Answer as may be necessary.

1.      The allegations in the first sentence of paragraph 1 constitute conclusions of law to which

no response is required. With regard to the remaining allegations and assertions in paragraph 1,

DoorDash admits this action is brought by the City of Chicago against DoorDash and Caviar for

alleged violations of sections 2-25-090 and 4-276 of the Municipal Code of Chicago. To the extent

1

a further response is required, DoorDash denies it engaged in any misconduct and denies each and every remaining allegation in paragraph 1.

2.      The allegations in paragraph 2 constitute conclusions of law to which no response is required.  To the extent the remaining allegations or assertions refer to documents, no response is required as the documents speak for themselves.  To the extent the allegations in paragraph 2 seek to paraphrase or characterize statements or comments made by DoorDash, DoorDash denies the allegations to the extent they are inconsistent with or mischaracterize the statements or comments. DoorDash admits that its platform[1] has been active in Chicago since 2014.  DoorDash denies it engaged in any misconduct, unlawful or otherwise.  DoorDash further denies each and every remaining allegation in paragraph 2.

3.      The allegations in paragraph 3 constitute conclusions of law to which no response is required.  To the extent a response is required, DoorDash admits it facilitates food ordering and food delivery through its online platform, which may be accessed via the DoorDash website or a mobile application.  DoorDash further admits that DoorDash acquired Caviar in 2019 and that Caviar also facilitates food ordering and food delivery through an online platform, which may be accessed via the Caviar website or a mobile application.  DoorDash further admits that there are more than 3,100 restaurants available for consumer orders on DoorDash and Caviar platforms. DoorDash denies that it has engaged in any misconduct.  With regard to the remaining allegations or assertions in paragraph 3, DoorDash lacks sufficient information or knowledge to form an opinion or belief as to their truth.  Accordingly, in part based on this lack of information and

---

[1] Throughout this answer, DoorDash uses the term "platform" to describe the DoorDash Marketplace, which creates a three-sided market connecting (i) consumers, (ii) merchants, and, in some instances, (iii) Dashers (who deliver goods from merchants to consumers).  DoorDash understands the City's allegations are limited to Marketplace; accordingly, Doordash's responses are so limited, and do not extend to any of the other products DoorDash offers.

knowledge, DoorDash denies each and every remaining allegation in paragraph 3.

4.      DoorDash admits that it charges fees to consumers on certain orders and that it typically charges a commission to restaurants on certain orders placed on the DoorDash and Caviar platforms.  DoorDash denies each and every remaining allegation in paragraph 4.

5.      The allegations in paragraph 5 constitute conclusions of law to which no response is required.  To the extent a response is required, DoorDash admits that DoorDash acquired Caviar in 2019 for $410 million and stock in DoorDash.  DoorDash further admits that it issued its initial public offering in December 2020, and has invested in its business.  DoorDash denies that it has engaged in any deceptive, misleading, or unfair conduct.  DoorDash further denies each and every remaining allegation in paragraph 5.

6.      The allegations in paragraph 6 constitute conclusions of law to which no response is required.  To the extent a response is required, DoorDash admits that it entered the Chicago market in 2014, that Caviar entered the Chicago market in 2014, and that DoorDash acquired Caviar in 2019.  DoorDash denies that it has engaged in any deceptive, misleading, or unfair conduct. DoorDash further denies each and every remaining allegation in paragraph 6.

7.      DoorDash admits that during the COVID-19 pandemic, consumer demand for meal delivery increased, including through the DoorDash platforms.  DoorDash further admits that it typically charges restaurants a commission when an order is placed on the DoorDash app and that those commissions may vary.  DoorDash further admits that in November 2020, Chicago passed an ordinance restricting certain commission rates to no more than 15%.  With regard to the remaining allegations or assertions in paragraph 7, DoorDash lacks sufficient information or knowledge to form an opinion or belief as to their truth.  Accordingly, in part based on this lack of

information and knowledge, DoorDash denies each and every remaining allegation in paragraph 7.

8.     The allegations in paragraph 8 contain conclusions of law to which no response is required. To the extent a response is required, DoorDash admits that during certain time periods in 2020 and 2021, DoorDash charged a "Chicago Fee" of $1.50 on certain orders placed in Chicago in response to the commission cap imposed by the City. DoorDash denies it engaged in any misleading conduct. DoorDash denies each and every remaining allegation in paragraph 8.

9.     The allegations in paragraph 9 contain conclusions of law to which no response is required. To the extent a response is required, DoorDash admits there were 263 million orders placed on the DoorDash platforms in 2019 in the U.S. and internationally and 816 million orders placed on the DoorDash platforms in 2020 in the U.S. and internationally. DoorDash admits its global revenue in 2019 was $885 million and its global revenue in 2020 was $2,886 million. DoorDash denies it engaged in any misleading, deceptive, or unfair conduct. DoorDash denies each and every remaining allegation in paragraph 9.

10.    To the extent the allegations or assertions in paragraph 10 refer to documents, no response is required as the documents speak for themselves. To the extent the allegations in paragraph 10 seek to paraphrase or characterize statements or comments made in such documents, DoorDash denies the allegations to the extent they are inconsistent with or mischaracterize the statements or comments. To the extent a response is required, DoorDash admits that it is expanding the scope of its business to offer delivery options from grocery stores, flower stores, drug stores, and pet stores, among other retailers. DoorDash denies each and every remaining allegation in paragraph 10.

11.     The allegations in paragraph 11 contain conclusions of law to which no response is required. To the extent a response is required, DoorDash denies that it has engaged in any predatory, deceptive, misleading, or unfair conduct. DoorDash lacks sufficient information or knowledge to form an opinion or belief as the truth of the remaining allegations or assertions in paragraph 11. Accordingly, based in part on this lack of information and knowledge, DoorDash denies each and every remaining allegation in paragraph 11.

12.     The allegations in paragraph 12 and footnote 1 contain conclusions of law to which no response is required. To the extent a response is required, DoorDash admits the City of Chicago seeks a permanent injunction and other relief. With regard to the allegations in footnote 1, DoorDash admits that the DoorDash Consumer Terms and Conditions and Merchant Terms of Service contain arbitration agreements to which consumers and merchants have the opportunity to opt out. DoorDash denies that it has engaged in any misleading, deceptive, or unfair conduct. DoorDash further denies each and every remaining allegation in paragraph 12 and footnote 1.

13.     DoorDash admits the allegations in paragraph 13.

14.     DoorDash admits the allegations in paragraph 14.

15.     DoorDash admits that its platform connects consumers, a broad array of restaurants and stores, and independent-contractor delivery providers to facilitate ordering and delivery from local, retail outlets. DoorDash further admits that DoorDash, Inc. and its subsidiaries own and operate the DoorDash platform. DoorDash also admits that the DoorDash platform may be accessed through DoorDash.com and the DoorDash mobile app. DoorDash denies each and every remaining allegation in paragraph 15.

16.     DoorDash admits that it acquired certain assets and liabilities of Square, Inc. and its subsidiary, Caviar, Inc., including the Caviar Platform, in a 2019 transaction. DoorDash denies

that the transaction closed in August 2019. DoorDash further denies each and every remaining allegations in paragraph 16.

17.     DoorDash admits that the Caviar platform connects consumers, a broad array of restaurants and stores, and independent-contractor delivery providers to facilitate ordering and delivery from local, retail outlets. DoorDash further admits that DoorDash, Inc. and its subsidiaries have owned and operated the Caviar platform since October 31, 2019. DoorDash denies each and every remaining allegation in paragraph 17.

18.     DoorDash admits that Caviar, LLC is a limited liability corporation formed under the laws of the state of Delaware and that Caviar, LLC's principal place of business is in San Francisco, California. DoorDash denies that Caviar's principal place of business is 901 Market Street, Suite 600, San Francisco, California 91403.

19.     DoorDash admits the allegations in paragraph 19.

20.     The allegations in paragraph 20 constitute conclusions of law to which no response is required. To the extent a response is required, DoorDash denies each and every allegation in paragraph 20.

21.     The allegations in paragraph 21 constitute conclusions of law to which no response is required. To the extent a response is required, DoorDash admits that consumers, merchants, and independent-contractor delivery providers may access and use the DoorDash and Caviar platforms in Illinois. DoorDash further admits that it contracts with consumers, merchants, and independent-contractor delivery providers who are based in Illinois. DoorDash denies that it has engaged in any deceptive, misleading, or unfair conduct. DoorDash denies each and every remaining allegation in paragraph 21.

6

22.     The allegations in paragraph 22 constitute conclusions of law to which no response is required.  To the extent a response is required, DoorDash denies each and every allegation in paragraph 22.

23.     Allegations in paragraph 23 contain conclusions of law to which no response is required. With respect to the remaining allegations or assertions in paragraph 23, DoorDash admits that DoorDash charges fees on certain orders placed on the DoorDash and Caviar platforms, that those fees may include a Delivery Fee, and that marketing may have referenced the Delivery Fee.  To the extent a further response is required, DoorDash denies that it has engaged in deceptive, unfair, or misleading conduct or a "bait and switch," and further denies each and every remaining allegation in paragraph 23.

24.     Allegations in paragraph 24 contain conclusions of law to which no response is required. With respect to the remaining allegations or assertions in paragraph 24, DoorDash admits that it has, at times, charged a Service Fee and a Small Order Fee on certain orders placed on the DoorDash and Caviar platforms, charged a Small Order Fee on orders that did not meet a minimum order threshold amount, and charged a fee called the "Chicago Fee" on certain orders placed in Chicago (at various times in 2020 and 2021 only), and that DoorDash has and continues to disclose these fees to consumers prior to checkout.  DoorDash denies that it has engaged in any deceptive, unfair, or misleading conduct regarding the presentation of its fees.  To the extent a further response is required, DoorDash denies each and every remaining allegation in paragraph 24.

25.     Allegations in paragraph 25 contain conclusions of law to which no response is required. With respect to the remaining allegations or assertions in paragraph 25, DoorDash admits that on certain orders, it charges fees to consumers which may include a Delivery Fee, a Small Order Fee, a Service Fee, and/or a Chicago Fee.  DoorDash further admits that the amount of each fee and

which fees apply can vary due to a number of factors. DoorDash further admits that when it was charged, the Chicago Fee was $1.50. DoorDash further admits that the fees charged to consumers are not paid directly to restaurants and that it typically charges restaurants a commission for orders placed on the DoorDash and Caviar platforms. DoorDash denies that it has engaged in any deceptive, unfair, or misleading conduct. DoorDash lacks sufficient information and belief to admit or deny the remaining allegations in paragraph 25. Based on this lack of information and belief, DoorDash denies each and every remaining allegation in paragraph 25.

26.     To the extent this paragraph and footnote 2 refer to documents, no response is required as the documents speak for themselves. To the extent that the allegations in paragraph 26 and footnote 2 seek to paraphrase or characterize statements or comments made by DoorDash, DoorDash denies the allegations to the extent they are inconsistent with or mischaracterize the statements or comments. To the extent the allegations in paragraph 26 and footnote 2 constitute conclusions of law, no response is required. DoorDash admits that DoorDash and Caviar have both operated in the Chicago market since 2014 and typically have charged fees to consumers on certain orders, including a Delivery Fee, Service Fee, Small Order Fee, and/or Chicago Fee. DoorDash further admits that the amount of these fees charged to consumers has varied and whether they applied depend on a number of factors. DoorDash further admits that certain marketing may have referenced the Delivery Fee. DoorDash further admits that the Service Fee is charged in an amount determined based on the order subtotal, and is typically charged on delivery orders. DoorDash further admits that during certain periods in 2020 and 2021, consumers were charged a "Chicago Fee" on orders placed from restaurants located in Chicago and that the Chicago Fee was $1.50. Regarding the allegations in footnote 2, DoorDash admits that DashPass subscribers pay a reduced Service Fee on certain eligible orders, and that some consumers pay a

monthly subscription fee for DashPass. DoorDash denies that it has engaged in any deceptive, unfair, or misleading conduct and further denies each and every remaining allegation in paragraph 26, including the allegations in footnote 2.

27. The allegations in paragraph 27 contain conclusions of law to which no response is required. DoorDash admits that some of the fees charged on delivery orders may vary on pickup orders. To the extent a response is required, DoorDash denies that it has engaged in any deceptive, unfair, or misleading conduct and further denies each and every remaining allegation in paragraph 27.

28. To the extent this paragraph refers to a document, no response is required as the document speaks for itself. To the extent the allegations in paragraph 28 seek to paraphrase or characterize statements or comments by DoorDash, DoorDash denies the allegations to the extent they are inconsistent with or mischaracterize the statements or comments.

29. The allegations in paragraph 29 are conclusions of law to which no response is required. With regard to the allegations in the last sentence of paragraph 29, DoorDash lacks sufficient knowledge and belief to form an opinion or belief as to the truth of those allegations. Accordingly, to the extent a response is required to paragraph 29, and based in part on its lack of information and knowledge with regard to the allegations in the last sentence of paragraph 29, DoorDash denies that it has engaged in any deceptive, unfair, or misleading conduct and further denies each and every allegation in paragraph 29.

30. The allegations in paragraph 30 are conclusions of law to which no response is required. With respect to the second sentence of paragraph 30, to the extent this sentence refers to a document, no response is required as the document speaks for itself. To the extent the allegations in the second sentence of paragraph 30 seek to paraphrase or characterize statements or comments

in the documents, DoorDash denies the allegations to the extent they are inconsistent with or mischaracterize the statements or comments. DoorDash denies that it has engaged in any deceptive, unfair, or misleading conduct. DoorDash further lacks sufficient knowledge and belief to form an opinion or belief as to the truth of the allegations in paragraph 30. Accordingly, to the extent a response is required, and based in part on this lack of information and knowledge, DoorDash further denies each and every remaining allegation in paragraph 30.

31. The allegations in paragraph 31 contain conclusions of law to which no response is required. To the extent a response is required, DoorDash admits that consumers have several options when ordering food in Chicago, including options to order from other third-party companies, to order directly from restaurants, or to place pick-up orders. DoorDash denies the allegation that certain information is material to consumers. As to the first clause of the first sentence in paragraph 31 and the last sentence in paragraph 31, DoorDash lacks sufficient knowledge and belief to form an opinion or belief as to their truth. Accordingly, to the extent a further response is required, and based in part on this lack of information and knowledge, DoorDash denies each and every remaining allegation in paragraph 31.

32. The allegations in paragraph 32 are conclusions of law to which no response is required. To the extent a response is required, DoorDash denies that its Delivery Fee is deceptive, unfair, or misleading, that it has engaged in any deceptive, unfair, or misleading conduct, and further denies each and every remaining allegation in paragraph 32.

33. To the extent this paragraph refers to documents, no response is required as the documents speak for themselves. To the extent the allegations in paragraph 33 seek to paraphrase or characterize statements or comments by DoorDash, DoorDash denies the allegations to the extent

that they are inconsistent with or mischaracterize the statements or comments. To the extent a further response is necessary, DoorDash denies each and every allegation in paragraph 33.

34. To the extent this paragraph refers to documents, no response is required as the documents speak for themselves. To the extent the allegations in paragraph 34 seek to paraphrase or characterize statements or comments by DoorDash, DoorDash denies the allegations to the extent that they are inconsistent with or mischaracterize the statements or comments. Because DoorDash does not know the details regarding when the City purportedly accessed these pages on Caviar.com, DoorDash lacks sufficient information or knowledge to form an opinion or belief as to the truth of the remaining allegations in paragraph 34. Accordingly, in part based on this lack of information and knowledge, DoorDash denies each and every remaining allegation in paragraph 34.

35. To the extent this paragraph refers to documents, no response is required as the documents speak for themselves. To the extent the allegations in paragraph 35 seek to paraphrase or characterize statements or comments by DoorDash, DoorDash denies the allegations to the extent that they are inconsistent with or mischaracterize the statements or comments. Because DoorDash does not know the details regarding when the City purportedly accessed these pages on DoorDash's website, DoorDash lacks sufficient information or knowledge to form an opinion or belief as to the truth of the remaining allegations in paragraph 35. Accordingly, in part based on this lack of information and knowledge, DoorDash denies each and every remaining allegation in paragraph 35.

36. To the extent this paragraph refers to documents, no response is required as the documents speak for themselves. To the extent the allegations in paragraph 36 seek to paraphrase or characterize statements or comments by DoorDash, DoorDash denies the allegations to the extent

that they are inconsistent with or mischaracterize the statements or comments. Paragraph 36 contains conclusions of law to which no response is required. To the extent a response is required, DoorDash denies that its marketing and/or promotional offers are deceptive, unfair, or misleading, that it has engaged in any deceptive, unfair, or misleading conduct, and further denies each and every remaining allegation in paragraph 36.

37.     To the extent this paragraph refers to documents, no response is required as the documents speak for themselves. To the extent the allegations in paragraph 37 seek to paraphrase or characterize statements or comments by DoorDash, DoorDash denies the allegations to the extent that they are inconsistent with or mischaracterize the statements or comments. Paragraph 37 contains conclusions of law to which no response is required. To the extent a response is required, DoorDash admits it occasionally markets "$0 delivery fee" transactions. DoorDash denies that any of its marketing is deceptive, unfair, or misleading. Further, because DoorDash does not know the details regarding when the City purportedly accessed these pages on DoorDash's website, DoorDash lacks sufficient information or knowledge to form an opinion or belief as to the truth of the remaining allegations in paragraph 37. Accordingly, in part based on this lack of information and knowledge, DoorDash denies each and every remaining allegation in paragraph 37.

38.     To the extent this paragraph refers to documents, no response is required as the documents speak for themselves. To the extent the allegations in paragraph 38 seek to paraphrase or characterize statements or comments by DoorDash, DoorDash denies the allegations to the extent that they are inconsistent with or mischaracterize the statements or comments. Paragraph 38 contains conclusions of law to which no response is required. To the extent a response is required, DoorDash admits that DashPass subscribers pay no Delivery Fee or Small Order Fee on eligible orders, and pay a reduced Service Fee on eligible orders. DoorDash denies that its marketing of

DashPass is deceptive, unfair, or misleading. Because DoorDash does not know the details regarding when the City purportedly accessed these pages on DoorDash's website, DoorDash lacks sufficient information or knowledge to form an opinion or belief as to the truth of the remaining allegations in paragraph 38. Accordingly, in part based on this lack of information and knowledge, DoorDash denies each and every remaining allegation in paragraph 38.

39. The allegations in paragraph 39 contain conclusions of law to which no response is required. To the extent this paragraph refers to a document, no response is required as the document speaks for itself. To the extent the allegations in paragraph 39 seek to paraphrase or characterize statements or comments by DoorDash, DoorDash denies the allegations to the extent that they are inconsistent with or mischaracterize the statements or comments. DoorDash further denies that its Delivery Fee is deceptive, unfair, or misleading and that it has engaged in any deceptive, unfair, or misleading conduct. With regard to the first sentence of paragraph 39, because DoorDash does not know the details regarding when the City purportedly accessed this page on DoorDash's website, DoorDash lacks sufficient information or knowledge to form an opinion or belief as to the truth of the remaining allegations in paragraph 39. Accordingly, to the extent a further response is necessary and in part based on this lack of information and knowledge, DoorDash denies each and every remaining allegation in paragraph 39.

40. To the extent this paragraph refers to a document, no response is required as the document speaks for itself. To the extent the allegations in paragraph 40 seek to paraphrase or characterize statements or comments by DoorDash, DoorDash denies the allegations to the extent that they are inconsistent with or mischaracterize the statements or comments. Because DoorDash does not know the details regarding when the City purportedly accessed this page on DoorDash's website, DoorDash lacks sufficient information or knowledge to form an opinion or belief as to the truth of

the remaining allegations in paragraph 40. Accordingly, in part based on this lack of information and knowledge, DoorDash denies each and every remaining allegation in paragraph 40.

41. To the extent this paragraph refers to documents, no response is required as the documents speak for themselves. To the extent the allegations seek to paraphrase or characterize statements or comments by DoorDash, DoorDash denies the allegations to the extent that they are inconsistent with or mischaracterize the statements or comments. DoorDash admits that, at times, marketing has referenced the Delivery Fee. Paragraph 41 contains conclusions of law to which no response is required. To the extent that a further response is required, DoorDash denies it has engaged in any deceptive, unfair, or misleading conduct, and further denies each and every remaining allegation in the last sentence of paragraph 41.

42. The allegations in paragraph 42 constitute conclusions of law to which no response is required. To the extent a further response is required, DoorDash denies that it has engaged in any deceptive, unfair, or misleading conduct, that it intended consumers to rely on any allegedly deceptive, unfair, or misleading conduct, and that any of the alleged conduct is material to consumers. With regard to the remaining allegations in paragraph 42, DoorDash lacks sufficient knowledge and belief to form an opinion or belief as to the truth of these allegations. Accordingly, to the extent a response is required, and based in part on this lack of information and knowledge, DoorDash denies each and every remaining allegation in paragraph 42.

43. The allegations in paragraph 43 constitute conclusions of law to which no response is required. To the extent a further response is required, DoorDash denies each and every allegation contained in paragraph 43.

44. DoorDash admits that it provides disclosures in multiple locations regarding fees charged to consumers and that consumers are notified about the existence and amount of any Service Fee,

Small Order Fee, and Chicago Fee before they place an order. DoorDash denies each and every remaining allegation in paragraph 44.

45.     The allegations in paragraph 45 contain conclusions of law to which no response is required. To the extent a response is required, DoorDash admits consumers are notified about the existence and amount of any Service Fee, Small Order Fee, and Chicago Fee before they place an order. DoorDash lacks sufficient information or knowledge to form an opinion or belief as to the truth of the remaining allegations in paragraph 45. Accordingly, in part based on this lack of information and knowledge, DoorDash denies each and every remaining allegation in paragraph 45.

46.     To the extent this paragraph refers to documents, no response is required as the documents speak for themselves. To the extent the allegations seek to paraphrase or characterize such statements or comments, DoorDash denies the allegations to the extent that they are inconsistent with or mischaracterize the statements or comments. To the extent a response is required, DoorDash lacks sufficient knowledge and belief to form an opinion or belief as to the truth of the allegations in paragraph 46. Accordingly, to the extent a response is required, and based in part on this lack of information and knowledge, DoorDash denies each and every remaining allegation in paragraph 46.

47.     The allegations in paragraph 47 constitute conclusions of law to which no response is required. To the extent this paragraph refers to documents, no response is required as the documents speak for themselves. To the extent the allegations in paragraph 47 seek to paraphrase or characterize statements or comments by DoorDash, DoorDash denies the allegations to the extent that they are inconsistent with or mischaracterize the statements or comments. To the extent that a further response is required, DoorDash denies that its presentation of fees is deceptive,

unfair, or misleading, and further denies each and every remaining allegation contained in paragraph 47.

48.     To the extent this paragraph refers to documents, no response is required as the documents speak for themselves.  To the extent the allegations seek to paraphrase or characterize statements or comments by DoorDash, DoorDash denies the allegations to the extent that they are inconsistent with or mischaracterize the statements or comments.  To the extent a further response is required, DoorDash denies that the screenshot depicts a complete representation of its checkout screen at any time.  Because DoorDash does not know the details regarding when the City purportedly accessed these pages on DoorDash's website, DoorDash lacks sufficient information or knowledge to form an opinion or belief as to the truth of the remaining allegations in paragraph 48. Accordingly, in part based on this lack of information and knowledge, DoorDash denies each and every remaining allegation in paragraph 48.

49.     To the extent this paragraph refers to documents, no response is required as the documents speak for themselves.  To the extent the allegations seek to paraphrase or characterize statements or comments by DoorDash, DoorDash denies the allegations to the extent they are inconsistent with or mischaracterize the statements or comments.  To the extent a further response is required, DoorDash incorporates its response to Paragraph 48 and further denies each and every remaining allegation in paragraph 49.

50.     The allegations in paragraph 50 constitute conclusions of law to which no response is required.  To the extent a further response is required, DoorDash denies that it has engaged in deceptive, unfair, or misleading conduct, denies the allegation that certain information is material to consumers, and further denies each and every remaining allegation contained in paragraph 50.

51.     The allegations in the first and fourth sentences of paragraph 51 constitute conclusions of law to which no response is required.  To the extent the second and third sentences of paragraph 51 refer to documents, no response is required as the documents speak for themselves.  To the extent the allegations in paragraph 2 seek to paraphrase or characterize statements or comments, DoorDash denies the allegations to the extent that they are inconsistent with or mischaracterize the statements or comments.  To the extent a response is required, DoorDash denies that it has engaged in deceptive, unfair, or misleading conduct.  DoorDash further lacks sufficient knowledge and belief to form an opinion or belief as to the truth of the allegations in the second and third sentences of paragraph 51.  Accordingly, to the extent a response is required, and based in part on this lack of information and knowledge, DoorDash denies each and every remaining allegation in paragraph 51.

52.     To the extent this paragraph refers to documents, no response is required as the documents speak for themselves.  To the extent the allegations seek to paraphrase or characterize such statements or comments, DoorDash denies the allegations to the extent that they are inconsistent with or mischaracterize the statements or comments.  DoorDash admits consumers can view an itemization of all charges before they place an order.  Because DoorDash does not know the details regarding when the City purportedly accessed these pages on DoorDash's website, DoorDash lacks sufficient information or knowledge to form an opinion or belief as to the truth of the remaining allegations in paragraph 52 and footnote 11.  Accordingly, in part based on this lack of information and knowledge, DoorDash denies each and every remaining allegation in paragraph 52 and footnote 11.

53.     To the extent this paragraph refers to documents, no response is required as the documents speak for themselves.  To the extent the allegations seek to paraphrase or characterize such

statements or comments, DoorDash denies the allegations to the extent that they are inconsistent with or mischaracterize the statements or comments. To the extent a response is required, DoorDash admits that consumers can view an itemization of all charges before they place an order. DoorDash further admits that DoorDash has provided and continues to provide an explanation of its fees at checkout that consumers can access by hovering over an 'i' icon (a "tool tip"). DoorDash denies that it has engaged in any deceptive, unfair, or misleading conduct. With regard to the alleged investigation and conclusions reached by Consumer Reports, DoorDash lacks sufficient knowledge and belief to form an opinion or belief as to the truth of these allegations in paragraph 53. Accordingly, to the extent a response is required, and based in part on this lack of information and knowledge, DoorDash denies each and every remaining allegation in paragraph 53.

54.     DoorDash denies each and every allegation in paragraph 54.

55.     To the extent this paragraph refers to documents, no response is required as the documents speak for themselves. To the extent the allegations seek to paraphrase or characterize such statements or comments, DoorDash denies the allegations to the extent that they are inconsistent with or mischaracterize the statements or comments. DoorDash admits that it has charged a Service Fee and a Small Order Fee on certain orders placed on the DoorDash platform and that the amount of each of those fees and whether DoorDash charged them would depend on a number of variables. DoorDash further denies that its fees or marketing are deceptive, unfair, or misleading. Because DoorDash does not know the details regarding when the City purportedly accessed these pages on DoorDash's website, DoorDash lacks sufficient information or knowledge to form an opinion or belief as to the truth of the remaining allegations in paragraph 55. Accordingly, in part based on this lack of information and knowledge, DoorDash denies each and every remaining allegation in paragraph 55.

56.     To the extent this paragraph refers to documents, no response is required as the documents speak for themselves.  To the extent the allegations seek to paraphrase or characterize such statements or comments, DoorDash denies the allegations to the extent that they are inconsistent with or mischaracterize the statements or comments.  DoorDash admits that the Service Fee is charged in an amount based on the order subtotal.  Because DoorDash does not know the details regarding when the City purportedly accessed these pages on DoorDash's website, DoorDash lacks sufficient information or knowledge to form an opinion or belief as to the truth of the remaining allegations in paragraph 56.  Accordingly, in part based on this lack of information and knowledge, DoorDash denies each and every remaining allegation in paragraph 56.

57.     To the extent this paragraph refers to documents, no response is required as the documents speak for themselves.  To the extent the allegations seek to paraphrase or characterize such statements or comments, DoorDash denies the allegations to the extent that they are inconsistent with or mischaracterize the statements or comments.  DoorDash admits it charged a Chicago Fee on orders placed in Chicago at various times in 2020 and 2021 only, that the Chicago Fee was a flat $1.50 fee on orders placed in Chicago, and that consumers can view an itemization of charges before they place an order.  To the extent a further response is necessary, because DoorDash does not know the details regarding when the City purportedly accessed these pages on DoorDash's website, DoorDash lacks sufficient information or knowledge to form an opinion or belief as to the truth of the remaining allegations in paragraph 57.  Accordingly, in part based on this lack of information and knowledge, DoorDash denies each and every remaining allegation in paragraph 57.

58.     The allegations in paragraph 58 constitute conclusions of law to which no response is required.  To the extent this paragraph refers to documents, no response is required as the

documents speak for themselves. To the extent the allegations seek to paraphrase or characterize such statements or comments, DoorDash denies the allegations to the extent that they are inconsistent with or mischaracterize the statements or comments. To the extent a further response is required, DoorDash further denies that it has engaged in deceptive, unfair, or misleading conduct and further denies each and every remaining allegation contained in paragraph 58.

59.     To the extent this paragraph refers to documents and/or statements, no response is required as the documents and/or statements speak for themselves. To the extent the allegations seek to paraphrase or characterize such statements or comments, DoorDash denies the allegations to the extent that they are inconsistent with or mischaracterize the statements or comments. To the extent a response is required, DoorDash denies that it has engaged in deceptive, unfair, or misleading conduct and that it had the intent alleged in the last sentence of the quoted statement. DoorDash further lacks sufficient knowledge and belief to form an opinion or belief as to the truth of the allegations in paragraph 59. Accordingly, to the extent a response is required, and based in part on this lack of information and knowledge, DoorDash denies each and every remaining allegation in paragraph 59.

60.     The allegations in paragraph 60 constitute conclusions of law to which no response is required. To the extent this paragraph refers to documents and/or statements, no response is required as the documents and/or statements speak for themselves. To the extent the allegations seek to paraphrase or characterize such statements or comments, DoorDash denies the allegations to the extent that they are inconsistent with or mischaracterize the statements or comments. To the extent a response is required, DoorDash denies that it has engaged in deceptive, unfair, or misleading conduct. DoorDash further lacks sufficient knowledge and belief to form an opinion or belief as to the truth of the allegations in paragraph 60. Accordingly, to the extent a response is

required, and based in part on this lack of information and knowledge, DoorDash denies each and every remaining allegation in paragraph 60.

61.     The allegations in the second clause of the second sentence of paragraph 61 constitute conclusions of law to which no response is required. DoorDash admits that DashPass subscribers may pay a monthly fee, that DashPass subscribers pay a reduced Service Fee on eligible orders, and that while the Chicago Fee was in place, DashPass users were charged the Chicago Fee on certain orders. To the extent a further response is necessary, DoorDash denies each and every remaining allegation in paragraph 61.

62.     To the extent this paragraph refers to documents and/or statements, no response is required as the documents and/or statements speak for themselves. To the extent the allegations seek to paraphrase or characterize such statements or comments, DoorDash denies the allegations to the extent that they are inconsistent with or mischaracterize the statements or comments. To the extent a response is required, DoorDash lacks sufficient knowledge and belief to form an opinion or belief as to the truth of the allegations in paragraph 62. Accordingly, to the extent a response is required, and based in part on this lack of information and knowledge, DoorDash denies each and every remaining allegation in paragraph 62.

63.     To the extent this paragraph refers to documents, no response is required as the documents speak for themselves. To the extent the allegations seek to paraphrase or characterize such statements or comments, DoorDash denies the allegations to the extent that they are inconsistent with or mischaracterize the statements or comments. To the extent a response is required, DoorDash admits that consumers can view an itemization of all charges before they place an order. DoorDash further admits that it provided an explanation of the Chicago Fee during the checkout

flow via a tool tip on the checkout screen. DoorDash denies each and every remaining allegation contained in paragraph 63.

64.     The allegations in paragraph 64 constitute conclusions of law to which no response is required. To the extent that a further response is required, DoorDash admits that it provided an explanation of the Chicago Fee during the checkout flow via a tool tip on the checkout screen. DoorDash denies each and every remaining allegation contained in paragraph 64.

65.     The allegations in paragraph 65 constitute conclusions of law to which no response is required. To the extent that a further response is required, DoorDash denies that it engaged in any deceptive, unfair, or misleading conduct and that it intended for consumers to rely on any allegedly deceptive, unfair, or misleading statements. DoorDash further denies the allegation that certain information is material to consumers. DoorDash further lacks sufficient knowledge and belief to form an opinion or belief as to the truth of the allegations in paragraph 65. Accordingly, to the extent a response is required, and based in part on this lack of information and knowledge, DoorDash denies each and every remaining allegation in paragraph 65.

66.     The allegations in paragraph 66 constitute conclusions of law to which no response is required. To the extent this paragraph refers to documents, no response is required as the documents speak for themselves. To the extent that the allegations seek to paraphrase or characterize statements or comments by DoorDash, DoorDash denies the allegations to the extent they are inconsistent with or mischaracterize the statements or comments. DoorDash further denies that its presentation of the Chicago Fee was deceptive, unfair, or misleading and denies that it intended for consumers to rely on any allegedly deceptive, unfair, or misleading statements. DoorDash further denies that any of the alleged conduct is material to consumers. With regard to the allegations in the last sentence of paragraph 66, DoorDash lacks sufficient knowledge and

belief to form an opinion or belief as to the truth of the allegations. Accordingly, to the extent a response is required, and based in part on this lack of information and knowledge, DoorDash denies each and every allegation in the last sentence of paragraph 66.

67.     The allegations in paragraph 67 constitute conclusions of law to which no response is required. To the extent this paragraph refers to documents, no response is required as the documents speak for themselves. To the extent that the allegations seek to paraphrase or characterize statements or comments by DoorDash, DoorDash denies the allegations to the extent they are inconsistent with or mischaracterize the statements or comments. DoorDash admits that while the Chicago Fee was in effect, the Chicago Fee was charged on certain delivery orders placed on the DoorDash and Caviar platforms with Chicago restaurants. To the extent that a further response is required, DoorDash denies each and every remaining allegation in paragraph 67.

68.     The allegations in paragraph 68 constitute conclusions of law to which no response is required. To the extent that a further response is required, DoorDash denies that it engaged in any deceptive, unfair, or misleading conduct, that it intended for consumers to rely on any allegedly deceptive, unfair, or misleading statements, that the alleged conduct was material to consumers, and further denies each and every remaining allegation contained in paragraph 68.

69.     DoorDash admits that restaurants who use its platforms set their own prices on the platform and that those prices may vary from the prices the restaurant sets elsewhere. DoorDash denies that it has engaged in any deceptive, unfair, or misleading conduct. DoorDash further denies each and every remaining allegation in paragraph 69. With regard to the allegations in footnote 16, to the extent this paragraph refers to documents, no response is required as the documents speak for themselves. To the extent that the allegations seek to paraphrase or characterize statements or comments by DoorDash, DoorDash denies the allegations to the extent

they are inconsistent with or mischaracterize statements or comments by DoorDash. DoorDash admits that consumers may be able to order from some restaurants which do not have a contractual agreement with DoorDash on the DoorDash platform ("Unaffiliated Restaurants"), that the menu prices listed for such restaurants are based on information found online or from other resources, and that DoorDash's practice is to provide refunds to consumers if the price on its platform is higher than the price actually charged by the restaurant. DoorDash denies that it has engaged in any deceptive, unfair, or misleading conduct regarding its listings of Unaffiliated Restaurants. DoorDash further denies each and every remaining allegation in footnote 16.

70.     To the extent the allegations in paragraph 70 refer to documents, no response is required as the documents speak for themselves. To the extent that the allegations seek to paraphrase or characterize statements or comments by DoorDash or other third-parties, DoorDash denies the allegations to the extent that they are inconsistent with or mischaracterize such statements or comments. With regard to the remaining allegations or assertions in paragraph 70, because DoorDash does not know the details regarding when the City purportedly accessed this page on DoorDash's website or accessed information from Pizza Metro's menu, DoorDash lacks sufficient information or knowledge to form an opinion or belief as to the truth of the remaining allegations in paragraph 70. Accordingly, in part based on this lack of information and knowledge, DoorDash denies each and every remaining allegation in paragraph 70.

71.     To the extent the allegations in paragraph 71 refer to documents, no response is required as the documents speak for themselves. To the extent that the allegations seek to paraphrase or characterize statements or comments by DoorDash or other third-parties, DoorDash denies the allegations to the extent that they are inconsistent with or mischaracterize such statements or comments. With regard to the remaining allegations or assertions in paragraph 71, because

DoorDash does not know the details regarding when the City purportedly accessed these pages on DoorDash's website or Captain Hooks's website, DoorDash lacks sufficient information or knowledge to form an opinion or belief as to the truth of the remaining allegations in paragraph 71. Accordingly, in part based on this lack of information and knowledge, DoorDash denies each and every remaining allegation in paragraph 71.

72.     Paragraph 72 contains conclusions of law to which no response is required.  To the extent a response is required, DoorDash admits that the Service Fee is charged in an amount based on the order subtotal and that the price of food items are remitted to restaurants.  DoorDash denies that it has engaged in any deceptive, unfair, or misleading conduct.  DoorDash further denies each and every remaining allegation in paragraph 72.

73.     Paragraph 73 contains conclusions of law to which no response is required.  To the extent a response is required, because DoorDash does not know how or when the City conducted its investigation, DoorDash lacks sufficient information or knowledge to form an opinion or belief as to the truth of the allegations in paragraph 73.   Accordingly, in part based on this lack of information and knowledge, DoorDash denies it has engaged in any deceptive, unfair, or misleading conduct, and further denies each and every allegation in paragraph 73.

74.     Paragraph 74 contains conclusions of law to which no response is required.  To the extent a response is required, DoorDash admits that restaurants with which DoorDash has a contractual agreement to access the platform ("Affiliated Restaurants") set their own prices on their store pages and that those prices may vary from the prices those restaurants offer elsewhere.  DoorDash further admits that the full amount of the price of the food items ordered by a consumer is remitted to the restaurant.  DoorDash further admits that its Service Fee is charged in an amount determined based

on the order subtotal. DoorDash denies it has engaged in any deceptive, unfair, or misleading conduct, and denies each and every remaining allegation in paragraph 74.

75. DoorDash admits that it typically charges restaurants a per order commission for the use of its platform. DoorDash otherwise denies the characterization of its commissions and fees in paragraph 75. DoorDash also lacks sufficient knowledge and belief to form an opinion or belief as to the truth of the remaining allegations in paragraph 75. Accordingly, to the extent a response is required, and based in part on this lack of information and knowledge, DoorDash denies each and every remaining allegation in paragraph 75.

76. DoorDash denies that it does not disclose the fact that prices may vary on the DoorDash platform from prices that may be available elsewhere, and thus likewise denies the existence of "invisible markups." DoorDash further denies each and every remaining allegation in paragraph 76.

77. The allegations in paragraph 77 constitute conclusions of law to which no response is required. To the extent a response is required, DoorDash denies that it has engaged in any deceptive, unfair, or misleading conduct. To the extent the allegations in paragraph 77 refer to documents, no response is required as the documents speak for themselves. To the extent that the allegations seek to paraphrase or characterize statements or comments by DoorDash or other third-parties, DoorDash denies the allegations to the extent that they are inconsistent with or mischaracterize such statements or comments. DoorDash denies the allegations that certain information is material to consumers. DoorDash lacks sufficient knowledge and belief to form an opinion or belief as to the truth of the remaining allegations in paragraph 77. Accordingly, to the extent a response is required, and based in part on this lack of information and knowledge, DoorDash denies each and every remaining allegation in paragraph 77.

78.     Certain allegations in paragraph 78 constitute conclusions of law to which no response is required.  To the extent the allegations in paragraph 78 refer to documents, no response is required as the documents speak for themselves.  To the extent that the allegations in paragraph 78 seek to paraphrase or characterize statements or comments by DoorDash, DoorDash denies the allegations to the extent that they are inconsistent with or mischaracterize such statements or comments.  To the extent a further response is required, DoorDash further denies each and every remaining allegation in paragraph 78.

79.     Paragraph 79 contains conclusions of law to which no response is required.  To the extent a response is required, DoorDash admits it discloses the fact that Affiliated Restaurants set their own prices on the platform and that those prices may vary from the prices those restaurants offer elsewhere.  DoorDash denies each and every remaining allegation in paragraph 79.

80.     Paragraph 80 contains conclusions of law to which no response is required.  To the extent the allegations in paragraph 80 refer to documents, no response is required as the documents speak for themselves.  To the extent that the allegations in paragraph 80 seek to paraphrase or characterize statements or comments by DoorDash, DoorDash denies the allegations to the extent that they are inconsistent with or mischaracterize such statements or comments.  DoorDash admits that prices on its platforms are set directly by Affiliated Restaurants and that it discloses that fact to consumers.  DoorDash further admits that the statement "Prices on this menu are set directly by the Merchant" appears on restaurant pages.  DoorDash denies that it engaged in any deceptive, unfair, or misleading conduct, any characterizations, and further denies each and every remaining allegation in paragraph 80.

81.     DoorDash denies the allegations in paragraph 81.

82.    To the extent the allegations in paragraph 82 refer to documents, no response is required as the documents speak for themselves.  To the extent that the allegations in paragraph 82 seek to paraphrase or characterize statements or comments by DoorDash, DoorDash denies the allegations to the extent that they are inconsistent with or mischaracterize such statements or comments. DoorDash admits on an FAQ page titled "Estimated Menu Prices," it states "For the majority of stores on DoorDash, menu prices are set directly by the merchant.  These prices may vary from in-store prices or online prices."   DoorDash admits this FAQ page can be accessed from doordash.com with just a few clicks.  With regard to the allegations in footnote 17, DoorDash admits that the customer support page to which the City refers also discusses how prices for Unaffiliated Restaurants are determined.  DoorDash denies that it has engaged in any deceptive, unfair, or misleading conduct. DoorDash further denies each and every remaining allegation in paragraph 82 and footnote 17.

83.    To the extent the allegations in paragraph 83 refer to documents, no response is required as the documents speak for themselves.  To the extent that the allegations in paragraph 83 seek to paraphrase or characterize statements or comments by DoorDash, DoorDash denies the allegations to the extent that they are inconsistent with or mischaracterize such statements or comments. DoorDash admits that on an FAQ page titled "Why are the menu prices different on Caviar?" it states, "Menu prices are set at the discretion of restaurant management.  Some restaurant partners may include fees on each order from their restaurant.  These fees may include restaurant staff fees, bag fees, related restaurant fees, as well as fees designated by their local or state authorities." DoorDash admits this FAQ page can be accessed from caviar.com with just a few clicks. DoorDash denies that it has engaged in any deceptive, unfair, or misleading conduct.  DoorDash further denies each and every remaining allegation in paragraph 83.

84.     To the extent the allegations in paragraph 84 refer to documents, no response is required as the documents speak for themselves. To the extent that the allegations in paragraph 84 seek to paraphrase or characterize statements or comments by DoorDash, DoorDash denies the allegations to the extent that they are inconsistent with or mischaracterize such statements or comments. To the extent a further response is required, DoorDash denies that it has engaged in any deceptive, unfair, or misleading conduct, and further denies each and every remaining allegation in paragraph 84.

85.     To the extent the allegations in paragraph 85 refer to documents, no response is required as the documents speak for themselves. To the extent that the allegations in paragraph 85 seek to paraphrase or characterize statements or comments by DoorDash, DoorDash denies the allegations to the extent that they are inconsistent with or mischaracterize such statements or comments. To the extent a further response is required, DoorDash admits that its current Terms and Conditions ("T&C") disclose to consumers that menu prices are set by the merchant, that those prices may vary from prices offered elsewhere, and that the prices on the platforms may not be the lowest price available. DoorDash further admits that its T&C are available via hyperlink on its website, as well as available to consumers via hyperlink when they sign up for a DoorDash or Caviar account. DoorDash denies each and every remaining allegation in paragraph 85. With regard to the allegations in footnote 18, to the extent such allegations refer to documents, no response is required as the documents speak for themselves. To the extent that the allegations in footnote 18 seek to paraphrase or characterize statements or comments by DoorDash, DoorDash denies the allegations to the extent that they are inconsistent with or mischaracterize such statements or comments. To the extent a further response is required to footnote 18, DoorDash admits that the DoorDash T&C in effect prior to June 17, 2016 disclosed to consumers that "the pricing

information published on the website may not reflect the prevailing pricing." DoorDash denies each and every remaining allegation in footnote 18.

86.     To the extent the allegations in paragraph 86 refer to documents, no response is required as the documents speak for themselves. To the extent that the allegations in paragraph 86 seek to paraphrase or characterize statements or comments in such documents, DoorDash denies the allegations to the extent that they are inconsistent with or mischaracterize such statements or comments. To the extent a further response is required, DoorDash denies that it has engaged in any deceptive, unfair, or misleading conduct, and further denies each and every remaining allegation in paragraph 86.

87.     The allegations in paragraph 87 constitute conclusions of law to which no response is required. To the extent the allegations in paragraph 87 refer to documents, no response is required as the documents speak for themselves. To the extent that the allegations in paragraph 87 seek to paraphrase or characterize statements or comments in such documents, DoorDash denies the allegations to the extent that they are inconsistent with or mischaracterize such statements or comments. To the extent that a response is required, DoorDash denies that it has engaged in any deceptive, unfair, or misleading conduct, and further denies each and every remaining allegation in paragraph 87.

88.     DoorDash admits that certain restaurants set higher prices on the DoorDash platform than those restaurants charge elsewhere. Because DoorDash does not know how or when the City conducted its investigation or the details regarding when the City purportedly accessed certain pages on DoorDash's website or pages on other unnamed websites belonging to restaurants, DoorDash lacks sufficient knowledge and belief to form an opinion or belief as to the truth of the allegations in paragraph 88. Accordingly, to the extent a response is required, and based in part

on this lack of information and knowledge, DoorDash denies each and every allegation in paragraph 88.

89.     The allegations in paragraph 89 refer to documents such that no response is required as the documents speak for themselves.  To the extent that the allegations in paragraph 89 seek to paraphrase or characterize statements or comments in such documents, DoorDash denies the allegations to the extent that they are inconsistent with or mischaracterize such statements or comments.  Because DoorDash does not know the details regarding when the City purportedly accessed certain pages on Qdoba's website, DoorDash further lacks sufficient knowledge and belief to form an opinion or belief as to the truth of the allegations in paragraph 89.  Accordingly, to the extent a response is required, and based in part on this lack of information and knowledge, DoorDash denies each and every allegation in paragraph 89.

90.     The allegations in paragraph 90 refer to documents such that no response is required as the documents speak for themselves.  To the extent that the allegations in paragraph 90 seek to paraphrase or characterize statements or comments in such documents, DoorDash denies the allegations to the extent that they are inconsistent with or mischaracterize such statements or comments.  Because DoorDash does not know the details regarding when the City purportedly accessed certain pages on DoorDash's website, DoorDash further lacks sufficient knowledge and belief to form an opinion or belief as to the truth of the allegations in paragraph 90.  Accordingly, to the extent a response is required, and based in part on this lack of information and knowledge, DoorDash denies each and every allegation in paragraph 90.

91.     The allegations in paragraph 91 refer to documents such that no response is required as the documents speak for themselves.  To the extent that the allegations in paragraph 91 seek to paraphrase or characterize statements or comments in such documents, DoorDash denies the

allegations to the extent that they are inconsistent with or mischaracterize such statements or comments. Because DoorDash does not know the details regarding when the City purportedly accessed certain pages on Flat Top Grill's website, DoorDash further lacks sufficient knowledge and belief to form an opinion or belief as to the truth of the allegations in paragraph 91. Accordingly, to the extent a response is required, and based in part on this lack of information and knowledge, DoorDash denies each and every allegation in paragraph 91.

92.     The allegations in paragraph 92 refer to documents such that no response is required as the documents speak for themselves. To the extent that the allegations in paragraph 92 seek to paraphrase or characterize statements or comments in such documents, DoorDash denies the allegations to the extent that they are inconsistent with or mischaracterize such statements or comments. Because DoorDash does not know the details regarding when the City purportedly accessed certain pages on Caviar's website, DoorDash further lacks sufficient knowledge and belief to form an opinion or belief as to the truth of the allegations in paragraph 92. Accordingly, to the extent a response is required, and based in part on this lack of information and knowledge, DoorDash denies each and every allegation in paragraph 92.

93.     To the extent the allegations in paragraph 93 refer to documents, no response is required as the documents speak for themselves. To the extent that the allegations in paragraph 93 seek to paraphrase or characterize statements or comments in such documents, DoorDash denies the allegations to the extent that they are inconsistent with or mischaracterize such statements or comments. To the extent a response is required, DoorDash further admits that the full amount of the price of the food items ordered by a consumer is remitted to the restaurant. DoorDash further admits that the Service Fee is charged in an amount based on the order subtotal. DoorDash denies

that it has engaged in any deceptive, unfair, or misleading conduct. DoorDash further denies each and every remaining allegation in paragraph 93.

94.     DoorDash denies the allegations in paragraph 94.

95.     To the extent the allegations in paragraph 95 refer to documents, no response is required as the documents speak for themselves. To the extent that the allegations in paragraph 95 seek to paraphrase or characterize statements or comments in such documents, DoorDash denies the allegations to the extent that they are inconsistent with or mischaracterize such statements or comments. To the extent a further response is required, DoorDash admits that menu prices set by Unaffiliated Restaurants may vary from menu prices for the same items offered elsewhere. DoorDash further admits that it charges fees to consumers on certain orders placed on its platform. DoorDash further admits that the total charge to consumers for the use of its platform may or may not be greater than the price of ordering delivery elsewhere. Because DoorDash does not know the details regarding when the City purportedly accessed certain pages on DoorDash's website or the Goddess and the Baker's website, DoorDash lacks sufficient knowledge and belief to form an opinion or belief as to the truth of the remaining allegations in paragraph 95. Accordingly, to the extent a response is required, and based in part on this lack of information and knowledge, DoorDash denies each and every remaining allegation in paragraph 95.

96.     Paragraph 96 contains conclusions of law to which no response is required. To the extent the allegations in paragraph 96 refer to documents, no response is required as the documents speak for themselves. To the extent that the allegations in paragraph 96 seek to paraphrase or characterize statements or comments in such documents, DoorDash denies the allegations to the extent that they are inconsistent with or mischaracterize such statements or comments. To the extent a further response is required, DoorDash admits that it occasionally offers certain

promotional discounts to consumers and that those promotional discounts may include terms that must be met to take advantage of the offer. DoorDash further admits that the terms of its promotional discounts sometimes include a minimum order amount. DoorDash denies that it has engaged in any deceptive, unfair, or misleading conduct, and further denies each and every remaining allegation in paragraph 96.

97.     The allegations in paragraph 97 refer to documents such that no response is required as the documents speak for themselves. To the extent that the allegations in paragraph 97 seek to paraphrase or characterize statements or comments in such documents, DoorDash denies the allegations to the extent that they are inconsistent with or mischaracterize such statements or comments. DoorDash admits that it sometimes displays a "Special Offers for You" carousel on its platform homepage. To the extent a further response is required, DoorDash denies each and every remaining allegation in paragraph 97.

98.     To the extent the allegations in paragraph 98 refer to documents, no response is required as the documents speak for themselves. To the extent that the allegations in paragraph 98 seek to paraphrase or characterize statements or comments in such documents, DoorDash denies the allegations to the extent that they are inconsistent with or mischaracterize such statements or comments. To the extent a further response is required, DoorDash admits that it occasionally offers promotional discounts for a set dollar amount or a set percentage. DoorDash denies each and every remaining allegation in paragraph 98.

99.     The allegations in paragraph 99 refer to documents such that no response is required as the documents speak for themselves. To the extent that the allegations in paragraph 99 seek to paraphrase or characterize statements or comments in such documents, DoorDash denies the allegations to the extent that they are inconsistent with or mischaracterize such statements or

comments. To the extent a further response is required, because DoorDash does not know the details regarding when the City purportedly accessed certain pages on DoorDash's website, DoorDash further lacks sufficient knowledge and belief to form an opinion or belief as to the truth of the allegations in paragraph 99. Accordingly, to the extent a response is required, and based in part on this lack of information and knowledge, DoorDash denies each and every allegation in paragraph 99.

100. DoorDash admits that when a consumer does not meet the required terms of a promotional offer, the promotional offer cannot be applied to the consumer's order. To the extent the allegations in paragraph 100 refer to documents, no response is required as the documents speak for themselves. To the extent that the allegations in paragraph 100 seek to paraphrase or characterize statements or comments in such documents, DoorDash denies the allegations to the extent that they are inconsistent with or mischaracterize such statements or comments. Because DoorDash does not know the details regarding when the City purportedly accessed certain pages on DoorDash's website, DoorDash lacks sufficient knowledge and belief to form an opinion or belief as to the truth of the remaining allegations in paragraph 100. Accordingly, to the extent a further response is required and based in part on this lack of information and knowledge, DoorDash denies each and every remaining allegation in paragraph 100.

101. DoorDash admits that a consumer may access the terms of a particular promotional offer, including any minimum order requirement, by clicking "Add Promo Code" on the checkout screen. DoorDash further admits that a promotional offer may automatically apply to eligible orders. DoorDash denies each and every remaining allegation in paragraph 101.

102. To the extent the allegations in paragraph 102 refer to documents, no response is required as the documents speak for themselves. To the extent that the allegations in paragraph 102 seek

35

to paraphrase or characterize statements or comments in such documents, DoorDash denies the allegations to the extent that they are inconsistent with or mischaracterize such statements or comments. Because DoorDash does not know the details regarding when the City purportedly accessed certain pages on DoorDash's website, DoorDash lacks sufficient knowledge and belief to form an opinion or belief as to the truth of the remaining allegations in paragraph 102. Accordingly, to the extent a further response is required, and based in part on this lack of information and knowledge, DoorDash denies each and every remaining allegation in paragraph 102.

103. To the extent the allegations in paragraph 103 refer to documents, no response is required as the documents speak for themselves. To the extent that the allegations in paragraph 103 seek to paraphrase or characterize statements or comments in such documents, DoorDash denies the allegations to the extent that they are inconsistent with or mischaracterize such statements or comments. To the extent a further response is required, DoorDash admits that if a consumer does not meet the terms of a promotional offer, that consumer may not use the promotional offer. DoorDash further admits that if a consumer tries to use a promotional order for which their order is ineligible, they will see a pop-up notifying them of such before checkout. Because DoorDash does not know the details regarding when the City purportedly accessed certain pages on DoorDash's website, DoorDash lacks sufficient knowledge and belief to form an opinion or belief as to the truth of the remaining allegations in paragraph 103. Accordingly, to the extent a further response is required, and based in part on this lack of information and knowledge, DoorDash denies each and every remaining allegation in paragraph 103.

104. Paragraph 104 contains conclusions of law to which no response is required. To the extent a response is required and to the extent the allegations in paragraph 104 refer to documents, no

response is required as the documents speak for themselves. To the extent that the allegations in paragraph 104 seek to paraphrase or characterize statements or comments in such documents, DoorDash denies the allegations to the extent that they are inconsistent with or mischaracterize such statements or comments. DoorDash further denies that it has engaged in deceptive, unfair, or misleading conduct. Because DoorDash does not know the details regarding when the City purportedly accessed certain pages on DoorDash's website, DoorDash further lacks sufficient knowledge and belief to form an opinion or belief as to the truth of the remaining allegations in paragraph 104. Accordingly, to the extent a further response is required, and based in part on this lack of information and knowledge, DoorDash denies each and every remaining allegation in paragraph 104.

105.    To the extent the allegations in paragraph 105 refer to documents, no response is required as the documents speak for themselves. To the extent that the allegations in paragraph 105 seek to paraphrase or characterize statements or comments in such documents, DoorDash denies the allegations to the extent that they are inconsistent with or mischaracterize such statements or comments. Because DoorDash does not know the details regarding when the City purportedly accessed certain pages on DoorDash's website, DoorDash further lacks sufficient knowledge and belief to form an opinion or belief as to the truth of the remaining allegations in paragraph 105. Accordingly, to the extent a further response is required, and based in part on this lack of information and knowledge, DoorDash denies each and every remaining allegation in paragraph 105.

106.    To the extent the allegations in paragraph 106 refer to documents, no response is required as the documents speak for themselves. To the extent that the allegations in paragraph 106 seek to paraphrase or characterize statements or comments in such documents, DoorDash denies the

allegations to the extent that they are inconsistent with or mischaracterize such statements or comments. Because DoorDash does not know the details regarding when the City purportedly accessed certain pages on DoorDash's website, DoorDash further lacks sufficient knowledge and belief to form an opinion or belief as to the truth of the remaining allegations in paragraph 106. Accordingly, to the extent a further response is required, and based in part on this lack of information and knowledge, DoorDash denies each and every remaining allegation in paragraph 106.

107.     To the extent the allegations in paragraph 107 refer to documents, no response is required as the documents speak for themselves. To the extent that the allegations in paragraph 107 seek to paraphrase or characterize statements or comments in such documents, DoorDash denies the allegations to the extent that they are inconsistent with or mischaracterize such statements or comments. DoorDash admits that by clicking "Add Promo Code," a consumer may see the terms of a particular promotional discount. DoorDash further admits that a promotional offer may automatically apply to eligible orders. Because DoorDash does not know the details regarding when the City purportedly accessed certain pages on DoorDash's website, DoorDash further lacks sufficient knowledge and belief to form an opinion or belief as to the truth of the remaining allegations in paragraph 107. Accordingly, to the extent a further response is required, and based in part on this lack of information and knowledge, DoorDash denies each and every remaining allegation in paragraph 107.

108.     Paragraph 108 contains conclusions of law to which no response is required. To the extent a response is required and to the extent the allegations in paragraph 108 refer to documents, no response is required as the documents speak for themselves. To the extent that the allegations in paragraph 108 seek to paraphrase or characterize statements or comments in such documents,

DoorDash denies the allegations to the extent that they are inconsistent with or mischaracterize such statements or comments. DoorDash denies that it engaged in any deceptive, unfair, or misleading conduct. Because DoorDash does not know the details regarding when the City purportedly accessed certain pages on DoorDash's website, DoorDash further lacks sufficient knowledge and belief to form an opinion or belief as to the truth of the remaining allegations in paragraph 108. Accordingly, to the extent a further response is required, and based in part on this lack of information and knowledge, DoorDash denies each and every remaining allegation in paragraph 108.

109. Certain allegations in paragraph 109 contain conclusions of law to which no response is required. To the extent a response is required, DoorDash admits that for certain merchant-run promotions, merchants may cover the cost of the discount provided to the consumer and pay a $0.99 marketing fee to DoorDash for each order to which a promotion is applied. DoorDash further admits that the application of a promotional discount typically does not impact the application or amount of the Service Fee. DoorDash denies that it engages in any deceptive, unfair, or misleading conduct and denies that it intends for consumers to rely on any allegedly deceptive, unfair, or misleading conduct, and DoorDash further denies each and every remaining allegation in paragraph 109.

110. Paragraph 110 contains conclusions of law to which no response is required. To the extent a response is required, DoorDash denies that it has engaged in any deceptive, unfair, or misleading conduct. With regard to the remaining allegations in paragraph 110, DoorDash denies the allegation that certain information is material to consumers. DoorDash lacks sufficient information or knowledge to form an opinion or belief as to their truth. Accordingly, in part based

on this lack of information and knowledge, DoorDash denies each and every remaining allegation in paragraph 110.

111.     To the extent the allegations in paragraph 111 refer to documents, no response is required as the documents speak for themselves.  To the extent that the allegations in paragraph 111 seek to paraphrase or characterize statements or comments in such documents, DoorDash denies the allegations to the extent that they are inconsistent with or mischaracterize such statements or comments.  To the extent that a response is required, DoorDash denies that it has engaged in any deceptive, unfair, or misleading conduct, and further denies each and every remaining allegation in paragraph 111.

112.     DoorDash admits that its platform became active in Chicago in 2014.  DoorDash further admits that at certain times, consumers have been able to place delivery orders with restaurants with which DoorDash does not have a contractual relationship.  DoorDash denies that it has added any new Unaffiliated Restaurant listings on its Platform since November 2020 and denies that it has engaged in any deceptive, misleading, or unfair conduct.  With regard to the remaining allegations or assertions in paragraph 112, DoorDash lacks sufficient information or knowledge to form an opinion or belief as to their truth.  Accordingly, in part based on this lack of information and knowledge, DoorDash denies each and every remaining allegation in paragraph 112.

113.     Certain allegations in paragraph 113 constitute conclusions of law to which no response is required.  To the extent a response is required, DoorDash admits that its practice is to provide refunds to consumers who place orders from Unaffiliated Restaurants when the price listed on the DoorDash website is higher than the price actually charged by the restaurant.  DoorDash denies that it has engaged in any deceptive, misleading, or unfair conduct and the allegation that certain

information is material to consumers. DoorDash further denies each and every remaining allegation in paragraph 113.

114.    DoorDash denies that it has engaged in any deceptive, misleading, or unfair conduct. DoorDash further denies each and every remaining allegation in paragraph 114.

115.    DoorDash admits that it increases the options available to consumers using its platform by allowing consumers to place orders from Unaffiliated Restaurants. DoorDash denies each and every remaining allegation in paragraph 115. With regard to the allegations in footnote 21, DoorDash admits that the content of its platform is not static. DoorDash further admits that it has had a policy of disclosing and continues to disclose to consumers that certain restaurants are unaffiliated with DoorDash by prominently disclosing such on Unaffiliated Restaurant store pages starting in September 2020. DoorDash denies each and every remaining allegation in footnote 21.

116.    DoorDash admits that consumers may be able to place orders from Unaffiliated Restaurants on its platform. DoorDash further admits that Internet search results may provide consumers with a link to a DoorDash page listing an Unaffiliated Restaurant. DoorDash denies that it has engaged in any deceptive, misleading, or unfair conduct. With regard to the remaining allegations or assertions in paragraph 116, DoorDash lacks sufficient information or knowledge to form an opinion or belief as to their truth. Accordingly, in part based on this lack of information and knowledge, DoorDash denies each and every remaining allegation in paragraph 116.

117.    DoorDash admits that information for Unaffiliated Restaurant listings was gathered from multiple sources, including public online sources. DoorDash denies each and every remaining allegation in paragraph 117.

118.     Paragraph 118 contains conclusions of law to which no response is required.  To the extent a response is required, DoorDash denies that it has engaged in any deceptive, unfair, or misleading conduct.  DoorDash further denies each and every remaining allegation in paragraph 118.

119.     DoorDash admits that starting in September 2020, it has had a practice of including a statement on Unaffiliated Restaurant store pages notifying consumers that the restaurant and DoorDash are unaffiliated.  DoorDash denies each and every remaining allegation in paragraph 119.

120.     The allegations in paragraph 120 constitute conclusions of law to which no response is required.  To the extent a response is required, DoorDash denies that it has engaged in any deceptive, misleading, or unfair conduct.  DoorDash further denies each and every remaining allegation in paragraph 120.

121.     DoorDash denies each and every remaining allegation in paragraph 121.

122.     To the extent the allegations in paragraph 122 refer to documents, no response is required as the documents speak for themselves.  To the extent that the allegations in paragraph 122 seek to paraphrase or characterize statements or comments in such documents, DoorDash denies the allegations to the extent that they are inconsistent with or mischaracterize such statements or comments.  Because DoorDash does not know how or when the City conducted its investigation or the details regarding when the City purportedly accessed this Google business profile page, DoorDash lacks sufficient information or knowledge to form an opinion or belief as to the truth of the remaining allegations in paragraph 122.  Accordingly, in part based on this lack of information and knowledge, DoorDash denies each and every remaining allegation in paragraph 122.

123.     The allegations in Paragraph 123 contain conclusions of law to which no response is required.  To the extent the allegations in paragraph 123 refer to documents, no response is required

as the documents speak for themselves. To the extent that the allegations in paragraph 123 seek to paraphrase or characterize statements or comments in such documents, DoorDash denies the allegations to the extent that they are inconsistent with or mischaracterize such statements or comments. Because DoorDash does not know how or when the City conducted its investigation or the details regarding when the City purportedly accessed this Google business profile page, DoorDash lacks sufficient information or knowledge to form an opinion or belief as to the truth of the remaining allegations in paragraph 123. Accordingly, in part based on this lack of information and knowledge, DoorDash denies each and every remaining allegation in paragraph 123.

124.     Certain allegations in paragraph 124 contain conclusions of law to which no response is required. DoorDash denies that it has engaged in any deceptive, misleading, or unfair conduct. With regard to the remaining allegations in paragraph 124, DoorDash lacks sufficient information or knowledge to form an opinion or belief as to their truth. Accordingly, in part based on this lack of information and knowledge, DoorDash denies each and every remaining allegation in paragraph 124.

125.     The allegations in paragraph 125 are conclusions of law to which no response is required. To the extent a response is required, DoorDash admits that consumers have options when determining whether and how to order food for delivery. DoorDash denies that it has engaged in any deceptive, misleading, or unfair conduct and that the alleged conduct is material to consumers. With regard to the remaining allegations in paragraph 125, DoorDash lacks sufficient information or knowledge to form an opinion or belief as to their truth. Accordingly, in part based on this lack of information and knowledge, DoorDash denies each and every remaining allegation in paragraph 125.

126.    In part because the City's allegations do not include sufficient information regarding the alleged "test orders," DoorDash lacks sufficient information or knowledge to form an opinion or belief as to the truth of the allegations in paragraph 126.  Accordingly, in part based on this lack of information and knowledge, DoorDash denies each and every allegation in paragraph 126.

127.    To the extent the allegations in paragraph 127 refer to documents, no response is required as the documents speak for themselves.  To the extent that the allegations in paragraph 127 seek to paraphrase or characterize statements or comments in such documents, DoorDash denies the allegations to the extent that they are inconsistent with or mischaracterize such statements or comments.  DoorDash denies that it has engaged in any deceptive, misleading, or unfair conduct.  DoorDash further denies that any change in practice was an acknowledgement that any prior conduct was deceptive, misleading, or unfair.  DoorDash further denies each and every remaining allegation in paragraph 127.

128.    Paragraph 128 contains conclusions of law to which no response is required.  To the extent the allegations in paragraph 128 refer to documents, no response is required as the documents speak for themselves.  To the extent that the allegations in paragraph 128 seek to paraphrase or characterize statements or comments in such documents, DoorDash denies the allegations to the extent that they are inconsistent with or mischaracterize such statements or comments.  DoorDash admits that starting in September 2020, on certain restaurant pages it has provided and continues to provide consumers with a notification that the restaurant is unaffiliated with DoorDash.  DoorDash further admits that consumers may be able to place orders from Unaffiliated Restaurants on its platform.  DoorDash denies that it has engaged in any deceptive, misleading, or unfair conduct.  DoorDash further denies each and every remaining allegation in paragraph 128.

129.     To the extent the allegations in paragraph 129 refer to documents, no response is required as the documents speak for themselves.  To the extent that the allegations in paragraph 129 seek to paraphrase or characterize statements or comments in such documents, DoorDash denies the allegations to the extent that they are inconsistent with or mischaracterize such statements or comments.  Because DoorDash does not know how or when the City conducted its investigation or the details regarding when the City purportedly accessed these pages on DoorDash's website, DoorDash lacks sufficient information or knowledge to form an opinion or belief as to the truth of the remaining allegations in paragraph 129.  Accordingly, in part based on this lack of information and knowledge, DoorDash denies each and every remaining allegation in paragraph 129.

130.     Because DoorDash does not know how or when the City conducted its investigation, the details regarding what pages the City accessed, or when and how the City purportedly accessed those pages on DoorDash's website, DoorDash lacks sufficient information or knowledge to form an opinion or belief as to the truth of the allegations in paragraph 130.  Accordingly, in part based on this lack of information and knowledge, DoorDash denies each and every allegation in paragraph 130.

131.     To the extent the allegations in paragraph 131 refer to documents, no response is required as the documents speak for themselves.  To the extent that the allegations in paragraph 131 seek to paraphrase or characterize statements or comments in such documents, DoorDash denies the allegations to the extent that they are inconsistent with or mischaracterize such statements or comments.  Because DoorDash does not know how or when the City conducted its investigation or the details regarding how the City purportedly accessed these pages on DoorDash's website, DoorDash lacks sufficient information or knowledge to form an opinion or belief as to the truth of

the remaining allegations in paragraph 131. Accordingly, in part based on this lack of information and knowledge, DoorDash denies each and every remaining allegation in paragraph 131.

132. Certain allegations in paragraph 132 contain conclusions of law to which no response is required. To the extent a response is required, DoorDash admits consumers may be able to place orders from Unaffiliated Restaurants on its platform. DoorDash further admits that on certain restaurant pages, it provides consumers with a notification that the restaurant is unaffiliated with DoorDash. DoorDash admits that consumers have options when deciding whether and how to place an order for food delivery. DoorDash denies that it has engaged in any deceptive, misleading, or unfair conduct, and denies that any of the alleged conduct is material to consumers. To the extent the allegations in paragraph 132 refer to documents, no response is required as the documents speak for themselves. To the extent that the allegations in paragraph 132 seek to paraphrase or characterize statements or comments in such documents, DoorDash denies the allegations to the extent that they are inconsistent with or mischaracterize such statements or comments. DoorDash lacks sufficient information or knowledge to form an opinion or belief as to the truth of the remaining allegations in paragraph 132. Accordingly, in part based on this lack of information and knowledge, DoorDash denies each and every remaining allegation in paragraph 132.

133. DoorDash admits that information for Unaffiliated Restaurant listings was gathered from multiple sources, including public online sources. DoorDash admits that it does not describe to consumers how it gathers information for Unaffiliated Restaurant listings. DoorDash further admits that its practice is to provide refunds to consumers when the price listed on the DoorDash platform is greater than the price actually paid at the restaurant. DoorDash denies each and every remaining allegation in paragraph 133.

134.    DoorDash admits that its practice is to provide refunds to consumers when the price listed on the DoorDash platform is greater than the price actually paid at the restaurant.  Because DoorDash does not know all the details of the City's purported investigation and access of these pages on DoorDash's website, DoorDash lacks sufficient information or knowledge to form an opinion or belief as to the truth of the allegations in paragraph 134.  Accordingly, in part based on this lack of information and knowledge, DoorDash denies each and every allegation in paragraph 134.

135.    To the extent the allegations in paragraph 135 refer to documents, no response is required as the documents speak for themselves.  To the extent that the allegations in paragraph 135 seek to paraphrase or characterize statements or comments in such documents, DoorDash denies the allegations to the extent that they are inconsistent with or mischaracterize such statements or comments.  To the extent a further response is required, DoorDash admits that its practice is to provide refunds to consumers when the price listed on the DoorDash platform is greater than the price actually paid at the restaurant.  DoorDash denies each and every remaining allegations in paragraph 135.

136.    DoorDash admits that its practice is to provide refunds to consumers when the price listed on the DoorDash platform is greater than the price actually paid at the restaurant.  DoorDash admits that it maintains disclosures and FAQ pages that explain its practices to consumers.  The allegations in paragraph 136 further refer to documents such that no response is required as the documents speak for themselves.  To the extent that the allegations in paragraph 136 seek to paraphrase or characterize statements or comments in such documents, DoorDash denies the allegations to the extent that they are inconsistent with or mischaracterize such statements or

comments. To the extent a further response is required, DoorDash denies each and every remaining allegation in paragraph 136.

137. Paragraph 137 contains conclusions of law to which no response is required. To the extent a response is required, DoorDash admits that its practice is to provide refunds to consumers when the price listed on the DoorDash platform is greater than the price actually paid at the restaurant. DoorDash denies that it has engaged in any misleading, deceptive, or unfair conduct. DoorDash further denies that the alleged conduct is material to consumers. DoorDash lacks sufficient information or knowledge to form an opinion or belief as to the truth of the remaining allegations in paragraph 137. Accordingly, in part based on this lack of information and knowledge, DoorDash denies each and every remaining allegation in paragraph 137.

138. Paragraph 138 contains conclusions of law to which no response is required. To the extent a response is required, DoorDash denies that it engaged in any misleading, deceptive, or unfair conduct. The allegations in paragraph 138 further refer to documents such that no response is required as the documents speak for themselves. To the extent that the allegations in paragraph 138 seek to paraphrase or characterize statements or comments in such documents, DoorDash denies the allegations to the extent that they are inconsistent with or mischaracterize such statements or comments. Because the City fails to identify the specific orders for which it purportedly received insufficient refunds, DoorDash lacks sufficient information or knowledge to form an opinion or belief as to the truth of the allegations in paragraph 138. Accordingly, in part based on this lack of information and knowledge, DoorDash denies each and every allegation in paragraph 138.

139. Paragraph 139 contains conclusions of law to which no response is required. To the extent a response is required, DoorDash denies that it has engaged in any deceptive, misleading, or unfair

conduct. To the extent the allegations in paragraph 139 refer to documents, no response is required as the documents speak for themselves. To the extent that the allegations in paragraph 139 seek to paraphrase or characterize statements or comments in such documents, DoorDash denies the allegations to the extent that they are inconsistent with or mischaracterize such statements or comments. DoorDash denies the characterization of the relationship between DoorDash and the independent-contractor delivery providers who use its app. DoorDash further denies that it exercises control over or has any right to exercise control over independent-contractor delivery providers who perform deliveries from the DoorDash platform. DoorDash further denies each and every remaining allegation in paragraph 139.

140.     Paragraph 140 contains conclusions of law to which no response is required. To the extent a response is required, DoorDash denies that it does not disclose to consumers that certain information on an Unaffiliated Restaurant's DoorDash listing is estimated. DoorDash further denies each and every remaining allegation in paragraph 140.

141.     DoorDash denies that information for Unaffiliated Restaurants was not sourced from the restaurants themselves. DoorDash denies each and every remaining allegation in paragraph 141.

142.     The allegations in paragraph 142 constitute conclusions of law to which no response is required. To the extent a response is required, DoorDash admits that information for Unaffiliated Restaurant listings was gathered from multiple sources, including public online sources. DoorDash denies that it has engaged in any deceptive, misleading, or unfair conduct. DoorDash further denies each and every remaining allegation in paragraph 142.

143.     Certain allegations in paragraph 143 contain conclusions of law to which no response is required. To the extent a response is required, DoorDash admits that information for Unaffiliated Restaurant listings was gathered from multiple sources, including public online sources.

DoorDash further admits that consumers have options when deciding whether and how to place an order for food delivery. DoorDash denies that it has engaged in any misleading, deceptive, or unfair conduct. DoorDash also denies that it intends for consumers to rely on allegedly misleading, deceptive, or unfair conduct and the allegation that certain information is material to consumers. DoorDash lacks sufficient information or knowledge to form an opinion or belief as to the truth of the remaining allegations in paragraph 143. Accordingly, in part based on this lack of information and knowledge, DoorDash denies each and every remaining allegation in paragraph 143.

144.     DoorDash denies that it has engaged in any misleading, deceptive, or unfair conduct. To the extent the allegations in paragraph 144 refer to documents, no response is required as the documents speak for themselves. To the extent that the allegations in paragraph 144 seek to paraphrase or characterize statements or comments in such documents, DoorDash denies the allegations to the extent that they are inconsistent with or mischaracterize such statements or comments. Because DoorDash does not know how or when the City conducted its investigation, which restaurants it investigated, or the details regarding when and how the City purportedly accessed these listings on DoorDash's platform or each restaurant's website, DoorDash lacks sufficient information or knowledge to form an opinion or belief as to the truth of the allegations in paragraph 144. Accordingly, in part based on this lack of information and knowledge, DoorDash denies each and every allegation in paragraph 144.

145.     The allegations in paragraph 145 refer to documents such that no response is required as the documents speak for themselves. To the extent that the allegations in paragraph 145 seek to paraphrase or characterize statements or comments in such documents, DoorDash denies the allegations to the extent that they are inconsistent with or mischaracterize such statements or comments. DoorDash denies that it has engaged in any misleading, deceptive, or unfair conduct.

50

DoorDash lacks sufficient information or knowledge to form an opinion or belief as to the truth of the allegations in paragraph 145. Accordingly, in part based on this lack of information and knowledge, DoorDash denies each and every allegation in paragraph 145.

146. The allegations in paragraph 146 refer to documents such that no response is required as the documents speak for themselves. To the extent that the allegations in paragraph 146 seek to paraphrase or characterize statements or comments in such documents, DoorDash denies the allegations to the extent that they are inconsistent with or mischaracterize such statements or comments. DoorDash denies that it has engaged in any misleading, deceptive, or unfair conduct, and denies that any of the alleged conduct is material to consumers. Because DoorDash does not know how or when the City conducted its investigation or the details regarding what pages the City accessed, when and how the City purportedly accessed those pages on DoorDash's website, DoorDash lacks sufficient information or knowledge to form an opinion or belief as to the truth of the remaining allegations in paragraph 146. Accordingly, in part based on this lack of information and knowledge, DoorDash denies each and every remaining allegation in paragraph 146.

147. Paragraph 147 contains conclusions of law to which no response is necessary. To the extent a response is required, DoorDash denies that it has engaged in any deceptive, misleading, or unfair conduct. To the extent the allegations in paragraph 147 refer to documents, no response is required as the documents speak for themselves. To the extent that the allegations in paragraph 147 seek to paraphrase or characterize statements or comments in such documents, DoorDash denies the allegations to the extent that they are inconsistent with or mischaracterize such statements or comments. Because the City does not provide sufficient detail regarding this alleged order, DoorDash lacks sufficient information or knowledge to form an opinion or belief as to the truth of the remaining allegations in paragraph 147. Accordingly, in part based on this lack of

information and knowledge, DoorDash denies each and every remaining allegation in paragraph 147.

148.    The allegations in paragraph 148 are conclusions of law to which no response is required. To the extent a response is required, DoorDash denies that it has engaged in any deceptive, misleading, or unfair conduct. DoorDash lacks sufficient information or knowledge to form an opinion or belief as to the truth of the remaining allegations in paragraph 148. Accordingly, in part based on this lack of information and knowledge, DoorDash denies each and every remaining allegation in paragraph 148.

149.    DoorDash admits that information for Unaffiliated Restaurant listings was gathered from multiple sources, including public online sources. DoorDash further admits that its Unaffiliated Restaurant listings include information regarding the restaurant, including the restaurant's name, menu categories, menu items, address, and operating hours. DoorDash denies each and every remaining allegation in paragraph 149.

150.    Paragraph 150 contains conclusions of law to which no response is necessary. To the extent a response is necessary, DoorDash admits that information for Unaffiliated Restaurant listings was gathered from multiple sources, including public online sources. DoorDash denies it has caused injury to Unaffiliated Restaurants. DoorDash denies that it has engaged in any misleading, deceptive, or unfair conduct. DoorDash lacks sufficient information or knowledge to form an opinion or belief as to the truth of the remaining allegations in paragraph 150. Accordingly, in part based on this lack of information and knowledge, DoorDash denies each and every allegation in paragraph 150.

151.    DoorDash admits that processing orders for Unaffiliated Restaurants differs from processing orders for Affiliated Restaurants. DoorDash further admits that it contracts with

Affiliated Restaurants to send online orders directly to the restaurant. DoorDash denies the characterization of the relationship between DoorDash and the independent-contractor delivery providers who use its app. DoorDash further denies that it exercises control over or has any right to exercise any control over how independent-contractor delivery providers perform deliveries from the DoorDash platform. Because DoorDash does not control how independent-contractor delivery providers perform their deliveries, DoorDash lacks sufficient information or knowledge to form an opinion or belief as to the truth of the remaining allegations in paragraph 151. Accordingly, in part based on this lack of information and knowledge, DoorDash denies each and every allegation in paragraph 151.

152.     To the extent the allegations in paragraph 152 refer to documents, no response is required as the documents speak for themselves. To the extent that the allegations in paragraph 152 seek to paraphrase or characterize statements or comments in such documents, DoorDash denies the allegations to the extent that they are inconsistent with or mischaracterize such statements or comments.   DoorDash denies that independent-contractor delivery providers "work for DoorDash." DoorDash further denies the characterization of the relationship between DoorDash and the independent-contractor delivery providers who use its app. DoorDash further denies that it exercises control over or has any right to exercise control over how independent-contractor delivery providers perform deliveries from the DoorDash platform. DoorDash denies that it has engaged in any deceptive, misleading, or unfair conduct. DoorDash lacks sufficient information or knowledge to form an opinion or belief as to the truth of the remaining allegations in paragraph 152. Accordingly, in part based on this lack of information and knowledge, DoorDash denies each and every allegation in paragraph 152.

153.     DoorDash denies that its practices present food safety or other packaging concerns. DoorDash further denies that it has engaged in any misleading, deceptive, or unfair conduct, and denies that any of the alleged conduct is material to consumers.   DoorDash lacks sufficient information or knowledge to form an opinion or belief as to the truth of the remaining allegations in paragraph 153.   Accordingly, in part based on this lack of information and knowledge, DoorDash denies each and every allegation in paragraph 153.

154.     To the extent the allegations in paragraph 154 refer to documents, including documents filed in the lawsuits referenced in paragraph 154, no response is required as the documents speak for themselves. To the extent that the allegations in paragraph 154 seek to paraphrase or characterize statements or comments in such documents, DoorDash denies the allegations to the extent that they are inconsistent with or mischaracterize such statements or comments.  DoorDash admits that a very small number of restaurants have filed lawsuits against DoorDash objecting to Unaffiliated Restaurants listings.   DoorDash denies that its practices regarding Unaffiliated Restaurants violate any law.   DoorDash further denies each and every remaining allegation in paragraph 154.

155.     To the extent the allegations in paragraph 155 refer to documents, no response is required as the documents speak for themselves.  To the extent that the allegations in paragraph 155 seek to paraphrase or characterize statements or comments in such documents, DoorDash denies the allegations to the extent that they are inconsistent with or mischaracterize such statements or comments.   DoorDash admits that certain restaurants on its platform are unaffiliated with DoorDash and that such restaurants are able to contact DoorDash to remove the listing  and that DoorDash will remove such restaurants upon request.  DoorDash admits that it has not added any Unaffiliated Restaurants to its platform since at least November 1, 2020.  DoorDash further admits

that it has settled certain lawsuits brought by such restaurants. DoorDash denies that it has engaged in any misleading, deceptive, or unfair conduct. DoorDash further denies each and every remaining allegation in paragraph 155.

156. To the extent the allegations in paragraph 156 refer to documents, no response is required as the documents speak for themselves. To the extent that the allegations in paragraph 156 seek to paraphrase or characterize statements or comments in such documents, DoorDash denies the allegations to the extent that they are inconsistent with or mischaracterize such statements or comments. DoorDash denies it has engaged in any misleading, deceptive, or unfair conduct. Because DoorDash does not have access to reports made to the City and because the City's allegations do not clearly identify the alleged complaints made to DoorDash, DoorDash lacks sufficient information or knowledge to form an opinion or belief as to the truth of the remaining allegations in paragraph 156. Accordingly, in part based on this lack of information and knowledge, DoorDash denies each and every remaining allegation in paragraph 156.

157. To the extent the allegations in paragraph 157 refer to documents, no response is required as the documents speak for themselves. To the extent that the allegations in paragraph 157 seek to paraphrase or characterize statements or comments in such documents, DoorDash denies the allegations to the extent that they are inconsistent with or mischaracterize such statements or comments. DoorDash denies that it has engaged in any misleading, deceptive, or unfair conduct and denies it injured any Unaffiliated Restaurants. DoorDash lacks sufficient information or knowledge to form an opinion or belief as to the truth of the remaining allegations in paragraph 157. Accordingly, in part based on this lack of information and knowledge, DoorDash denies each and every remaining allegation in paragraph 157.

158.     DoorDash admits that certain restaurants on its platform are unaffiliated with DoorDash and that such restaurants are able to contact DoorDash to remove the listing.  DoorDash denies that it has engaged in deceptive, misleading, or unfair conduct.  DoorDash lacks sufficient information or knowledge to form an opinion or belief as to the truth of the remaining allegations in paragraph 158.  Accordingly, in part based on this lack of information and knowledge, DoorDash denies each and every remaining allegation in paragraph 158.

159.     To the extent the allegations in paragraph 159 refer to documents, no response is required as the documents speak for themselves.  To the extent that the allegations in paragraph 159 seek to paraphrase or characterize statements or comments in such documents, DoorDash denies the allegations to the extent that they are inconsistent with or mischaracterize such statements or comments.  DoorDash admits that certain restaurants on its platform are unaffiliated with DoorDash and that such restaurants are able to contact DoorDash to remove the listing.  DoorDash denies each and every remaining allegation in paragraph 159.

160.     Because the City's allegations do not clearly identify the restaurant in question or the alleged complaints made to DoorDash, DoorDash lacks sufficient information or knowledge to form an opinion or belief as to the truth of the allegations in paragraph 160.  Accordingly, in part based on this lack of information and knowledge, DoorDash denies each and every allegation in paragraph 160.

161.     To the extent the allegations in paragraph 161 refer to documents, no response is required as the documents speak for themselves.  To the extent that the allegations in paragraph 161 seek to paraphrase or characterize statements or comments in such documents, DoorDash denies the allegations to the extent that they are inconsistent with or mischaracterize such statements or comments.  DoorDash denies that it has engaged in any deceptive, misleading, or unfair conduct.

DoorDash lacks sufficient information or knowledge to form an opinion or belief as to the truth of the remaining allegations in paragraph 161. Accordingly, in part based on this lack of information and knowledge, DoorDash denies each and every remaining allegation in paragraph 161.

162. To the extent the allegations in paragraph 162 refer to documents, no response is required as the documents speak for themselves. To the extent that the allegations in paragraph 162 seek to paraphrase or characterize statements or comments in such documents, DoorDash denies the allegations to the extent that they are inconsistent with or mischaracterize such statements or comments. DoorDash denies that it has engaged in any deceptive, misleading, unfair, or otherwise unlawful conduct. DoorDash lacks sufficient information or knowledge to form an opinion or belief as to the truth of the remaining allegations in paragraph 162. Accordingly, in part based on this lack of information and knowledge, DoorDash denies each and every remaining allegation in paragraph 162.

163. Paragraph 163 contains legal conclusions to which no response is required. To the extent a response is required, DoorDash admits that it had a pay model in place during portions of 2017 through September 2019 (the "former pay model"). DoorDash denies the characterization of the former pay model. DoorDash denies that it engaged in any deceptive, unfair, or misleading conduct with regard to the former pay model, and denies that the alleged conduct was material to consumers. DoorDash further denies each and every remaining allegation in paragraph 163.

164. DoorDash denies the characterization of its former pay models. DoorDash denies the characterization of the relationship between DoorDash and the independent-contractor delivery providers who use its app. DoorDash further denies that it exercises control over or has any right to exercise control over how independent-contractor delivery providers perform deliveries from the DoorDash platform. DoorDash admits the remaining allegations in paragraph 164.

165.    DoorDash denies the characterization of the relationship between DoorDash and the independent contractor delivery providers who use its app.  DoorDash further denies that it exercises control over or has any right to exercise control over how independent-contractor delivery providers perform deliveries from the DoorDash platform.  DoorDash admits that it changed to the former pay model in 2017.  DoorDash admits that the former pay model was in place until September 18, 2019.  DoorDash denies the characterization of that former pay model in paragraph 165, including that consumer tips were retained by DoorDash and that independent-contractor delivery providers received less than 100% of the tip left by the consumer.  DoorDash further denies each and every remaining allegation in paragraph 165.

166.    DoorDash admits that under the former pay model, DoorDash provided a base pay amount of $1 for every delivery performed by an independent-contractor delivery provider.  DoorDash further admits that the former pay model also involved a guaranteed minimum, the amount of which varied per order and depended on a variety of factors.  DoorDash denies the characterization of the relationship between DoorDash and the independent contractor delivery providers who use its app.  DoorDash further denies that it exercises control over or has any right to exercise control over how independent-contractor delivery providers perform deliveries from the DoorDash platform.  DoorDash denies each and every remaining allegation in paragraph 166.

167.    DoorDash admits that the base pay for drivers during this period was $1 for each order.  DoorDash denies the characterization of that former pay model, including that consumer tips were retained by DoorDash and that independent-contractor delivery providers received less than 100% of the tip left by a consumer.  DoorDash further denies the remaining allegations in paragraph 167.

168.    Paragraph 168 contains conclusions of law to which no response is required.  To the extent a response is required, DoorDash admits the allegations in the first two sentences of paragraph

168.  DoorDash denies that it engaged in any deceptive, unfair, or misleading conduct with regard to the former pay model, and denies the characterization of the former pay model in paragraph 168, including that consumer tips were retained by DoorDash and that independent-contractor delivery providers received less than 100% of the tip left by a consumer.  DoorDash further denies the remaining allegations in paragraph 168.

169.  To the extent the allegations in paragraph 169 refer to documents, no response is required as the documents speak for themselves.  To the extent that the allegations in paragraph 169 seek to paraphrase or characterize statements or comments in such documents, DoorDash denies the allegations to the extent that they are inconsistent with or mischaracterize such statements or comments.  DoorDash admits that the former pay model was in place nationwide, including in Chicago.  With regard to the remaining allegations in paragraph 169, DoorDash lacks sufficient information or knowledge to form an opinion or belief as to their truth.  Accordingly, in part based on this lack of information and knowledge, DoorDash denies each and every remaining allegation in paragraph 169.

170.  Paragraph 170 contains conclusions of law to which no response is necessary.  To the extent a response is necessary and to the extent the allegations in paragraph 170 refer to documents, no response is required as the documents speak for themselves.  To the extent that the allegations in paragraph 170 seek to paraphrase or characterize statements or comments in such documents, DoorDash denies the allegations to the extent that they are inconsistent with or mischaracterize such statements or comments.  DoorDash denies that it engaged in any deceptive, unfair, or misleading conduct with regard to the former pay model, and denies the characterization of the former pay model, including that consumer tips were retained by DoorDash and that independent-contractor delivery providers received less than 100% of the tip left by a consumer.  With regard

to the allegations in the second and fourth sentences of paragraph 170, DoorDash lacks sufficient information or knowledge to form an opinion or belief as to their truth. Accordingly, in part based on this lack of information and knowledge, DoorDash denies each and every allegation in the second and fourth sentences of paragraph 170. DoorDash further denies each and every remaining allegation in paragraph 170.

171. The allegations in paragraph 171 contain conclusions of law to which no response is required. To the extent a response is required, DoorDash denies the characterization of the former pay model in paragraph 171, that it engaged in any deceptive, unfair, or misleading conduct, and denies that the alleged conduct was material to consumers. DoorDash further denies each and every remaining allegation in paragraph 171.

172. DoorDash admits the allegations in paragraph 172.

173. To the extent the allegations in paragraph 173 refer to documents, no response is required as the documents speak for themselves. To the extent that the allegations in paragraph 173 seek to paraphrase or characterize statements or comments in such documents, DoorDash denies the allegations to the extent that they are inconsistent with or mischaracterize such statements or comments. To the extent a further response is required, DoorDash denies each and every allegation in paragraph 173.

174. Paragraph 174 contains conclusions of law to which no response is necessary. To the extent a response is necessary, DoorDash denies that it engaged in any deceptive, unfair, or misleading conduct with regard to the former pay model, and denies the characterization of the former pay model, including that consumer tips were retained by DoorDash and that independent-contractor delivery providers received less than 100% of the tip left by a consumer. DoorDash further denies each and every remaining allegation in paragraph 174.

175.    Paragraph 175 contains conclusions of law to which no response is necessary.  To the extent a response is necessary and to the extent the allegations in paragraph 175 refer to documents, no response is required as the documents speak for themselves.  To the extent that the allegations in paragraph 175 seek to paraphrase or characterize statements or comments in such documents, DoorDash denies the allegations to the extent that they are inconsistent with or mischaracterize such statements or comments.  DoorDash further denies that it engaged in any deceptive, unfair, or misleading conduct.  With regard to the remaining allegations or assertions in paragraph 175, DoorDash lacks sufficient information or knowledge to form an opinion or belief as to their truth. Accordingly, in part based on this lack of information and knowledge, DoorDash denies each and every remaining allegation in paragraph 175.

176.    To the extent the allegations in paragraph 176 refer to documents, no response is required as the documents speak for themselves.  To the extent that the allegations in paragraph 176 seek to paraphrase or characterize statements or comments in such documents, DoorDash denies the allegations to the extent that they are inconsistent with or mischaracterize such statements or comments.  To the extent a further response is required, DoorDash admits its former pay model was in place during portions of 2017 until September 2019.  DoorDash denies each and every remaining allegation in paragraph 176.

177.    Paragraph 177 contains conclusions of law to which no response is necessary.  To the extent a response is necessary, DoorDash admits that it sometimes presented tip options in increasing dollar amounts.  DoorDash denies that it engaged in any deceptive, unfair, or misleading conduct.  DoorDash denies that consumer tips were retained by DoorDash and that independent-contractor delivery providers received less than 100% of the tip left by a consumer.  DoorDash further denies each and every remaining allegation in paragraph 177.

178.     To the extent the allegations in paragraph 178 refer to documents, no response is required as the documents speak for themselves.  To the extent that the allegations in paragraph 178 seek to paraphrase or characterize statements or comments in such documents, DoorDash denies the allegations to the extent that they are inconsistent with or mischaracterize such statements or comments.  DoorDash denies each and every remaining allegation in paragraph 178.

179.     Paragraph 179 contains conclusions of law to which no response is necessary.  To the extent a response is necessary and to the extent the allegations in paragraph 179 refer to documents, no response is required as the documents speak for themselves.  To the extent that the allegations in paragraph 179 seek to paraphrase or characterize statements or comments in such documents, DoorDash denies the allegations to the extent that they are inconsistent with or mischaracterize such statements or comments.  DoorDash denies that it engaged in any deceptive, unfair, or misleading conduct with regard to the former pay model, and denies the characterization of the former pay model, including that consumer tips were retained by DoorDash and that independent-contractor delivery providers received less than 100% of the tip left by a consumer.  With regard to the remaining allegations or assertions in paragraph 179, DoorDash lacks sufficient information or knowledge to form an opinion or belief as to their truth.  Accordingly, in part based on this lack of information and knowledge, DoorDash denies each and every remaining allegation in paragraph 179.

180.     Paragraph 180 contains conclusions of law to which no response is required.  To the extent a response is required, DoorDash admits that its former pay model was in place during portions of 2017 until September 2019.  DoorDash otherwise denies the characterization of the former pay model, including that consumer tips were retained by DoorDash and that independent-contractor delivery providers received less than 100% of the tip left by a consumer.  DoorDash further denies

that it engaged in any deceptive, unfair, or misleading conduct, including that it did not disclose the former pay model to consumers and that the alleged conduct was material to consumers. With regard to the remaining allegations in paragraph 180, DoorDash lacks sufficient information or knowledge to form an opinion or belief as to their truth. Accordingly, in part based on this lack of information and knowledge, DoorDash denies each and every remaining allegation in paragraph 180.

181.    Paragraph 181 contains conclusions of law to which no response is necessary. To the extent a response is necessary and to the extent the allegations in paragraph 181 refer to documents, no response is required as the documents speak for themselves. To the extent that the allegations in paragraph 181 seek to paraphrase or characterize statements or comments in such documents, DoorDash denies the allegations to the extent that they are inconsistent with or mischaracterize such statements or comments. DoorDash admits that it provided this explanation on its consumer-oriented FAQ page. DoorDash otherwise denies that its explanation to consumers regarding the former pay model was deceptive or misleading, denies that the alleged conduct was material to consumers, and denies that it engaged in any deceptive, unfair, or misleading conduct. DoorDash further denies each and every remaining allegation in paragraph 181.

182.    Paragraph 182 contains conclusions of law to which no response is necessary. To the extent a response is necessary and to the extent the allegations in paragraph 182 refer to documents, no response is required as the documents speak for themselves. To the extent that the allegations in paragraph 182 seek to paraphrase or characterize statements or comments in such documents, DoorDash denies the allegations to the extent that they are inconsistent with or mischaracterize such statements or comments. DoorDash denies that it engaged in any deceptive, unfair, or misleading conduct with regard to the former pay model, denies the alleged conduct was material

to consumers, and denies the characterization of the former pay model, including that consumer tips were retained by DoorDash and that any independent-contractor delivery provider received less than 100% of the tip left by a consumer. DoorDash further denies that its explanation to consumers regarding the former pay model was deceptive or misleading and denies that the alleged conduct was material to consumers. With regard to the remaining allegations in paragraph 182, DoorDash lacks sufficient information or knowledge to form an opinion or belief as to their truth. Accordingly, in part based on this lack of information and knowledge, DoorDash denies each and every remaining allegation in paragraph 182.

183. To the extent the allegations in paragraph 183 refer to documents, no response is required as the documents speak for themselves. To the extent that the allegations in paragraph 183 seek to paraphrase or characterize statements or comments in such documents, DoorDash denies the allegations to the extent that they are inconsistent with or mischaracterize such statements or comments. DoorDash admits that it provided this explanation on its FAQ page aimed at independent-contractor delivery providers. DoorDash denies that its explanation to consumers regarding the former pay model was deceptive or misleading and denies that the alleged conduct was material to consumers. DoorDash denies the characterization of the relationship between DoorDash and the independent-contractor delivery providers who use its app. DoorDash further denies that it exercises control over or has any right to exercise control over how independent-contractor delivery providers perform deliveries from the DoorDash platform. DoorDash further denies each and every remaining allegation in paragraph 183.

184. Certain allegations in paragraph 184 are conclusions of law to which no response is required. To the extent a response is required, DoorDash denies that it engaged in any misleading, deceptive, or unfair representations, omissions, or conduct and that the alleged conduct was

material to consumers. With respect to the remaining allegations in paragraph 184, DoorDash lacks sufficient information or knowledge to form an opinion or belief as to their truth. Accordingly, in part based on this lack of information and knowledge, DoorDash denies each and every allegation in paragraph 184.

185.     The allegations in paragraph 185 are conclusions of law to which no response is required. To the extent the allegations in paragraph 185 refer to documents, no response is required as the documents speak for themselves. To the extent that the allegations in paragraph 185 seek to paraphrase or characterize statements or comments in such documents, DoorDash denies the allegations to the extent that they are inconsistent with or mischaracterize such statements or comments. To the extent a response is required, DoorDash denies the characterization of the former pay model, including that consumer tips were retained by DoorDash and that independent-contractor delivery providers received less than 100% of the tip left by a consumer. DoorDash further denies that it engaged in any deceptive, unfair, or misleading conduct and that the alleged conduct was material to consumers. With regard to the remaining allegations in paragraph 185, DoorDash lacks sufficient information or knowledge to form an opinion or belief as to their truth. Accordingly, in part based on this lack of information and knowledge, DoorDash denies each and every remaining allegation in paragraph 185.

186.     Certain allegations in paragraph 185 are conclusions of law to which no response is required. To the extent the allegations in paragraph 186 refer to documents, no response is required as the documents speak for themselves. To the extent that the allegations in paragraph 186 seek to paraphrase or characterize statements or comments in such documents, DoorDash denies the allegations to the extent that they are inconsistent with or mischaracterize such statements or comments. To the extent a response is required, DoorDash admits that it published a blog

regarding changes to its payment model on or around August 22, 2019. DoorDash further admits that it implemented those changes on or around September 2019. DoorDash further admits that it updated its consumer FAQ with regard to this new policy and that there is a link to the FAQ page on the checkout screen. DoorDash denies the characterization of the former pay model, including that consumer tips were retained by DoorDash and that independent-contractor delivery providers received less than 100% of the tip left by a consumer. DoorDash further denies that any policy changes reflect any admission or acknowledgement that any prior conduct was deceptive, misleading, or unfair. DoorDash denies the remaining allegations in paragraph 186.

187. To the extent the allegations in paragraph 187 refer to documents, no response is required as the documents speak for themselves. To the extent that the allegations in paragraph 187 seek to paraphrase or characterize statements or comments in such documents, DoorDash denies the allegations to the extent that they are inconsistent with or mischaracterize such statements or comments.

188. DoorDash incorporates by reference its responses to the preceding paragraphs as if fully set forth here.

189. To the extent the allegations in paragraph 189 refer to documents, no response is required as the documents speak for themselves. To the extent that the allegations in paragraph 189 seek to paraphrase or characterize statements or comments in the Municipal Code of Chicago ("MCC") § 4-276-470(1), DoorDash denies the allegations to the extent that they are inconsistent with or mischaracterize such statements or comments. The remaining allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, DoorDash denies the remaining allegations in paragraph 189.

190.     To the extent the allegations in paragraph 190 refer to documents, no response is required as the documents speak for themselves.  To the extent that the allegations in paragraph 190 seek to paraphrase or characterize statements or comments in MCC § 4-276-470(5), DoorDash denies the allegations to the extent that they are inconsistent with or mischaracterize such statements or comments.  The remaining allegations of this paragraph are conclusions of law to which no response is required.  To the extent a response is required, DoorDash denies the remaining allegations in paragraph 190.

191.     To the extent the allegations in paragraph 191 refer to documents, no response is required as the documents speak for themselves.  To the extent that the allegations in paragraph 191 seek to paraphrase or characterize statements or comments in MCC § 4-276-470(6), DoorDash denies the allegations to the extent that they are inconsistent with or mischaracterize such statements or comments.  The remaining allegations of this paragraph are conclusions of law to which no response is required.  To the extent a response is required, DoorDash denies the remaining allegations in paragraph 191.

192.     To the extent the allegations in paragraph 192 refer to documents, no response is required as the documents speak for themselves.  To the extent that the allegations in paragraph 192 seek to paraphrase or characterize statements or comments in MCC § 4-276-470(7), DoorDash denies the allegations to the extent that they are inconsistent with or mischaracterize such statements or comments.  The remaining allegations of this paragraph are conclusions of law to which no response is required.  To the extent a response is required, DoorDash denies the remaining allegations in paragraph 192.

193.     To the extent the allegations in paragraph 193 refer to documents, no response is required as the documents speak for themselves.  To the extent that the allegations in paragraph 193 seek

to paraphrase or characterize statements or comments in MCC § 4-276-470(8), DoorDash denies the allegations to the extent that they are inconsistent with or mischaracterize such statements or comments. The remaining allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, DoorDash denies the remaining allegations in paragraph 193.

194. To the extent the allegations in paragraph 194 refer to documents, no response is required as the documents speak for themselves. To the extent that the allegations in paragraph 194 seek to paraphrase or characterize statements or comments in MCC § 4-276-470(9), DoorDash denies the allegations to the extent that they are inconsistent with or mischaracterize such statements or comments. The remaining allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, DoorDash denies the remaining allegations in paragraph 194.

195. To the extent the allegations in paragraph 195 refer to documents, no response is required as the documents speak for themselves. To the extent that the allegations in paragraph 195 seek to paraphrase or characterize statements or comments in MCC § 4-276-470(10), DoorDash denies the allegations to the extent that they are inconsistent with or mischaracterize such statements or comments. The remaining allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, DoorDash denies the remaining allegations in paragraph 195.

196. To the extent the allegations in paragraph 196 refer to documents, no response is required as the documents speak for themselves. To the extent that the allegations in paragraph 196 seek to paraphrase or characterize statements or comments in MCC § 1-4-090(e), DoorDash denies the allegations to the extent that they are inconsistent with or mischaracterize such statements or

comments. The remaining allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, DoorDash denies the remaining allegations in paragraph 196.

197. To the extent the allegations in paragraph 197 refer to documents, no response is required as the documents speak for themselves. To the extent that the allegations in paragraph 197 seek to paraphrase or characterize statements or comments in MCC § 4-276-470, DoorDash denies the allegations to the extent that they are inconsistent with or mischaracterize such statements or comments. The remaining allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, DoorDash denies that it has engaged in any deceptive, unfair, or misleading conduct. DoorDash further denies the remaining allegations in paragraph 197.

198. To the extent the allegations in paragraph 198 refer to documents, no response is required as the documents speak for themselves. To the extent that the allegations in paragraph 198 seek to paraphrase or characterize statements or comments in MCC § 4-276-480, DoorDash denies the allegations to the extent that they are inconsistent with or mischaracterize such statements or comments. The remaining allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, DoorDash denies the remaining allegations in paragraph 198.

199. DoorDash denies that the City is entitled to any relief in this action.

200. DoorDash incorporates by reference its responses to the preceding paragraphs as if fully set forth here.

201. To the extent the allegations in paragraph 201 refer to documents, no response is required as the documents speak for themselves. To the extent that the allegations in paragraph 201 seek

to paraphrase or characterize statements or comments in MCC § 2-25-090, DoorDash denies the allegations to the extent that they are inconsistent with or mischaracterize such statements or comments. The remaining allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, DoorDash denies the remaining allegations in paragraph 201.

202. To the extent the allegations in paragraph 202 refer to documents, no response is required as the documents speak for themselves. To the extent that the allegations in paragraph 202 seek to paraphrase or characterize statements or comments in the Illinois Consumer Fraud and Deceptive Practices Act, DoorDash denies the allegations to the extent that they are inconsistent with or mischaracterize such statements or comments. The remaining allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, DoorDash denies the remaining allegations in paragraph 202.

203. To the extent the allegations in paragraph 203 refer to documents, no response is required as the documents speak for themselves. To the extent that the allegations in paragraph 203 seek to paraphrase or characterize statements or comments in Section 2 of the Uniform Deceptive Trade Practices Act, DoorDash denies the allegations to the extent that they are inconsistent with or mischaracterize such statements or comments. The remaining allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, DoorDash denies the remaining allegations in paragraph 203.

204. To the extent the allegations in paragraph 204 refer to documents, no response is required as the documents speak for themselves. To the extent that the allegations in paragraph 204 seek to paraphrase or characterize statements or comments in MCC § 2-25-090, DoorDash denies the allegations to the extent that they are inconsistent with or mischaracterize such statements or

comments. The remaining allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, DoorDash denies that it has engaged in any deceptive conduct. DoorDash further denies the remaining allegations in paragraph 204.

205. To the extent the allegations in paragraph 205 refer to documents, no response is required as the documents speak for themselves. To the extent that the allegations in paragraph 205 seek to paraphrase or characterize statements or comments in MCC § 2-25-090, DoorDash denies the allegations to the extent that they are inconsistent with or mischaracterize such statements or comments. The remaining allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, DoorDash denies that it has engaged in any unfair conduct. DoorDash further denies the remaining allegations in paragraph 205.

206. To the extent the allegations in paragraph 206 refer to documents, no response is required as the documents speak for themselves. To the extent that the allegations in paragraph 206 seek to paraphrase or characterize statements or comments in MCC § 2-25-090 and/or MCC § 4-276-470, DoorDash denies the allegations to the extent that they are inconsistent with or mischaracterize such statements or comments. The remaining allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, DoorDash denies that it has engaged in any deceptive, misleading, or unfair conduct. DoorDash further denies the remaining allegations in paragraph 206.

207. To the extent the allegations in paragraph 207 refer to documents, no response is required as the documents speak for themselves. To the extent that the allegations in paragraph 207 seek to paraphrase or characterize statements or comments in MCC § 1-4-090(e), DoorDash denies the allegations to the extent that they are inconsistent with or mischaracterize such statements or comments. The remaining allegations of this paragraph are conclusions of law to which no

response is required. To the extent a response is required, DoorDash denies the remaining allegations in paragraph 207.

208. To the extent the allegations in paragraph 208 refer to documents, no response is required as the documents speak for themselves. To the extent that the allegations in paragraph 208 seek to paraphrase or characterize statements or comments in MCC § 2-25-090, DoorDash denies the allegations to the extent that they are inconsistent with or mischaracterize such statements or comments. The remaining allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, DoorDash denies that it has engaged in any deceptive conduct. DoorDash further denies the remaining allegations in paragraph 208.

209. To the extent the allegations in paragraph 209 refer to documents, no response is required as the documents speak for themselves. To the extent that the allegations in paragraph 209 seek to paraphrase or characterize statements or comments in MCC § 2-25-090, DoorDash denies the allegations to the extent that they are inconsistent with or mischaracterize such statements or comments. The remaining allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, DoorDash denies that it has engaged in any deceptive conduct. DoorDash further denies the remaining allegations in paragraph 209.

210. DoorDash denies that the City is entitled to any relief in this action.

## JURY DEMAND

DoorDash demands a jury trial on all claims.

## AFFIRMATIVE DEFENSES

DoorDash has not completed its investigation of the facts of this case, discovery in this matter, or its preparation for trial. The defenses asserted herein are based on DoorDash's knowledge, information, and belief at this time. DoorDash expressly reserves the right to modify,

amend, or supplement any defense contained herein at any time. Without admitting any of the facts alleged in the Complaint, DoorDash asserts and alleges the following separate and additional defenses. By setting forth these defenses, DoorDash does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiff.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

1.      As a separate and distinct affirmative defense, the Complaint is barred, in whole or in part, to the extent it fails to state facts sufficient to state a claim for which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

2.      As a separate and distinct affirmative defense, Plaintiff's claims are barred, in whole or in part, by applicable statutes of limitations, including, but not limited to, 735 Ill. Comp. Stat. 5/13-202.

## THIRD AFFIRMATIVE DEFENSE

### (Unclean Hands)

3.      As a separate and distinct affirmative defense, the complaint, and each purported cause of action alleged therein, is barred, in whole or in part, by the doctrine of unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

### (Waiver)

4.      As a separate and distinct affirmative defense, Plaintiff and each and every individual consumer, merchant, and/or independent-contractor delivery provider, waived any right to recover any relief pursuant to the Complaint, or any purported cause of action alleged therein.

## FIFTH AFFIRMATIVE DEFENSE

**(Estoppel)**

5.      As a separate and distinct affirmative defense, Plaintiff is estopped by its conduct and/or the conduct of those with whom it purports to be in privity, including consumers, Merchants, and Dashers for whom it purports to seek any recovery, from recovering any relief pursuant to its Complaint, or any purported cause of action alleged therein.

## SIXTH AFFIRMATIVE DEFENSE

### (Laches)

6.      As a separate and distinct affirmative defense, Plaintiff is guilty of undue delay in filing and prosecuting this suit, and accordingly, this action is barred, in whole or in part, by the doctrine of laches.

## SEVENTH AFFIRMATIVE DEFENSE

### (No Standing)

7.      As a separate and distinct affirmative defense, Plaintiff has no standing to bring some or all of the claims, which are therefore barred.  In part, Plaintiff lacks standing because it seeks to bring claims for alleged financial harm to its residents without adequately alleging any injury to Plaintiff in its corporate capacity.  *City of Wheaton v. Chi., A. & E. Ry. Co.*, 3 Ill. App. 3d 29, 36 (1st Dist. 1954).

## EIGHTH AFFIRMATIVE DEFENSE

### (Home-Rule Doctrine)

8.      As a separate and distinct affirmative defense, the home-rule doctrine precludes Plaintiff's attempts to claim local regulatory authority over practices that are purportedly national in scope.  Under the home-rule doctrine, Plaintiff has no power to bring regulatory claims against DoorDash on the basis of conduct that does not uniquely occur in Chicago.  *Kalodimos v. Vill. of*

*Morton Grove*, 103 Ill. 2d 483, 501 (1984). Therefore, all of Plaintiff's claims alleging conduct that takes place nationwide or internationally are barred by the home-rule doctrine.

## NINTH AFFIRMATIVE DEFENSE

### (Arbitration Agreements)

9.　　As a separate and distinct affirmative defense, Plaintiff's claims, to the extent based on contractual agreements between consumers, merchants, and/or independent-contractor delivery providers, are barred, in whole or in part, by valid and binding arbitration agreements.

## TENTH AFFIRMATIVE DEFENSE

### (No Injunctive, Equitable, or Declaratory Relief)

10.　　As a separate and distinct affirmative defense, Plaintiff has an adequate remedy at law. Therefore, injunctive, equitable, and/or declaratory relief is inappropriate. Further, Plaintiff is not entitled to injunctive relief because any alleged injury to Plaintiff is not immediate or irreparable, but rather is entirely self-inflicted.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Defendant Acted in Good Faith)

11.　　As a separate and distinct affirmative defense, DoorDash's alleged practices relating to DoorDash's consumer fees, menu prices, restaurant listings, and payment models have been pursuant to a good-faith belief that its practices are in conformity with federal and state law.

## TWELFTH AFFIRMATIVE DEFENSE

### (Not Willful)

12.　　As a separate and distinct affirmative defense, the conduct and/or violations of law alleged against DoorDash are not "willful."

## THIRTEENTH AFFIRMATIVE DEFENSE

**(No Deception)**

13.     As a separate and distinct affirmative defense, to the extent Plaintiff's claims require establishing that DoorDash's alleged conduct and advertising are deceptive, those claims are barred, in whole or in part, because DoorDash's alleged conduct and advertising are not deceptive as a matter of law.

## FOURTEENTH AFFIRMATIVE DEFENSE

**(Lack of Proximate Cause)**

14.     As a separate and distinct affirmative defense, Plaintiff's requests for relief are barred, in whole or in part, because DoorDash's alleged conduct was not the proximate or legal cause of the purported injuries or damages incurred by Plaintiff or any consumer, merchant, or independent-contractor delivery provider who interacted with DoorDash's platforms.  Further, any purported injury or damages alleged were also affected by other independent superseding causes and/or intervening events that broke any causal chain.

## FIFTEENTH AFFIRMATIVE DEFENSE

**(Consent)**

15.     As a separate and distinct affirmative defense, the relief prayed for in the Complaint is barred, in whole or in part, because Plaintiff and each and every individual consumer, merchant, and/or independent-contractor delivery provider, consented to DoorDash's purported conduct by virtue of its own conduct.

## SIXTEENTH AFFIRMATIVE DEFENSE

**(Facial Due Process)**

16.     As a separate and distinct affirmative defense, MCC §§ 2-25-090, 4-276-470, are facially ambiguous and violate due process notions pursuant to the United States Constitution.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Excessive Fines)

17.     As a separate and distinct affirmative defense, the penalties and fines sought are unconstitutional and excessive under the United States Constitution, and specifically under the Excessive Fines Clause of the Eighth Amendment, U.S. Const. Amend. VIII and the Due Process Clause of the Fourteenth Amendment, U.S. Const. Amend. XIV, Section 1.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Compliance with Law)

18.     As a separate and distinct affirmative defense, any recovery on the Complaint, or any cause of action contained therein, are barred, in whole or in part, by DoorDash's compliance or substantial compliance with all applicable laws underlying Plaintiff's claims.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Legitimate Business Purposes)

19.     As a separate and distinct affirmative defense, DoorDash cannot be liable for any alleged violation of the Chicago Municipal Code because its purported actions were not unfair, fraudulent, nor likely to mislead, and its purported conduct and dealings were lawful, as authorized by applicable state and federal statutes, rules, and regulations, and such purported actions, conduct, and dealings were carried out in good faith and for legitimate business purposes.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Public Policy)

20.     As a separate and distinct affirmative defense, Plaintiff's claims for relief are barred, in whole or in part, on public policy grounds.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Third-Party Actions)

21.     As a separate and distinct affirmative defense, Plaintiff's claims are barred, in whole or in part, to the extent any rely on or implicate the acts or omissions of entities or individuals other than DoorDash, including Plaintiff.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Violation of Commerce Clause)

22.     As a separate and distinct affirmative defense, Plaintiff's claims are barred, in whole or in part, by the Commerce Clause of the United States Constitution because they purport to regulate interstate commerce and impermissibly place an undue burden on interstate commerce.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Protected Speech)

23.     As a separate and distinct affirmative defense, Plaintiff's claims are barred, in whole or in part, by DoorDash's free speech guarantees of the First Amendment to the United States Constitution, the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and/or the analogous provisions contained in the Illinois Constitution, including but not limited to Article I, Section 4.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Equal Protection)

24.     As a separate and distinct affirmative defense, any finding of liability under MCC §§ 2-25-090, 4-276-470 would violate the Equal Protection Clause of the United State Constitution's Fourteenth Amendment and/or Article I, Section 2 of the Illinois Constitution because it would deny DoorDash equal protection of the law including, but not limited to, on the

grounds that this enforcement is arbitrary, irrational, selective, unequal, and/or being prosecuted with malicious motives and with a bare desire to harm DoorDash.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Due Process)

25.     As a separate and distinct affirmative defense, any finding of liability under MCC §§ 2-25-090, 4-276-470 and the imposition of penalties would violate the Due Process Clause of the United State Constitution's Fourteenth Amendment and/or Article I, Section 2 of the Illinois Constitution on grounds including, but not limited to, fair notice, vagueness, retroactivity, unlawful burden-shifting, denying DoorDash the right to present a meaningful defense, and on the grounds that this enforcement is arbitrary, irrational, selective, unequal, and/or being prosecuted with malicious motives and with a bare desire to harm DoorDash.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Res Judicata and/or Collateral Estoppel)

26.     As a separate and distinct affirmative defense, Plaintiff is barred from relief, in whole or in part, to the extent its claims are precluded under the doctrines of res judicata and/or collateral estoppel.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

27.     As a separate and distinct affirmative defense, Plaintiff is barred from relief, in whole or in part, to the extent it results in an unjust enrichment to Plaintiff and/or any person on whose behalf relief is sought.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Excuse)

28.     As a separate and distinct affirmative defense, Plaintiff's claims are barred, in whole or in part, because DoorDash's purported acts and/or omissions were excused.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Satisfaction of Duty)

29.     As a separate and distinct affirmative defense, Plaintiff's claims are barred, in whole or in part, because DoorDash satisfied, fulfilled, and performed each and every obligation and duty imposed by law or contract to the full extent of its responsibility.

## THIRTIETH AFFIRMATIVE DEFENSE

### (No Penalties/Good Faith)

30.     As a separate and distinct affirmative defense, Plaintiff is not entitled to recover penalties because at all material times, DoorDash's purported conduct was objectively reasonable and in line with industry standards.  DoorDash acted reasonably and in good faith, without malice, oppression, or fraud, based on relevant facts and circumstances known at the time.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Mistake)

31.     The Complaint is barred, in whole or in part, by the doctrine of legal and/or factual mistake.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Section 230 of the Communications Decency Act)

32.     As a separate and distinct affirmative defense, the Complaint, and each purported cause of action therein, is barred, in whole or in part, for failure to state a claim under Section 230

of the Communications Decency Act, 47 U.S.C. § 230, which establishes immunity for website platforms for content created and published by third-parties but hosted on the website platform.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Additional Affirmative Defenses)

33.     As a separate and distinct affirmative defense, DoorDash reserves the right to amend this Answer to assert additional defenses and/or supplement, alter, or change this Answer as may be warranted by the revelation of information during discovery and investigation.

## PRAYER FOR RELIEF

**WHEREFORE**, DoorDash requests that judgment be entered as follows:

1.     That Plaintiff takes nothing by this action;

2.     That the Complaint be dismissed in its entirety with prejudice;

3.     That judgment be entered in favor of DoorDash and against Plaintiff;

4.     That DoorDash be awarded its costs of suit; and

5.     That the Court award DoorDash such other and further relief as the Court may deem just and proper.

DATED:  April 14, 2022             Respectfully submitted,

**GIBSON, DUNN & CRUTCHER LLP**

By:  _/s/ Joshua S. Lipshutz_____
Joshua S. Lipshutz (*pro hac vice*)
1050 Connecticut Avenue NW
Washington, DC 20036
Phone: (202) 955-8500
jlipshutz@gibsondunn.com

Michael Holecek (*pro hac vice*)
Ilissa Samplin (*pro hac vice*)
333 S. Grand Avenue
Los Angeles, CA 90071
Phone: (213) 229-7000
mholecek@gibsondunn.com
isamplin@gibsondunn.com

**RILEY SAFER HOLMES & CANCILA LLP**

By:  _/s/ Patricia Brown Holmes_____
Patricia Brown Holmes
Sarah E. Finch
70 W. Madison Street
Suite 2900
Chicago, IL 60602
Phone: (312) 471-8700
pholmes@rshc-law.com
sfinch@rshc law.com

**FORDE & O'MEARA LLP**

By:  _/s/ Michael K. Forde_____
Michael K. Forde
Brian P. O'Meara
111 W. Washington Street
Suite 1100
Chicago, IL 60602
Phone: (312) 641-1441
mforde@fordellp.com
bomeara@fordellp.com

*Attorneys for Defendants DoorDash, Inc. and Caviar, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 14, 2022, I caused the foregoing document to be electronically

filed using the CM/ECF system, which will send notice of this filing to all counsel of record.


*/s/  Mickey Balestri*