# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| City of Chicago,<br><br>            Plaintiff,<br><br>v.<br><br>DoorDash, Inc. and Caviar, LLC,<br><br>            Defendants, | Case No.: 1:21-cv-05162<br><br>Hon. Robert W. Gettleman |

**JOINT STATUS REPORT**

The parties hereby file this Joint Status Report, pursuant to this Court's order dated March 9, 2022 and accompanying form template:

A.  **Status Conference:** The Court has directed that the parties file this joint status report by April 21, 2022, and that it will set a hearing after reviewing the joint status report.

B.  **Attorneys of Record:**

Attorneys of record for the City of Chicago (the "City"), who are expected to participate throughout the litigation, are: Stephen J. Kane, Rachel F. Granetz (of the City of Chicago); and Betsy A. Miller, Brian E. Bowcut, Johanna M. Hickman, Chloe C. Bootstaylor, and Peter Ketcham-Colwill (of Cohen Milstein Sellers & Toll). The City anticipates identifying lead trial counsel closer in time to the scheduled trial date.

Attorneys of record for Defendants DoorDash, Inc. and Caviar, LLC ("Defendants" or "DoorDash") are: Joshua Lipshutz (lead trial counsel), Ilissa Samplin, Michael Holecek (Gibson, Dunn & Crutcher LLP); Brian Patrick O'Meara and Michael K. Forde (Forde & O'Meara LLP); and Patricia Brown Holmes and Sarah Elizabeth Finch (Riley Safer Holmes & Cancila LLP).

1

    C.    **<u>Basis for Federal Jurisdiction:</u>** Defendants assert jurisdiction pursuant to 28 U.S.C. § 1332(a) and (c)(1) because there is complete diversity between the parties and the amount-in-controversy requirement is satisfied. Plaintiff is a citizen of Illinois, and neither Defendant is a citizen of Illinois. Both Defendants are citizens of Delaware (their state of incorporation) and California (their principal place of business). The amount in controversy exceeds $75,000, exclusive of interest and costs.

    D.    **<u>Jury Demand:</u>** The parties have requested a jury trial.

    E.    **<u>Nature of Claims:</u>**

**The City's Statement**: The City filed this enforcement action under its consumer protection ordinances (MCC § 2-25-090 and MCC § 4-276-470) to stop and remediate deceptive and unfair conduct on Defendants' online meal-delivery platforms, DoorDash and Caviar ("the Platforms"). These claims relate specifically to conduct surrounding (1) display of fees and pricing information for the Platforms' services; (2) charging of marked-up menu prices; (3) display of promotional discounts; (4) listing of restaurants on the Platforms without contractual affiliation and/or consent; and (5) use of consumers' tips to defray driver compensation obligations.

**DoorDash's Statement**: DoorDash denies that it has engaged in deceptive, misleading, unfair, or unlawful conduct on the DoorDash and Caviar platforms, including with regard to the fees displayed and charged to consumers, menu prices, promotional codes, listings for restaurants with which DoorDash does not have a contractual relationship, and the pay model for independent-contractor delivery providers that was in place during parts of 2017 through September 2019 (the "former pay model"). Despite having no duty to do so, DoorDash has conspicuously disclosed and continues to disclose in multiple places information about its practices, including information about fees to consumers, menu prices, promotional discounts, restaurant listings, and the former pay model, which is fatal to the City's claims of deception and unfair conduct.

2

F. **Relief Sought:**

**The City's Statement**: The City seeks an order (a) awarding judgment in its favor, (b) declaring that Defendants have violated MCC § 2-25-090 and MCC § 4-276-470, (c) enjoining Defendants from engaging in further violations of MCC § 2-25-090 and MCC § 4-276-470, (d) assessing Defendants fines of $2,000 for each offense under MCC § 4-276-470 and $10,000 for each offense under MCC § 2-25-090, (e) requiring Defendants to pay restitution of the money acquired by means of its violations of MCC § 2-25-090, (f) requiring Defendants to disgorge profits obtained by means of its violations of MCC § 2-25-090, (g) awarding the City its costs of investigation and suit, including reasonable attorneys' fees and costs, to the extent allowable, (h) awarding the City pre-and post-judgment interest, to the extent allowable, and (i) awarding such other, further, and different relief as this Court deems reasonable and just. A computation of such relief is not currently available, as discovery is needed to determine the extent and impact of Defendants' violations.

**DoorDash's Statement**: Defendants deny that the City is entitled to any relief in this action.

G. **Status of Service:** Defendants have accepted service.

H. **Principal Legal Issues:** The principal legal issues presented in this case are whether Defendants violated MCC §§ 2-25-090, 4-276-470 by engaging in the allegedly deceptive and/or unfair practices detailed in the Complaint and summarized in response to Item I below.

I. **Principal Factual Issues:**

**The City's Statement:** The principal factual issues in this case relate to whether the Defendants engaged in the unlawful conduct alleged in the Complaint, including allegedly deceptive and unfair acts and practices, including:

(a) Misrepresentations and unfair conduct regarding the fees charged to consumers;

(b) Misrepresentations regarding Platform menu prices;

3

(c) Misrepresentations regarding promotional discounts offered to consumers on the DoorDash Platform;

(d) Misrepresentations to consumers and unfair conduct regarding DoorDash's business relationship with or authorization to list contractually unaffiliated restaurants on the DoorDash Platform; and

(e) Misrepresentations to consumers and unfair conduct regarding tips paid through the DoorDash Platform.

The City takes the position that the Defendants did engage in the unlawful conduct described here and alleged in greater detail in the Complaint.

**DoorDash's Statement:** In addition to the factual issues outlined above by the City with respect to Defendants' alleged conduct in this case (which Defendants deny), Defendants set forth the following principal factual issues:

a) Despite no duty to make such disclosures, DoorDash conspicuously discloses in multiple places the fees that may be charged to consumers and information about those fees, how menu prices are set by restaurants (including that     set their own prices and that those prices may vary from prices elsewhere), how its promotional discounts work and qualifying terms for those promotional discounts, and listings for restaurants with which DoorDash does not have a contractual relationship;

b) Despite having no duty to make such disclosures, DoorDash conspicuously disclosed in multiple places how its former pay model worked while that model was in place;

c) DoorDash's practices are in-line with industry practices and are not deceptive, misleading, or unfair;

d) DoorDash's contractual agreements with consumers, merchants, and independent-contractor delivery providers govern the relationship between DoorDash and such individuals and disclose DoorDash's practices and policies;

e) DoorDash's practices have changed over time, including that DoorDash voluntarily changed its pay model for independent-contractor delivery providers and     stopped adding new listings for restaurants with which DoorDash does not have a contractual relationship;

f) Restaurants who use the DoorDash and Caviar platforms set their own menu prices and information regarding restaurants with which DoorDash does not have a contractual relationship is gathered from multiple, reliable sources; and

g) Under DoorDash's former pay model, which has not been active for more than two years,[1] independent-contractor delivery providers received 100% of the tip left by consumers.

**J.** **Anticipated Motions:** The parties anticipate that this case may include dispositive motions (e.g., motion(s) for summary judgment), motions regarding the admissibility of expert testimony, and motions regarding the admissibility of other types of evidence, as trial approaches. Additionally, although the parties will endeavor to resolve their discovery-related disputes amicably, they anticipate that at least some discovery disputes will require motions practice. The parties reserve their rights to file other motions as necessary based on information learned during the litigation.

**K.** **Proposed Discovery Plan:**

**Timing of Rule 26(a) disclosures:** Parties will produce their initial disclosures by May 18, 2022.

**Subjects on which Discovery is needed:** The City anticipates requesting discovery relating to the alleged deceptive and unfair practices detailed above, including on the following topics: (a) the appearance and content of Defendants' meal delivery platforms throughout the relevant time period; (b) DoorDash's driver compensation methodology during the time period of the tip-related conduct alleged in the Complaint; (c) Defendants' pricing, fee structures, and promotions; (d) Defendants' practice of listing restaurants on their Platforms without a contractual relationship; and (e) contextual information related to Defendants' business. Defendants anticipate requesting discovery relating to, among other things, the nature of the City's investigation regarding DoorDash and other similar online platforms, the details and results of the City's investigation regarding DoorDash, and the City's practices with regard to the enforcement of MCC §§ 2-25-090, 4-276-470.

---

[1] With regard to how DoorDash pays independent-contractor delivery providers, the City's allegations realte only to DoorDash's former pay model, which was in place during portions of 2017 through September 2019.

**What discovery has been taken:** The parties have not yet taken any discovery.

**When discovery should be completed:**

- All fact discovery to be completed by June 1, 2023
- Expert disclosures will be completed by August 1, 2023.
- Rebuttal expert disclosures will be completed by October 1, 2023.
- All expert discovery will be completed by December 1, 2023.

**Whether discovery should be conducted in phases:** The parties do not request any phasing of the discovery process, other than the deadlines specified above.

**Whether changes should be made in the limitations on discovery imposed under Rule 26 or any local rules:** The parties do not currently have a firm sense of whether they will need any changes to the limitations on discovery imposed under Rule 26 or any local rules, but anticipate that the ten-deposition limit specified in Federal Rule of Civil Procedure 30 may need to be expanded. The parties will negotiate in good faith to arrive at an agreed limit, as discovery progresses, and will seek relief from the limit from this Court only if needed.

**Whether the court should issue any other orders under Rule 26(c) or Rule 16(b) and (c):** The parties anticipate that a Protective Order will be needed in this case. The parties are currently negotiating the terms of such an order, using the Northern District of Illinois's Model Confidentiality Order form.

    **L.** **Trial:** The parties expect this matter to be trial-ready, at the earliest, by April 1, 2024. The probable length of trial is 3 weeks.

    **M.** **Status of Settlement Discussions:** The parties discussed, but were unable to reach, resolution prior to the lawsuit being filed. The parties believe additional settlement conversations are premature at this time but remain open to a conference at a later phase in the case.

    **N.** **Consent to Magistrate Judge Jurisdiction:** The parties do not so consent.

DATED: April 21, 2022

**CITY OF CHICAGO DEP'T OF LAW, AFFIRMATIVE LITIGATION DIVISION**

By: /s/ *Stephen J. Kane*
Stephen J. Kane
Rachel F. Granetz
121 N. LaSalle Street
Room 600
Chicago, IL 60606
Phone: (312) 744-6934
stephen.kane@cityofchicago.org
rachel.granetz@cityofchicago.org

By: */s/ Ilissa Samplin*
**GIBSON, DUNN & CRUTCHER LLP**
Ilissa Samplin
Michael Holecek
333 S. Grand Ave.
Los Angeles, CA 90071
Phone: (213) 229-7000
isamplin@gibsondunn.com
mholecek@gibsondunn.com

Joshua S. Lipshutz
1050 Connecticut Ave. NW
Washington, DC 20036
Phone: (202) 955-8500
jlipshutz@gibsondunn.com

Respectfully submitted,

**COHEN MILSTEIN SELLERS & TOLL PLLC**

By: /s/ *Johanna M. Hickman*
Johanna M. Hickman (*pro hac vice*)
Brian E. Bowcut (*pro hac vice*)
Betsy A. Miller (*pro hac vice*)
Chloe C. Bootstaylor (*pro hac vice*)
Peter S. Ketcham-Colwill (*pro hac vice*)
1100 New York Avenue, NW, Suite 500
Washington, D.C. 20005
Phone: (202) 408-4600
jhickman@cohenmilstein.com
bbowcut@cohenmilstein.com
bmiller@cohenmilstein.com
cbootstaylor@cohenmilstein.com
pketcham-colwill@cohenmilstein.com

*Attorneys for Plaintiff City of Chicago*

**RILEY SAFER HOLMES & CANCILA LLP**
Patricia Brown Holmes
Sarah E. Finch
70 W. Madison Street Suite 2900
Chicago, IL 60602
Phone: (312) 471-8700
pholmes@rshc-law.com
sfinch@rshc-law.com

**FORDE & O'MEARA LLP**
Michael K. Forde
Brian P. O'Meara
111 W. Washington Street Suite 1100
Chicago, IL 60602
Phone: (312) 641-1441
mforde@fordellp.com
bomeara@fordellp.com

*Attorneys for Defendants DoorDash, Inc. and Caviar, LLC*