IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| City of Chicago, *Plaintiff*, v. DoorDash, Inc. and Caviar, LLC, *Defendants*. | Civil Action No. 1:21-cv-05162 Honorable Robert W. Gettleman |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES**

**TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................................... 1
II. LEGAL STANDARD ..................................................................................................... 1
III. ARGUMENT .................................................................................................................. 2
    A. DOORDASH PROPERLY PLEADED STANDING AS AN AFFIRMATIVE DEFENSE ...................... 2
    B. DOORDASH ADEQUATELY STATED A HOME RULE DEFENSE ............................................... 3
    C. DOORDASH ADEQUATELY PLEADED ITS WAIVER, ESTOPPEL, AND LACHES DEFENSES ...... 5
    D. DOORDASH ADEQUATELY PLEADED AN EQUAL PROTECTION DEFENSE .............................. 7
    E. DOORDASH ADEQUATELY PLEADED ITS SUBSTANTIVE DUE PROCESS DEFENSE ................ 9
    F. DOORDASH ADEQUATELY PLEADED FIRST AND FOURTEENTH AMENDMENT DEFENSES ... 11
    G. DOORDASH ADEQUATELY PLEADED A "PROTECTED SPEECH" AFFIRMATIVE DEFENSE .... 12
    H. DOORDASH PROPERLY ALLEGES CONSENT AND UNJUST ENRICHMENT ............................ 13
    I. STRIKING DOORDASH'S RES JUDICATA DEFENSE IS UNNECESSARY AND INEFFICIENT ..... 15
IV. CONCLUSION ............................................................................................................ 15

**I.     INTRODUCTION**

Chicago levels unfounded claims against DoorDash, Inc. and Caviar, LLC (together, "DoorDash") in a sprawling, 88-page Complaint. The Complaint's confusing and often contradictory allegations indicate the City lacks standing under Illinois law, raise constitutional concerns about why and how the City is prosecuting this case, and seek unjustified recoveries for many Chicago residents and restaurants who have benefitted from transacting with DoorDash.

DoorDash pleaded these deficiencies as affirmative defenses. In an effort to stave off unnecessary motion practice by the City, DoorDash voluntarily dropped 15 potential defenses and added factual detail to the rest. The City nevertheless filed this Motion to Strike ("MTS") 12 of DoorDash's remaining defenses. The City does not plausibly allege any prejudice that would result from the inclusion of these defenses—for nearly all, the City makes no mention of prejudice.

The City claims these defenses are merely "clutter" the Court can jettison. It is wrong. Each defense is legally cognizable and properly pleaded. The City cannot evade them by mischaracterizing the pleadings and asking the Court to prematurely resolve facts in its favor without a record. There is no basis to deprive DoorDash of these well-pleaded affirmative defenses, particularly before any discovery. The Court should deny the City's Motion.

**II.     LEGAL STANDARD**

Striking an affirmative defense is a "drastic remedy" that is seldom granted. *Riemer v. Chase Bank, N.A.*, 275 F.R.D. 492, 494 (N.Ds. Ill. 2011). "Affirmative defenses will be stricken only when they are insufficient on the[ir] face," *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989), to such a "certainty that plaintiffs would succeed despite any state of facts which could be proved in support of the defense and inferable from the pleadings." *Williams v. Musser*, 1996 WL 197487, at *4 (N.D. Ill. Apr. 19, 1996) (Gettleman, J.). The plaintiff bears the burden on a motion to strike, and the benefit of any doubt is resolved in the defendant's favor.

1

*United States ex rel. Perez v. Stericycle, Inc.*, 2014 WL 983135, at *1 (N.D. Ill. Mar. 12, 2014); *Torres v. Am. Airlines*, 1986 WL 4098, at *2-3 (N.D. Ill. Mar. 24, 1986).

An affirmative defense survives a motion to strike if it (1) is properly pleaded as an affirmative defense, (2) complies with the requirements of FRCP 8 and 9, and (3) withstands a Rule 12(b)(6) challenge. *Johnson v. City of Elgin*, 2001 WL 199506, at *1 (N.D. Ill. Feb. 28, 2001). Courts in the Seventh Circuit are split as to whether the *Twombly*/*Iqbal* standard applies to affirmative defenses, but "those declining to apply the plausibility standard . . . have the better view." 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1274 (4th ed. 2022); *Leon v. Jacobson Transp. Co.*, 2010 WL 4810600, at *1 (N.D. Ill. Nov. 19, 2010). "[W]hether the heightened pleading standard applies likely makes little difference. Factual allegations that were sufficient before *Twombly* and *Iqbal* will likely still be sufficient[.]" *Acuity Optical Lab'ys, Inc. v. Davis Vision, Inc.*, 2014 WL 5900994, at *2 (C.D. Ill. Nov. 13, 2014).

Motions to strike are also typically denied if the plaintiff cannot show prejudice. *Rosinia v. Commonwealth Edison / Exelon Corp.*, 2006 WL 8461583, at *2 (N.D. Ill. May 11, 2006); *Hye-Young Park v. Hudson*, 2016 WL 11608508, at *2 (C.D. Ill. June 23, 2016).

### III. ARGUMENT

#### A. DoorDash Properly Pleaded Standing As An Affirmative Defense

The City argues standing is not properly pleaded as an affirmative defense because DoorDash asserted Article III standing by removing this case to federal court. City's Motion to Strike ("MTS") 2. But DoorDash's defense is premised on the City's lack of standing to bring this suit in *any* forum, which is a separate, cognizable affirmative defense from Article III standing. *See Greer v. Ill. Hous. Dev. Auth.*, 122 Ill. 2d 462, 494 (1988).

The City's Motion does not address the pleaded bases for DoorDash's standing defense. DoorDash clearly alleges it is challenging the City's standing for lack of injury to the City in its

2

corporate capacity. Amended Answer ("AA"), 136, ¶ 2. Illinois law requires specific injury to a municipal corporation for it to bring claims on behalf of residents. *City of Waverly v. Auditor of Public Accounts*, 100 Ill. 354, 355 (1881) (city cannot sue for taxpayers because "[t]he city has no property subject to taxation"); *City of Wheaton v. Chi. A & E Ry. Co.*, 3 Ill. App. 2d 29, 36 (1954) (holding municipality lacked standing as it did not possess corporate property right). Here, the City has not suffered any harm in its corporate capacity, but rather has *benefitted* from DoorDash's operations—by virtue of the "billions of investor dollars" DoorDash purportedly raised to "expand[] its reach in Chicago" as well as the City taxes DoorDash has paid. Compl. ¶¶ 5, 9.

This affirmative defense also challenges the City's standing under the Municipal Code of Chicago ("MCC") to redress alleged harm to restaurants and Dashers. AA, 136, ¶ 2. The relevant MCC provisions cabin the City's enforcement power (*People ex rel. Davidson v. City of Danville*, 242 Ill. App. 472, 478-79 (1926)), and confer standing on the City to redress harm only to *consumers* or competitors. MCC §§ 2-25-090(a) ("No person shall engage in any act of consumer fraud, unfair method of competition, or deceptive practice[.]"), 4-276-470 (outlining types of prohibited consumer deception). Yet the City's expansive Complaint indicates it seeks to redress purported harm to non-consumers—i.e., Dashers and restaurants. *E.g.*, Compl. ¶¶ 114, 204(c).

DoorDash alleges two bases on which the City lacks standing to bring suit. The City was put on notice of both bases, yet its Motion addresses neither one. Nor does the City demonstrate *any* prejudice that would result from DoorDash's standing defense. *Rosinia*, 2006 WL 8461583, at *2; *Hye-Young Park*, 2016 WL 11608508, at *2. The Motion should be denied.

**B.     DoorDash Adequately Stated a Home Rule Defense**

The City incorrectly argues that DoorDash's home rule defense fails as a matter of law. MTS 2. The home rule doctrine prevents the City from claiming local regulatory authority over purported national practices where the State has more traditional and vital interests. *Kalodimos v.*

3

*Vill. Of Morton Grove*, 103 Ill. 2d 483, 501 (1984). To determine whether a suit concerns a locality's "own problems" or reaches too broadly, courts must weigh *factual* factors such as "[1] the nature and the extent of the problem; [2] the unit of government having a more vital interest in resolving the problem; and [3] the role traditionally played by local and statewide authorities in dealing with the problem." *Cnty of Cook v. Vill of Bridgeview*, 2014 IL App (1st) 122164, ¶¶ 14-15.

Based on the pleadings—which the Court must construe in DoorDash's favor—each *Kalodimos* factor weighs in DoorDash's favor. The City concedes the practices it attacks are national, rather than local, in scope. Compl. ¶¶ 2, 5, 29, 154, 163, 169. The City also never alleges any of DoorDash's practices are unique to Chicago. And as DoorDash alleges, AA, 136, ¶ 2, the Illinois Supreme Court affirmed the State has a "vital interest" in consumer protection and has long occupied the "traditional" role of protecting consumers over municipalities. *City of Chi. v. StubHub, Inc.*, 2011 IL 111127, ¶ 35 (2011). The Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") was enacted in 1961 and has been enforced since. The MCC provisions at issue were enacted decades later and merely mimic the more-established ICFA. For example, the MCC incorporates the ICFA and its far more robust caselaw. MCC § 2-25-090(a). These facts plausibly suggest the State has a traditionally more vital role, as relevant here. AA, 136, ¶¶ 2-4.

The City fails to mention the *Kalodimos* factors and asserts only that DoorDash's defense fails as a matter of law since the City says it is not precluded from regulating national conduct. MTS 2–3. The City's argument ignores that a home-rule defense requires a case-by-case analysis of the underlying facts. *See, e.g.*, *Cnty of Cook v. Vill of Bridgeview*, 2014 IL App (1st) 122164, ¶¶ 15-21 (analyzing evidence at summary judgment). No discovery has been conducted, and there is no basis to strike this fact-based defense at the pleading stage. *See Riemer*, 275 F.R.D. at 494.

4

The home rule doctrine would lose all meaning if the City were correct that such a defense could be resolved as a matter of law against a defendant merely because the City alleges *some* local impact from the conduct. Like "noise emissions from trains in transit," practices over the Internet "may pass through numerous municipalities en route to their destination," but that does not make them local problems as a matter of law. *City of Des Plaines v. Chicago & N. W. Ry. Co.*, 65 Ill. 2d 1, 5 (1976). None of the City's cases supports its position because they involved regulation of tangible items found within the municipalities. *Scadron v. City of Des Plaines*, 153 Ill. 2d 164, 178 (1992) (addressing permits for billboards erected in the city); *Accel Ent. Gaming, LLC v. Vill. of Elmwood Park*, 2015 IL App (1st) 143822, ¶ 35 (addressing regulation of video gaming terminals installed in village); *Kalodimos*, 103 Ill. 2d at 504-05 (addressing regulation of local firearm possession). By contrast, many of the City's claims in this case involve regulation of statements made on a non-tangible, Internet-based business with a national platform.

Thus, the City's Motion to Strike DoorDash's home rule defense fails. The City also fails to identify any prejudice that would result from including this defense; its Motion should be denied on this additional basis. *Rosinia*, 2006 WL 8461583, at *2; *Hye-Young Park*, 2016 WL 11608508, at *2; *Hernandez v. Balakian*, 2007 WL 1649911, at *1-3 (E.D. Cal. June 1, 2007).

### C. DoorDash Adequately Pleaded Its Waiver, Estoppel, and Laches Defenses

The City argues the waiver, estoppel, and laches defenses fail as a matter of law because DoorDash did not allege an affirmative act by the City. MTS 4-7. But even though an affirmative act is not required for waiver and estoppel, DoorDash adequately pleaded one.

Alleging a lengthy delay in bringing suit is sufficient to state waiver and estoppel defenses without alleging an affirmative government act. *RBG Plastic, LLC v. Webstaurant Store*, 2020 WL 7027601, at *5 (N.D. Ill. Nov. 30, 2020); *S.E.C. v. PacketPort.com*, 2006 WL 2798804, at *4 (D. Conn. Sept. 27, 2006) (preserving estoppel defense where defendant alleged SEC's lengthy

5

delay in bringing suit); *see also S.E.C. v. Randy*, 1995 WL 616788, at *5 (N.D. Ill. Oct. 17, 1995) ("[T]he applicability of laches against the government is determined on a case-by-case basis."); *Am. Council of the Blind of Metro. Chi. v City of Chi.*, No. 19-cv-06322, Dkt. 87 (June 3, 2021) at 27–28 (City asserts laches defense against United States based solely on lengthy delay). DoorDash's waiver and estoppel defenses are sufficiently pleaded on this basis alone, because DoorDash alleges a lengthy delay. AA, 132, ¶ 3; *id.*, 133, ¶ 3.

Moreover, DoorDash alleges the City acted affirmatively. It alleges the City had initiated an ongoing dialogue with DoorDash about its business practices before bringing suit. AA, 132-35. DoorDash also alleges the communications as a whole indicated that DoorDash's practices were lawful. This is distinguishable from the facts that did not give rise to equitable estoppel in the City's cited case, *Lewis v. Washington*, 300 F.3d 829, 835 (7th Cir. 2002), where the *defendant* reached out to the government—not vice versa—and the government failed to respond entirely.

The City disputes DoorDash's allegations about these communications and improperly asks the Court to resolve factual disputes in its favor. MTS 6 n.1. But even the City's cited cases indicate that a ruling on the merits would be premature at this stage. *United States v. Huebner*, 752 F.2d 1235, 1243 (7th Cir. 1985) (affirming rejection of estoppel defense after six-day evidentiary hearing); *Heckler v. Cmty. Health Servs. of Crawford Cnty., Inc.*, 467 U.S. 51, 58 (1984) (summary judgment ruling)*; City of Chi. v. Alessia*, 348 Ill. App. 3d 218, 230 (2004) (post-evidentiary hearing findings regarding laches); *Ryder v. Bank of Hickory Hills*, 146 Ill. 2d 98, 108 (1991) (trial court's final ruling regarding waiver).

As to DoorDash's laches defense, the City cites cases for the proposition that laches cannot be asserted against the government "where the government asserts its own rights." *Commodity Futures Trading Comm'n v. Kraft Foods Grp.*, 195 F. Supp. 3d 996, 1010 (N.D. Ill. 2016); *SEC v.*

6

*Fisher*, 2009 WL 780215, at *2 (N.D. Ill. Mar. 20, 2009). These cases are inapplicable because the City is not asserting its rights, but rather the rights of others. *See, e.g.*, Compl, ¶¶ 197, 204-05.

The City again failed to identify any prejudice from the inclusion of these three affirmative defenses, which is fatal to its Motion to Strike them. *See Rosinia*, 2006 WL 8461583, at *2; *Hye-Young Park,* 2016 WL 11608508, at *2; *Hernandez*, 2007 WL 1649911, at *1-3. For all these reasons, there is no basis to strike DoorDash's second, third, and fourth affirmative defenses.

### D. DoorDash Adequately Pleaded an Equal Protection Defense

The City says DoorDash's fourteenth affirmative defense—that a finding of liability would violate constitutional Equal Protection principles, AA, 141-42, ¶¶ 3-4—should be stricken because (1) it is not a cognizable defense, and (2) it is improperly pleaded. MTS 7. Both arguments fail, and the City shows no prejudice.

With respect to the City's first argument, courts have rejected the notion that equal protection cannot form the basis of an affirmative defense. *See, e.g.*, *Commodity Futures Trading Comm'n v. Mintco LLC*, 2016 WL 3944101, at *4 (S.D. Fla. May 17, 2016); *Flying Fish Bikes, Inc. v. Giant Bicycle, Inc.*, 2015 WL 847378, at *5 (M.D. Fla. Feb. 26, 2015); *Smith v. Wal-Mart Stores*, 2006 WL 2711468, at *6 (N.D. Cal. Sept. 20, 2006). The City also has not identified any authority categorically barring this defense, and DoorDash is not aware of any such authority.

In support of its second argument, the City selectively quotes from *Esmail v. Macrane*, 53 F.3d 176 (7th Cir. 1995). MTS 8. But *Esmail* supports DoorDash's position. There, the Seventh Circuit *reversed* dismissal of an equal protection claim, holding an allegation of unequal treatment combined with an allegation of improper motive—a vindictive campaign by the mayor—sufficiently stated a claim. 53 F.3d at 179–80. DoorDash's allegations are even more robust. DoorDash alleges the City targeted DoorDash, instead of other similarly situated companies, for investigation and enforcement. AA, 141-42, ¶¶ 3-4. DoorDash alleges this selective enforcement

was compelled by political and financial motivations divorced from the public interest. *Id*. DoorDash also alleges the City seeks to limit DoorDash's exercise of its constitutional free speech right. *Infra* pp. 11–13. Together, these allegations state an equal protection defense.

The City is incorrect in arguing this defense fails because DoorDash did not identify a similarly situated company. MTS 7–8. There is no such requirement. In *Geinosky v. City of Chicago*, for example, the Seventh Circuit made clear that identifying a similarly situated party is not necessary to plead an equal protection claim based on selective enforcement where there is an alleged pattern of arbitrary and baseless law enforcement. 675 F.3d 743, 747–49 (7th Cir. 2012); *accord Capra v. Cook Cnty. Bd. of Rev.*, 733 F.3d 705, 718 (7th Cir. 2013). The allegations of arbitrary and baseless law enforcement are abundant here. For example, the City seeks to hold DoorDash accountable for purportedly concealing that in-store and online prices can vary, Compl. ¶¶ 76–77, but then admits DoorDash discloses to consumers that menu prices may so vary, *id*. ¶¶ 80–82. The City also accuses DoorDash of concealing the breakdown between different fees charged to consumers, *id*. ¶¶ 23–31, but elsewhere admits DoorDash discloses how each fee is calculated, *id*. ¶ 52. The City seeks to hold DoorDash liable for purportedly misleading consumers about how tips were allocated under DoorDash's former pay model for Dashers, *id*. ¶¶ 163, 171, but then admits DoorDash disclosed how the pay model worked, *id*. ¶¶ 181, 183. These allegations plausibly suggest the City is targeting DoorDash based on improper motives.

The City's action against Grubhub (MTS 8) does not foreclose a finding that DoorDash has been subject to unequal treatment for similar conduct. Regardless, it is premature to address the merits of DoorDash's defense at the pleadings stage. *See Riemer*, 275 F.R.D. at 494.

Finally, the City's authorities undercut its claim that it would be prejudiced if this defense remains in the case. MTS at 3–4. *Attorney General of the United States v. Irish People, Inc.* dealt

with whether the U.S. Attorney General could be compelled to turn over state secrets, 684 F.2d 928, 955 (D.C. Cir. 1982), and *United States v. Armstrong* dealt with whether the rules of criminal procedure permitted an invasive exploration into the past practices of public prosecutors, 517 U.S. 456, 459, 463 (1996). This case does not implicate national security or core executive functions like criminal prosecution by public prosecutors. And in *Irish People* and *Armstrong*, the courts had the benefit of evidence from the government, which the Court cannot consider on this Motion.

For all these reasons, the City's Motion to Strike this affirmative defense should be denied.

**E.    DoorDash Adequately Pleaded Its Substantive Due Process Defense**

DoorDash asserts a due process defense based on the City hiring Cohen Milstein—a private law firm—to investigate and prosecute this action on a contingency fee basis without adequate safeguards. The City argues (1) the defense fails as a matter of law, and (2) DoorDash failed to allege sufficient facts to support the defense. MTS 9–10. Neither argument has merit.

A defendant's due process rights may be violated if the government attorney prosecuting its case has a financial interest in the outcome and adequate safeguards are not in place to protect against this bias. *Marshall v. Jerrico, Inc.*, 446 U.S. 238, 249–50 (1980); *Cnty. of Santa Clara v. Superior Ct.*, 50 Cal. 4th 35, 57–58 (2010). Even the City's authorities make clear its pursuit of this action under a contingency fee arrangement requires specific safeguards to ameliorate the inherent bias of that deal. *City of Chi. v. Purdue Pharma L.P.*, 2015 WL 920719, at *6 (N.D. Ill. Mar. 2, 2015) (contingency arrangement permissible only "[b]ecause the City retains control over the investigation and litigation of this case"); *State v. Lead Indus., Ass'n, Inc.*, 951 A.2d 428, 475 (R.I. 2008) (same); *Cnty. of Santa Clara*, 50 Cal. 4th at 64 (same); *Merck Sharp & Dohme Corp. v. Conway*, 947 F. Supp. 2d 733, 739 (E.D. Ky. 2013) (same). At minimum, these safeguards include the public prosecutor's (1) retention of complete control over the course and conduct of the case; (2) retention of veto power over decisions made by outside counsel; and (3) involvement

9

of a senior government staff member in all stages. *Purdue Pharma*, 2015 WL 920719, at *4. DoorDash's due process defense is thus cognizable and does not fail as a matter of law.

DoorDash also alleges sufficient facts to support the defense. As DoorDash alleges (and the City admits), Cohen Milstein was retained on a contingency fee basis. AA, 142-43, ¶¶ 4-5; MTS 10. DoorDash also alleges, on information and belief, that this fee arrangement lacks adequate safeguards and allows Cohen Milstein to act as a City official or employee in violation of the City's ethics rules. AA, 143, ¶ 5; *Vance v. Bureau of Collection Recovery LLC*, 2011 WL 881550, at *3 (N.D. Ill. Mar. 11, 2011) (pleading such matters "upon information and belief" is proper); *Howard v. Renal Life Link, Inc.*, 2010 WL 4483323, at *3 (N.D. Ill. Nov. 1, 2010) (same); *see also Foggey v. City of Chi.*, 16-cv-10963, Dkt. 99 (Mar. 9, 2018) at 27, ¶ 1 (City asserting affirmative defense "[upon] information and belief"). Indeed, Cohen Milstein has faced public scrutiny for similar arrangements. *See, e.g.*, E. Lipton, *Lawyers Create Big Paydays by Coaxing Attorneys General to Sue*, NY Times (Dec. 18, 2014), https://tinyurl.com/ybjks6kt; Margaret Little, *Pirates at the Parchment Gates: How State Attorneys General Violate the Constitution and Shower Billions on Trial Lawyers* 12 (Feb. 2017), https://tinyurl.com/yc4pykaa. There is a plausible due process defense here.

The City asks the Court to determine now that its fee agreement with Cohen Milstein is sufficient as a matter of law and to strike the defense. MTS 10. But all that is before the Court is the City's unsworn statement in its Motion that the City "is, and has always been, the final decision-maker in this litigation." MTS 10. The City did not present the fee agreement and makes no mention of safeguards employed during the investigation of this case, whether the City retained a veto power over decisions made by outside counsel, whether a senior staff member has been involved in all stages of litigation, or whether the City obtained an opinion from its ethics board

10

approving Cohen Milstein's involvement. *See Purdue Pharma*, 2015 WL 920719, at *3-4. The City's mere "[s]peculation that [DoorDash] may not be able to prove [this defense] does not require the Court to strike [DoorDash's defense] for failure to meet the requirements of Rule 8(a).*" Cohn v. Taco Bell Corp.*, 1995 WL 493453, at *2 (N.D. Ill. Aug. 16, 1995). DoorDash stated the legal bases for its defense and adequately pleaded facts in support, and the City has failed to make a plausible showing of prejudice. The defense should not be struck.

### F. DoorDash Adequately Pleaded First and Fourteenth Amendment Defenses

DoorDash's tenth affirmative defense challenges the ordinances as facially ambiguous and violating due process under the U.S. Constitution. The City argues the defense fails as a matter of law and that DoorDash has not alleged a factual basis for it. MTS 11.

In arguing that the defense fails as a matter of law, the City cites only *Scott v. Ass'n for Childbirth at Home, Int'l*, 88 Ill. 2d 279 (1981), which addressed "false or misleading advertising" outside the "the ambit of First Amendment protection" under the ICFA. *Id*. at 287. *Scott* did not address speech that was *not* misleading, like DoorDash's menu prices. Moreover, *Scott* came fifteen years before the U.S. Supreme Court announced a far more stringent commercial speech standard. *44 Liquormart, Inc. v. Rhode Island*, 517 U.S. 484, 510 (1996) (abrogating "highly deferential approach" towards broad regulations of truthful, non-misleading advertising).

DoorDash's defense identifies two potential problems with the MCC that are not foreclosed by *Scott*, and pleads sufficient facts to support this theory. Specifically, the ordinance could be read to regulate protected speech and lacks sufficient guidance for what conduct is proscribed. AA, 138-39, ¶¶ 3-4. Indeed, MCC § 4-276-470 contains provisions that forbid persons from "making false or misleading statements" *or* from engaging in other conduct that "caus[es] confusion or misunderstanding." *Id.* at § 4-276-470(5), (8). Based on the disjunctive "or" construction, the City could argue the MCC limits speech that may not be false or misleading, but

11

merely "confusing." This construction would be additionally vague and overbroad, since the statute provides no definition for what would constitute non-misleading, truthful, but "confusing" speech. Indeed, the City's Complaint seeks to take advantage of this ambiguity in the MCC to restrict DoorDash's constitutional free speech rights. *Infra* pp. 12–13.

Of course this is but one interpretation of the MCC, and one the Court should not adopt, given the constitutional doubt it would raise. *See Gomez v. U.S.*, 490 U.S. 858, 864 (1989). But if the Court were to credit such a broad construction, DoorDash must be able to raise this affirmative defense since regulations on commercial speech that are neither false nor misleading are viewed with particular hostility. *44 Liquormart*, 517 U.S. at 502–03. Once again, the City has failed to plausibly allege any prejudice from the inclusion of this defense. Accordingly, it would be inappropriate at this stage to strike DoorDash's facial due process defense.

### G. DoorDash Adequately Pleaded a "Protected Speech" Affirmative Defense

The City argues DoorDash's defense alleging an impermissible restriction on protected speech should be stricken because (1) the City seeks to regulate only commercial speech that is false or misleading, and (2) DoorDash has not identified a protected statement. Both are wrong.

The City's first argument is contradicted by its Complaint, which shows the City seeks to regulate at least some speech as "confusing" that is not false or misleading. For example, the City alleges that even though DoorDash accurately told consumers that certain restaurants were unaffiliated with DoorDash, DoorDash violated the law by failing to clarify what "unaffiliated" meant. Compl. ¶ 132. The City also alleges DoorDash "violated MCC § 4-276-470 by . . . causing confusion or misunderstanding regarding Unaffiliated Restaurants" without reference to any false or misleading statement. *Id.* ¶ 197(k). The Complaint clearly seeks to restrict speech that is not false or misleading, so the City's argument to the contrary now is unavailing.

As for the City's second argument, the pleadings contain examples of protected speech the

12

City impermissibly seeks to regulate. For example, the City seeks to punish DoorDash for truthful statements made to consumers about the City's decision to cap the commissions DoorDash could charge restaurants during the COVID-19 pandemic. *Id.* ¶ 65. The City's allegations make clear this lawsuit is a thinly-veiled attempt to retaliate against DoorDash for speaking on a matter of public concern. *See, e.g., id.* ¶¶ 59, 62 (citing criticism of the City on social media and commentary by a local politician about the issue). The City also seeks to improperly compel DoorDash to make disclosures where none is required. *See, e.g., id.* ¶¶ 53, 183; *Expressions Hair Design v. Schneiderman*, 137 S. Ct. 1144, 1151 (2017) (finding that a statute mandating how sellers communicate prices implicates free speech concerns). For all these reasons, DoorDash has every right to defend itself on First Amendment grounds.

In any event, the question of whether the City has violated DoorDash's First Amendment rights cannot be resolved on a motion to strike. Determining the final merits of this defense requires "the study of a full factual record" and not simply "a review of mere unproven allegations in a pleading." *Nike, Inc. v. Kasky*, 539 U.S. 654, 664–65 (2003) (Stevens, J., concurring in decision to dismiss writ); *FTC v. Bronson Partners, LLC*, 2006 WL 197357, at *2 (D. Conn. Jan. 25, 2006) (denying motion to strike First Amendment defense since "there may be a set of facts that support" it); *accord FTC v. Affiliate Strategies, Inc.*, 2010 WL 11470103, at *9 (D. Kan. June 8, 2010). Thus, the City's request is, at best, premature. *See Williams*, 1996 WL 197487, at *4.

For these reasons, and because the City has not shown the protected speech defense would cause it any prejudice, the Court should not strike the defense. *See Rosinia*, 2006 WL 8461583 at *2; *Hye-Young Park*, 2016 WL 11608508, at *2; *see also Hernandez*, 2007 WL 1649911 at *1–3.

H. **DoorDash Properly Alleges Consent and Unjust Enrichment**

The City argues DoorDash's ninth (consent) and seventeenth (unjust enrichment) defenses should be stricken because the concepts are already at issue in the litigation through DoorDash's

13

Answer denials. MTS 12, 14. The City is mistaken.

The Supreme Court has held that a third party's actions can limit the recovery the government can obtain if it later sues on that person's behalf. *EEOC v. Waffle House, Inc.*, 534 U.S. 279, 296–97 (2002); *Hancock v. Illinois Cent. Sweeping LLC*, 73 F. Supp. 3d 932, 949 (N.D. Ill. 2014) (unjust-enrichment defense can defeat restitution claim). Here, DoorDash alleges that every consumer, merchant, and/or Dasher whose interests the City purports to vindicate consented to the complained-of practices. AA, 138, ¶ 2. By way of example, DoorDash alleges that Consumers give their consent when they agree to DoorDash's terms of service, which specifically explains menu pricing, fees, and promotional discounts. *Id.* Consumers also give their consent whenever they make purchases on DoorDash's platform based on disclosures at the point of sale—especially if they are making repeat purchases. *See id.* Yet the City now seeks recovery for these consumers despite their consent. Likewise, the City is seeking restitution on behalf of consumers who made informed purchases and benefited from those purchases. To provide these consumers with restitution would be unjust. The City argues that since DoorDash's allegations regarding consumers' consent are more detailed than its allegations about the City, Dashers, and merchants, the defense should be stricken. MTS 12. But even if true, this would mean only that the defense is a partial defense, not that it should be stricken.

Although DoorDash has asserted similar denials to the City's claims, a consent defense based on consumer (or merchant or Dasher) actions is also an affirmative defense, as it may require presentation of facts not specifically raised by the Complaint (and therefore not specifically denied by DoorDash). *See Bobbitt v. Victorian House, Inc.*, 532 F. Supp. 734, 736 (N.D. Ill. 1982). The same is true for DoorDash's unjust enrichment defense to prevent a double recovery. Because these defenses could raise facts not covered by DoorDash's denials, DoorDash was "fully

14

justified" in pleading these defenses to avoid waiver under Rule 8(c). *Id.* at 736.

Moreover, the City concedes that these defenses will be at issue in this case whether or not the Court grants this motion, and therefore their inclusion does not prejudice the City. *Rosinia*, 2006 WL 8461583, at *2; *Hye-Young Park*, 2016 WL 11608508, at *2; *see also Hernandez*, 2007 WL 1649911, at *1–3. The Court should not strike these defenses.

### I. Striking DoorDash's Res Judicata Defense Is Unnecessary And Inefficient

"*[R]es judicata* is an affirmative defense 'ordinarily lost if not timely raised.'" *Wade v. Collier*, 2012 WL 5363414, at *2 (N.D. Ill. Oct. 30, 2012) (quoting FRCP 8(c)); *Alcorn v. City of Chi.*, No. 17-cv-05859, Dkt. 286 (Oct. 12, 2020) 69, ¶ 5 (City asserting res judicata without specificity). The City concedes it is aware of other suits against DoorDash. MTS 13. The City also concedes these other suits involve identical issues as this one, and have been brought by or on behalf of some of the same restaurants for which the City allegedly brought this action. *Id.* As these other suits progress to a final resolution, they may preclude certain issues that have been or will be raised here. DoorDash thus properly preserved its res judicata defense. The City has not and cannot identify any prejudice caused by the inclusion of this defense, and striking the defense as premature would only add inefficiencies if and when the other cases reach a final decision relevant to this action (by contrast, if the other cases never reach a final decision, the defense can be dismissed at that point). The Court should exercise its "considerable discretion" to deny this attack as well. *See F.D.I.C. v. Giannoulias*, 918 F. Supp. 2d 768, 771 (N.D. Ill. 2013).

### IV. CONCLUSION

The City's Motion to Strike—a disfavored motion that should be granted only where it is certain from the pleadings the defense will fail—should be denied in full. To the extent the Court is inclined to strike any of DoorDash's affirmative defenses at issue on the Motion, DoorDash should be permitted leave to amend. Fed. R. Civ. P. 15(a)(2).

DATED:  July 18, 2022                                    Respectfully submitted,

**GIBSON, DUNN & CRUTCHER LLP**

By:  /s/  Michael Holecek
Joshua S. Lipshutz (*pro hac vice*)
1050 Connecticut Avenue NW
Washington, DC 20036
Phone: (202) 955-8500
jlipshutz@gibsondunn.com

Michael Holecek (*pro hac vice*)
Ilissa Samplin (*pro hac vice*)
333 S. Grand Avenue
Los Angeles, CA 90071
Phone: (213) 229-7000
mholecek@gibsondunn.com
isamplin@gibsondunn.com

| **RILEY SAFER HOLMES & CANCILA LLP** | **FORDE & O'MEARA LLP** |
|---|---|
| By:  /s/  *Patricia Brown Holmes* | By:  /s/  *Michael K. Forde* |
| Patricia Brown Holmes | Michael K. Forde |
| Sarah E. Finch | Brian P. O'Meara |
| 70 W. Madison Street | 111 W. Washington Street |
| Suite 2900 | Suite 1100 |
| Chicago, IL 60602 | Chicago, IL 60602 |
| Phone: (312) 471-8700 | Phone: (312) 641-1441 |
| pholmes@rshc-law.com | mforde@fordellp.com |
| sfinch@rshc law.com | bomeara@fordellp.com |

*Attorneys for Defendants DoorDash, Inc. and Caviar, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on July 18, 2022, I caused the foregoing document to be electronically filed using the CM/ECF system, which will send notice of this filing to all counsel of record.

*/s/ Mickey Balestri*