IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CITY OF CHICAGO, | ) |
| | ) |
| Plaintiff, | ) Case No. 21 CV 05162 |
| | ) |
| v. | ) Judge Robert W. Gettleman |
| | ) |
| DOORDASH, INC. and CAVIAR, LLC, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION & ORDER

Plaintiff City of Chicago ("the City") brings this two-count action for alleged violations of the Municipal Code of Chicago ("the MCC") against defendants DoorDash, Inc. ("DoorDash") and Caviar, LLC ("Caviar") (collectively, "defendants"). Plaintiff originally filed in the Circuit Court of Cook County, Illinois. Defendants removed to this court pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446.

Plaintiff alleges various consumer-deception claims, to which defendants assert affirmative defenses. Count I alleges violations of MCC § 4-276-470, which prohibits deceptive practices in connection with the sale or advertisement of merchandise and services. Count II alleges violations of MCC § 2-25-090, which prohibits consumer fraud, unfair methods of competition, and deceptive practices while conducting trade or business. Defendants moved to dismiss both counts (Doc. 26), and the court denied their motion (Doc. 43). Defendants then asserted 33 affirmative defenses (Doc. 51). Plaintiff moved to strike all affirmative defenses (Doc. 56) but later consented to defendants' request to replead them. Defendants replead 18 affirmative defenses (Doc. 61). Plaintiff moves to strike certain affirmative defenses (Doc. 62). For the reasons stated below, plaintiff's motion is granted in part and denied in part.

1

**LEGAL STANDARD**

Rule 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. Pro. 12(f). Courts strike affirmative defenses when they are insufficient on their face. See Heller Fin., Inc. v. Midwhey Powder Co., 883 F.2d 1286, 1294 (7th Cir. 1989). Motions to strike are appropriate to "remove unnecessary clutter from the case," but they are generally disfavored in this circuit because they are often employed for the sole purpose of causing delay. Id.

The Seventh Circuit has not yet decided whether affirmative defenses must comply with the pleading requirements set forth in Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009).[1] The district courts within the circuit are divided on this issue. See Cottle v. Falcon Holdings Mgmt., LLC, No. 2:11-CV-95-PRC, 2012 WL 266968, *1–2 (N.D. Ind. Jan. 30, 2012) (collecting cases). This court agrees with the courts that have declined to apply the plausibility standard to affirmative defenses, for the reasons set forth in Judge Seeger's comprehensive and well-reasoned opinion in Alyin & Ramtin, LLC v. Barnhardt, No. 19-cv-3402, 2022 WL 658786, at *1–3 (N.D. Ill. Mar. 4, 2022).

**DISCUSSION**

First, because the court declines to apply Twombly and Iqbal's plausibility standard to affirmative defenses, the court summarily rejects plaintiff's repeated argument that certain affirmative defenses lack sufficient factual allegations to put plaintiff on notice of the defense. See Chicago Heights Glass, Inc. v. Phelps, No. 22 C 0829, 2022 WL 1567026, at *3 (N.D. Ill. Oct. 3, 2022). Thus, the court denies plaintiff's motion to strike defendants' ninth and thirteenth

---

[1] The court acknowledges that, as plaintiff indicates, the Seventh Circuit also has not determined whether movants are required to show evidence of prejudice from an affirmative defense. Regardless, the court notes that plaintiff blanketly alleges prejudice in the form of invasive and burdensome discovery.

2

affirmative defenses, because plaintiff raises only factual sufficiency concerns regarding those defenses. The court, however, recognizes that several of plaintiff's arguments regarding other defenses extend beyond factual insufficiency. The court will evaluate each of these arguments in more detail.

## I. Defenses Pertaining to the City's Authority to Sue (Fifth and Sixth Affirmative Defenses)

Plaintiff first disputes defendants' contentions that plaintiff lacks authority to sue. Defendants' first argument is that plaintiff lacks standing. Their second argument is that plaintiff lacks home-rule authority to challenge conduct that is "purportedly national in scope." The court denies plaintiff's motion to strike both defenses.

Regarding standing, plaintiff argues that standing is a jurisdictional issue rather than an affirmative defense. See ADT Sec. Servs., Inc. v. Lisle-Woodridge Fire Prot. Dist., 973 F. Supp. 2d 842, 847 (N.D. Ill. 2014). Further, in removing the case to federal court, plaintiff maintains that defendants asserted that this court had jurisdiction and "cannot claim buyer's remorse now."[2] Defendants counter that their argument is more nuanced: they argue that their defense is "premised on the City's lack of standing to bring this suit in any forum[, which, according to defendants,] is a separate, cognizable defense from Article III standing." (Emphasis in original). Defendants cite Greer v. Ill. Hous. Dev. Auth., 122 Ill. 2d 462 (1988), in which the court determined that "[i]n Illinois, lack of standing is an affirmative defense." Id. at 464.

Federal courts are split on this issue. Some courts find that standing is not an affirmative defense because the plaintiff generally bears the burden of pleading and proving standing,

---

[2] The court rejects this argument because standing is not a waivable issue, Lewis v. Casey, 518 U.S. 343, 349 n. 1 (1996), and the Seventh Circuit has determined that even where the parties agree that a plaintiff has constitutional standing, courts must satisfy themselves that the jurisdictional requirement is met. See Rhodes v. Johnson, 153 F.3d 785, 787 (7th Cir.1998); Native Am. Arts, Inc. v. The Waldron Corp., 253 F. Supp. 2d 1041, 1045 (N.D. Ill. 2003).

whereas the defendant bears the burden of pleading and proving affirmative defenses. See Native Am. Arts, Inc. v. The Waldron Corp., 253 F. Supp. 2d 1041, 1044–45 (N.D. Ill. 2003). These cases are not helpful in the instant case because defendants, not plaintiff, bear the burden of establishing standing as the parties invoking federal jurisdiction. See Bryant v. Compass Grp. USA, 958 F.3d 617, 620 (7th Cir. 2020). Courts are more likely to find that standing is properly listed as an affirmative defense where, as here, the case is a diversity action and Illinois law would have required defendants to include standing as an affirmative defense. See Acuity Optical Lab'ys, Inc. v. Davis Vision, Inc., No. 14-3231, 2014 WL 5900994, at *4 (C.D. Ill. Nov. 13, 2014).

Thus, the court is persuaded by defendants' argument that plaintiff's motion to strike defendants' fifth affirmative defense should be denied, if only because the issue of standing is not properly decided upon motions to strike.

The court also disagrees with plaintiff that defendants' home-rule authority defense is insufficient as a matter of law. The home-rule defense stems from the Illinois Constitution, which provides that a home rule unit, such as a municipality, "may exercise any power and perform any function pertaining to its government and affairs including, but not limited to, the power to regulate for the protection of the public health, safety, morals and welfare; to license; to tax; and to incur debt." Ill. Const. 1970, art. VII, § 6(a).

Plaintiff argues that case law does not support defendants' conclusion that the City lacks home-rule authority to challenge conduct that is "purportedly national in scope," but defendants rightly point out that "a home-rule defense requires a case-by-case analysis of the underlying facts."[3] See, e.g., Kalodimos v. Vill. of Morton Grove, 103 Ill. 2d 483, 503 (1984). Because the

---

[3] The court grants plaintiff's motion to file supplemental authority in support of its motion to strike defendants' amended affirmative defenses (Doc. 72), which, although not binding precedent, supports this conclusion. Plaintiffs

4

court declines to evaluate the factual sufficiency of defendants' affirmative defenses at this stage, the court denies plaintiff's motion to strike defendants' sixth affirmative defense.

## II. Defenses Relating to the City's Investigation and Enforcement Decision

Plaintiff's primary argument regarding defendants' defenses related to the City's investigation and enforcement decisions is that these defenses are prejudicial to the City and are potential bases for "invasive and unjustified discovery." The court turns to each additional argument in turn.

### A. Waiver, Estoppel, and Laches (Second, Third, and Fourth Affirmative Defenses)

Plaintiff bases its motion to strike defendants' affirmative defenses of waiver, estoppel, and laches on legal insufficiency. Plaintiff argues that defendants have not alleged a positive or affirmative action by a government officer beyond mere nonaction; according to plaintiff, mere delay in bringing this enforcement action is insufficient as a matter of law to support these defenses. Defendants counter that delay is sufficient to establish at least waiver and estoppel, and regardless, the City's affirmative action was <u>initiating</u> "an ongoing dialogue with DoorDash about its business practices before bringing suit," as distinct from <u>Lewis v. Washington</u>, 300 F.3d 829, 835 (7th Cir. 2022) (declining to find equitable estoppel where <u>the defendant</u> reached out to the government to begin a dialogue).

The court finds that defendants' argument is compelling and declines to strike defendants' second, third, and fourth affirmative defendants because it would be inappropriate at this stage for the court to make a factual determination whether plaintiff initiated the dialogue,

---

attach a Cook County circuit court's order denying Grubhub, Inc.'s (DoorDash's competitor's) motion to dismiss (Doc. 72-1). The court determined that the City's enforcement action did not exceed its home rule authority under Article VII, § 6 of the Illinois Constitution, based on an examination of a variety of factors (Doc. 72-2).

much less whether initiating a dialogue is an affirmative action.

### B. Equal Protection: Selective Prosecution (Fourteenth Affirmative Defense)

Defendants next argue that plaintiff's instant enforcement action is "arbitrary, irrational, selective, unequal, and/or being prosecuted with malicious motives and with a bare desire to harm DoorDash." Plaintiff counters that such a defense fails as a matter of law because there is no Illinois or Seventh Circuit case law to suggest that "selective prosecution" is an affirmative defense to liability in a civil enforcement action.

The court disagrees with plaintiff that defendants' selective prosecution defense fails as a matter of law. Defendants cite persuasive authority that rejects the argument that equal protection cannot form the basis of an affirmative defense. See, e.g., Commodity Futures Trading Comm'n v. Mintco LLC, No. 15-CV-61960, 2016 WL 3944101, at *4 (S.D. Fla. May 17, 2016); Flying Fish Bikes, Inc. v. Giant Bicycle, Inc., No. 8:13-cv-2890-T-23AEP, 2015 WL 847378, at *5 (M.D. Fla. Feb. 26, 2015); Smith v. Wal-Mart Stores, No. C 06-2069 SBA, 2006 WL 2711468, at *6 (N.D. Cal. Sept. 20, 2006). The court agrees with these courts that affirmative defenses based on constitutional questions merely give plaintiff notice and place into issue legal questions relevant to the proceedings. Plaintiff cites no authority that suggests otherwise.

Thus, the court denies plaintiff's motion to strike defendants' fourteenth affirmative defense.

### C. Due Process (Tenth and Fifteenth Affirmative Defenses)

While defendants argue that plaintiff's retention of outside counsel violates defendants' due process rights and City ethics ordinances, plaintiff argues that these defenses fail as a matter

6

of law. The court denies plaintiff's motion to strike both affirmative defenses.

Defendants explain that plaintiff's alleged contingency fee arrangement with outside counsel, Cohen, Milstein, Sellers & Toll, PLLC ("Cohen Milstein"), "create[s] a biasing influence," and that plaintiff "failed to adequately safeguard against the biasing effect of the contingency fee relationship." See City of Chi. v. Purdue Pharma L.P., No. 13 C 4361, 2015 WL 920719, at *4 (N.D. Ill. Mar. 2, 2015) (finding that government entities may hire outside counsel on a contingent-fee basis if there are certain safeguards in place).

Defendants also argue that plaintiff's retention of outside counsel violates the City's ethics ordinances. Plaintiff counters that the cited ordinance applies only to City "officials" and "employees," MCC § 2-156-030(a), not contractors like Cohen Milstein. MCC § 2-156-010(j), (q). See City of Chi. v. Purdue Pharma, No. 13 C 4361, 2015 WL 920719, at *4 (N.D. Ill. Mar. 2, 2015) (finding that Cohen Milstein is an independent contractor, not a City official or employee).

Lastly, defendants argue that ambiguity in the City's ordinances violates substantive due process because it allows for discriminatory enforcement and the regulation of speech protected by the First Amendment. Plaintiff cites Scott v. Ass'n for Childbirth at Home, 430 N.E.2d 1012, 1017–19 (Ill. 1981), to suggest that this argument fails as a matter of law.

The court finds that plaintiff primarily argues against the merits of each defense, and such arguments "require an examination into the merits of these constitutional issues that the Court is not required to reach on a motion to strike." U.S Comm. Futures Trad. Comm'n v. Mintco LLC, No. 15-CV-61960, 2016 WL 3944101, at *4 (S.D. Fla. May 17, 2016). Plaintiff raises substantial questions of law that are better decided after factual development. Thus, the court denies plaintiff's motion to strike defendants' tenth and fifteenth affirmative defenses.

### III. Other Arguably Improper Defenses

Lastly, plaintiff argues that the remaining challenged defenses are insufficient as a matter of law and ultimately "pose a risk of inefficiencies in discovery and/or unnecessary motion practice." The court agrees that defendants' sixteenth and seventeenth affirmative defenses should be stricken.

#### A. Res Judicata and/or Collateral Estoppel (Sixteenth Affirmative Defense)

Plaintiff argues that defendants' defenses based on res judicata and collateral estoppel fail as a matter of law because they fail to present evidence of resolved litigation against defendants by plaintiff, or by any party in privity with plaintiff. Rather, defendants only cite suits brought against <u>other</u> litigants, with no allegation of privity, which is insufficient. Further, in their opposition to the instant motion, defendants assert a new theory that relies on currently unresolved, unspecified "other" suits, which is also insufficient. The court agrees with plaintiff that defendants' sixteenth affirmative defense should be stricken.

#### B. Unjust Enrichment (Seventeenth Affirmative Defense)

According to plaintiff, defendants base their unjust enrichment theory on the allegation that the "private individuals" for whom plaintiff seeks restitution already "received the benefits of the bargains they made with DoorDash." Plaintiff argues that courts have stricken identical defenses because "unjust enrichment is not an affirmative defense under Illinois law." <u>See</u> <u>Levin v. Abramson</u>, No. 18-cv-1723 2020 WL 2494649, at *14 (N.D. Ill. May 13, 2020). Moreover, plaintiff argues that this defense fails as a matter of law because defendants "already put these matters in issue by denying certain allegations in [their] answer," and defendants "cannot raise these matters again via an affirmative defense." <u>Renalds v. S.R.G. Rest. Group</u>, 119 F. Supp. 2d

8

800, 804 (N.D. Ill. 2000). The court agrees with plaintiff that defendants' seventeenth affirmative defense is improper and redundant and should be stricken under Rule 12(f).

## CONCLUSION

For the reasons set forth above, the court grants in part and denies in part plaintiff's motion to strike defendants' amended affirmative defenses (Doc. 62). The court grants plaintiff's motion to strike defendants' sixteenth and seventeenth affirmative defenses. The court denies plaintiff's motion to strike defendants' second, third, fourth, fifth, sixth, ninth, tenth, thirteenth, fourteenth, and fifteenth affirmative defenses.

**ENTER:**

Robert W. Gettleman
**United States District Judge**

**DATE: October 21, 2022**