**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| City of Chicago,<br><br>        *Plaintiff*,<br><br>   v.<br><br>DoorDash, Inc. and Caviar, LLC,<br><br>        *Defendants*. | Civil Action No. 1:21-cv-05162<br><br>Honorable Robert W. Gettleman<br>Magistrate Judge Jeffrey T. Gilbert |

**JOINT STATUS REPORT**

Pursuant to this Court's order dated September 21, 2022 (ECF No. 75), the parties hereby file this Joint Status Report, providing updates to the Joint Status Report filed on September 15, 2022 (ECF No.74).

**I.**     **Status of Written Discovery Requests**

As of the date of this Joint Status Report, both parties have served multiple sets of discovery requests, and DoorDash has made two productions of non-confidential documents. Both parties are preparing to make additional productions of documents promptly after the Confidentiality Order is entered by the Court.

Specifically, on June 15, 2022, Plaintiff the City of Chicago ("the City") and Defendants DoorDash, Inc. and Caviar, LLC (together, "DoorDash") both served their First Set of Discovery Requests. The parties served responses and objections, and DoorDash made its initial production of non-confidential documents on August 5, 2022. The City served its Second Set of Discovery Requests to DoorDash on July 27, 2022. DoorDash served its responses and objections to the City's Second Set of Discovery Requests on September 26, 2022, along with a second production

of non-confidential documents. DoorDash also served its Second Set of Discovery Requests on the City on October 13, 2022, and responses and objections to these Requests are due on November 14, 2022.

Both parties intend to make additional productions on a rolling basis after a Confidentiality Order is entered. This will include the City's prompt production of documents in response to DoorDash's First Set of Requests for Production, which primarily seeks confidential materials from the City's investigation of DoorDash that need to be designated as "Confidential" under the terms of the proposed Confidentiality Order and cannot, therefore, be produced until that document is finalized and entered. Similarly, DoorDash intends to produce documents in response to the City's First and Second Set of Requests for Production that need to designated as "Confidential" or "Highly Confidential," including documents relating to DoorDash's business practices, organizational charts, and policies and procedures.

The parties are continuing to confer as to issues relating to each party's discovery requests and responses. The parties expect to begin negotiations of custodians and search terms in the near future. The parties disagree as to whether these negotiations can proceed absent agreement on the "relevant time period" dispute (discussed below).

A. "Relevant Time Period" Dispute

As discussed at the September 21, 2022 status conference, the parties disagree as to the proper "relevant time period" for the City's discovery requests, based on an underlying disagreement regarding whether a statute of limitations applies to the City's claims.

**The City's Position:** Unfortunately, the parties have not yet reached an agreement on this issue. The parties met and conferred on August 18 and September 2, 2022 and have continued corresponding about this issue since then. The City most recently sent a letter on September 29,

2

outlining a proposal to resolve the issue before bringing it to the Court. Under this proposal, the "relevant time period" definition would be tailored for different groups of requests, based on the timeframe in which the relevant conduct is believed to have occurred. Defendants responded on October 12, 2022, with a counter-proposal for requests relating to one out of the five categories of conduct (Tipping, Compl., §V), but neither agreeing to the City's proposal nor offering a counter-proposal for the four other areas of conduct. The letter reiterates their objection to producing discovery from the full period of 2014 to the present.

The City believes the parties are nearing impasse on this issue. DoorDash continues to maintain a per se objection to providing documents for the time period the City has alleged (depending on the requests, back to 2014), on the basis of their belief that a statute of limitations restricts the City's ability to address conduct earlier than August 2019 and a generalized assertion of undue burden. As the Court is aware, the City believes the law is clear and no statute of limitations applies to this public enforcement action, under the nullum tempus doctrine. Defendants have not articulated a basis for their position that the nullum tempus doctrine is inapplicable here, beyond their arguments in the Motion to Dismiss that addressed only the City's claims relating to the Tipping conduct (Compl., § V) and not the other four categories of conduct alleged in the Complaint. Although Defendants have expressed their belief that compromise is possible, they have not made specific commitments or proposals to produce materials from earlier than August 2019, and the discovery period is rapidly passing in this case. To date, the only documents DoorDash has produced from earlier than August 2019 are copies of its Terms and Conditions and the complaints from several lawsuits filed against the company. The City will evaluate whether and to what extent DoorDash produces other non-public documents for an appropriate time period when it receives DoorDash's forthcoming productions and will confer

further with DoorDash at that time. However, if the parties cannot resolve this issue in the near future, the City anticipates seeking judicial resolution.

**DoorDash's Position:** The City acknowledges, and DoorDash agrees, that the parties are engaged in active meet-and-confer discussions regarding the appropriate time period for discovery in this matter, and as such, judicial intervention in this issue remains premature. Importantly, however, the City misstates DoorDash's efforts to reach a compromise and its current position on the relevant time period—in particular that DoorDash has not made any specific counterproposals and has not offered to produce documents prior to August 2019. Both assertions are false. DoorDash has done both—and, in fact, has *already* produced certain categories of documents dating back to January 1, 2014, where available, as part of a recent production.[1]

In its October 12, 2022 response to the City, DoorDash specifically proposed a time period for discovery relating to the Former Pay Model between *July 23, 2017* and September 30, 2019, which is plainly before August 2019. In addition, DoorDash stated that it was investigating the start date for promotions with a minimum qualifying order amount to further negotiations as to a time period for discovery relating to Promotional Discounts (Compl. § III). Finally, DoorDash explained a compromise regarding the time period for Fees, Menu Pricing, and Unaffiliated Restaurant allegations (Compl. §§ I, II, IV) would be better informed through negotiation of appropriate custodians and search terms. DoorDash specifically stated that it would be willing to produce documents from a broader time period than the limitations period, based on the parties'

---

[1] To the extent the City asserts that the discovery period is "rapidly passing," the record shows DoorDash has been prompt in conferring with the City and moving the discovery process forward, including by making multiple productions of documents. This progress is appropriate given the seven months remaining before the discovery cut-off in this matter on June 1, 2023. Meanwhile, DoorDash notes that the City waited until today to respond to DoorDash's meet-and-confer letter regarding the City's responses to DoorDash's discovery requests, which was outstanding for six weeks, since September 22, 2022.

negotiations. This is because specific custodians and search terms will necessarily inform the burden on DoorDash to collect and produce documents, as well as the parties' ability to tailor certain time periods to specific search terms and custodians based on subject matter. The City has not yet provided any response to DoorDash's October 12, 2022 letter.

As a result of these ongoing negotiations, the compromise proposals already made by DoorDash, the ongoing factual investigation into the parties' claims and defenses, and the fact that DoorDash has already demonstrated its willingness to produce—or, indeed, has already produced—documents from before the statute of limitations period, DoorDash continues to believe that this issue is not ripe for judicial intervention. And more broadly, DoorDash's position remains that where practicable, not unduly burdensome, and proportional to the needs of the case, DoorDash will consider a broader time period for discovery—but that any agreement as to time period will be without waiver of DoorDash's objections and affirmative defenses. Indeed, the City itself has taken the same position, stating in its letter that its proposals narrowing the time period for discovery are "without waiving its position that a statute of limitations does not apply to its claims." As a result, DoorDash does not believe the applicable statute of limitations is a threshold legal question that must be resolved in order for the parties to reach a compromise on the scope of discovery.

**II.      Confidentiality Order**

The parties have reached agreement on a proposed Confidentiality Order based on the Northern District of Illinois's Model Confidentiality Order, and are preparing this Order for submission.

### III. Discovery of Electronically Stored Information (ESI Protocol)

The parties have continued to meet and confer about the terms of an ESI protocol to guide discovery negotiations, and anticipate that they will file a proposed ESI protocol soon.

### IV. Other Pending Motions

The City filed a Motion to Strike Defendants' Amended Affirmative Defenses on June 24, 2022, and completed the briefing on August 1, 2022. Judge Gettleman granted the motion in part and denied it in part on October 21, 2022. There are no other pending motions before the Court.

DATED: November 3, 2022

**CITY OF CHICAGO DEP'T OF LAW, AFFIRMATIVE LITIGATION DIVISION**

By: */s/ Stephen J. Kane*
Stephen J. Kane
Peter H. Cavanaugh
121 N. LaSalle St.
Room 600
Chicago, IL 60602
Phone: (312) 744-6934
stephen.kane@cityofchicago.org
peter.cavanaugh@cityofchicago.org
rachel.granetz@cityofchicago.org

Respectfully submitted,

**COHEN MILSTEIN SELLERS & TOLL PLLC**

By: */s/ Johanna M. Hickman*
Johanna M. Hickman (pro hac vice)
Brian E. Bowcut (pro hac vice)
Betsy A. Miller (pro hac vice)
Chloe C. Bootstaylor (pro hac vice)
Peter S. Ketcham-Colwill (pro hac vice)
1100 New York Avenue, NW, Suite 500
Washington, D.C. 20005
Phone: (202) 408-4600
jhickman@cohenmilstein.com
bbowcut@cohenmilstein.com
bmiller@cohenmilstein.com
cbootstaylor@cohenmilstein.com
pketcham-colwill@cohenmilstein.com

*Attorneys for Plaintiff City of Chicago*

| | |
|---|---|
| **GIBSON, DUNN & CRUTCHER LLP** | **FORDE & O'MEARA LLP** |
| By:  /s/ Joshua S. Lipshutz  <br>Joshua S. Lipshutz (*pro hac vice*)  <br>1050 Connecticut Avenue NW  <br>Washington, DC 20036  <br>Phone: (202) 955-8500  <br>jlipshutz@gibsondunn.com  <br><br>Michael Holecek (*pro hac vice*)  <br>Cynthia Chen McTernan (*pro hac vice*)  <br>333 S. Grand Avenue  <br>Los Angeles, CA 90071  <br>Phone: (213) 229-7000  <br>mholecek@gibsondunn.com  <br>cmcternan@gibsondunn.com | By:  /s/ Michael K. Forde  <br>Michael K. Forde  <br>Brian P. O'Meara  <br>111 W. Washington Street  <br>Suite 1100  <br>Chicago, IL 60602  <br>Phone: (312) 641-1441  <br>mforde@fordellp.com  <br>bomeara@fordellp.com  <br><br>**RILEY SAFER HOLMES  <br>& CANCILA LLP**  <br><br>By: /s/ Patricia Brown Holmes  <br>Patricia Brown Holmes  <br>Sarah E. Finch  <br>70 W. Madison Street  <br>Suite 2900  <br>Chicago, IL 60602  <br>Phone: (312) 471-8700  <br>pholmes@rshc-law.com  <br>sfinch@rshc law.com  <br><br>*Attorneys for Defendants DoorDash, Inc. and Caviar, LLC* |