**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

City of Chicago,

      *Plaintiff*,

  v.                               Civil Action No. 1:21-cv-05162

DoorDash, Inc. and Caviar, LLC,        Honorable Jeremy C. Daniel
                                        Magistrate Judge Jeffrey T. Gilbert

      *Defendants*.

**INITIAL JOINT STATUS REPORT FOR REASSIGNED CASE**

     In light of the reassignment of this case from Hon. Robert W. Gettleman to Hon. Jeremy C. Daniel on July 1, 2023, the parties hereby file this Joint Status Report regarding the nature and status of this case.

**I.    Nature of the Case**

    **A.    Attorneys of Record for Each Party**

     Attorneys of record for the City of Chicago are: Stephen Kane and Peter Cavanaugh (City of Chicago Department of Law) and Betsy Miller, Brian Bowcut, Peter Ketcham-Colwill, and Lisa Ebersole (Cohen Milstein Sellers & Toll LLP).

     Attorneys of record for Defendants DoorDash, Inc. and Caviar, LLC ("Defendants" or "DoorDash") are: Joshua Lipshutz, Michael Holecek, Elizabeth McCloskey, Cynthia Chen McTernan (Gibson, Dunn & Crutcher LLP); Brian Patrick O'Meara and Michael K. Forde (Forde & O'Meara LLP); and Patricia Brown Holmes and Sarah Elizabeth Finch (Riley Safer Holmes & Cancila LLP).

    **B.    Basis for Federal Jurisdiction**

     Defendants removed this case from state court and assert jurisdiction pursuant to 28 U.S.C. § 1332(a) and (c)(1), because there is complete diversity between the parties, and the amount-in-controversy requirement is satisfied. Plaintiff is a citizen of Illinois, and neither Defendant is a citizen of Illinois. Both Defendants are citizens of Delaware (their state of incorporation) and California (their principal place of business). And, because Plaintiff seeks civil fines in excess of $75,000 (among other damages), the amount in controversy exceeds $75,000.

1

### C. Nature of Claims Asserted in Complaint; Affirmative Defenses

**The City's Statement:** The City alleges that Defendants DoorDash, Inc. and Caviar, LLC have engaged in deceptive and unfair practices in Chicago in violation of sections 2-25-090 and 4-276-470 of the Municipal Code of Chicago. The unlawful practices alleged by the City include (1) misrepresenting the price of Defendants' delivery service by advertising an unqualified "Delivery Fee" while failing to disclose that Defendants charge additional, deceptively labeled fees for delivery that appear only at the end of the transaction; (2) failing to disclose that menu prices on Defendants' platforms are higher than the prices available directly from the restaurants; (3) offering promotional discounts without qualification and failing to disclose material limitations on those offers; (4) listing restaurants on the DoorDash platform without the restaurants' permission, which deceptively conveys an affiliation with the restaurants that DoorDash does not have and unfairly harms the reputations of the affected restaurants; and (5) deceptively conveying that the tips consumers paid to DoorDash's delivery drivers supplemented drivers' DoorDash wages, when in fact, DoorDash used consumers' tips to subsidize the pay DoorDash promised drivers for each delivery.

**DoorDash's Statement:** DoorDash denies that it has engaged in deceptive, misleading, unfair, or unlawful conduct on the DoorDash and Caviar platforms. DoorDash has conspicuously disclosed and continues to disclose in multiple places information about its practices.

Defendants maintains 16 affirmative defenses, which assert that the City's claims are barred, in part or in full, by (1) statutes of limitations, (2) waiver, (3) estoppel, (4) laches, (5) standing under MCC §§ 2-25-090, 4-276-470, (6) the home-rule doctrine (precluding the City from claiming local regulatory authority over practices that are purportedly national in scope), (7) lack of basis for recovering equitable, injunctive, and/or declaratory relief, (8) Defendants' good-faith belief in the legality of their conduct, (9) consent by Plaintiff to Defendants' conduct, (10) the facially ambiguous nature of MCC §§ 2-25-090, 4-276-470, which they allege violate due process principles, (11) excessive penalties and fines under the Eighth and Fourteenth Amendments of the U.S. Constitution, (12) Commerce Clause violations, (13) Defendants' First Amendment right to commercial speech that is not misleading and is related to lawful activity, (14) the Equal Protection Clause (on the grounds that, inter alia, the enforcement is arbitrary, selective, and unequal), (15) due process principles including, but not limited to, fair notice, vagueness, retroactivity, unlawful burden-shifting, and on the grounds that the enforcement is arbitrary, irrational, selective, unequal, and/or being prosecuted with malicious motives, and (16) failure to state a claim under Section 230 of the Communications Decency Act, 47 U.S.C. § 230, which establishes immunity for content created and published by third-parties but hosted on the website platform.

### D. Relief Sought by Plaintiff and Estimate of Damages

**The City's Statement:** The City seeks an order awarding judgment in its favor, declaring that Defendants have violated MCC §§ 4-276-470 and 2-25-090, enjoining Defendants from engaging in further violations of MCC §§ 4-276-470 and 2-25-090, assessing fines under the respective ordinances, requiring Defendants to pay restitution and disgorge profits acquired by means of their violations of the ordinances, awarding the City its costs of investigation and suit, including reasonable attorneys' fees and costs, and awarding the City pre- and post-judgment interest. The City requires further discovery, including on the number and nature of the violations, to estimate the appropriate relief.

**DoorDash's Statement:** Defendants deny that the City is entitled to any relief in this action.

### E. Parties Served

All parties to this case have been served.

## II. Discovery and Pending Motions

### A. Pending Motions

Two related motions are pending before this Court. On April 20, 2023, Defendants filed a motion for judgment on the pleadings on their statute-of-limitations and laches defenses. On May 22, 2023, the City filed a response, as well as a cross-motion for partial judgment on the pleadings (as to the statute of limitations) and partial summary judgment (as to laches). The parties completed briefing on both motions on July 14, 2023. DoorDash has requested oral argument on its motion for judgment on the pleadings.

In addition, two discovery motions are pending before Magistrate Judge Jeffrey T. Gilbert. On April 6, 2023, the City filed a motion for protective order as to Defendants' discovery requests. The parties completed briefing on that motion on May 18, 2023. On May 2, 2023, the City filed a motion to compel certain discovery. The parties completed briefing on that motion on June 13, 2023.

### B. Current Discovery Schedule

The fact discovery deadline is April 1, 2024, and the expert discovery deadline is July 1, 2024.

### C. Status of Fact and Expert Discovery

Fact discovery is underway. Each party has served discovery requests, including interrogatories, requests for production, and requests for admission. The parties are in the process of responding to such requests, including by undertaking custodial and non-custodial discovery of known electronically stored information. The parties have agreed on certain custodians, date ranges, and search terms as to certain discovery requests, and endeavor to make rolling productions on a three-week schedule set by Magistrate Judge Gilbert. As of July 21, 2023, Plaintiff has produced 2,858 documents totaling 12,249 pages, and Defendants have produced 2,256 documents totaling 12,926 pages. The parties describe those productions in their joint discovery status letters (ECF Nos. 96, 101, 105, 109, 115, 151, 200).

The parties have not yet begun depositions or expert discovery. Though the parties dispute certain discovery requests and search parameters, at this time they have no reason to believe they will not meet the April 1, 2024 deadline for the close of fact discovery.

### D. Substantive Rulings Issued in the Case

In a March 9, 2022 decision, Hon. Robert W. Gettleman denied Defendants' motion to dismiss.

In an October 21, 2022 decision, Hon. Robert W. Gettleman denied the City's motion to strike certain affirmative defenses as to all but the *res judicata* and unjust enrichment affirmative defenses.

### E. Anticipated Motions

The City anticipates moving for partial summary judgment on Defendants' due process affirmative defense, which relates to the City's retention of outside counsel. DoorDash reserves the right to argue that such a motion is improper and premature. The parties anticipate filing other motions for summary judgment at the appropriate time, and may file additional discovery motions before Magistrate Judge Gilbert.

## III. Trial

### A. Demand for a Jury Trial

The parties have requested a jury trial.

### B. Trial Date/Parties' Readiness for Trial

The parties expect this matter to be trial-ready, at the earliest, by October 1, 2024.

### C. Final Pretrial Order

The parties have not filed a final pretrial order. There is no date yet scheduled for the submission of such an order.

### D. Days Needed to Try the Case

The parties estimate that they would need 10-15 court days (2-3 weeks) to try the case.

## IV. Settlement, Referrals, and Consent

### A. Settlement Discussions

Prior to the case being filed, the parties discussed resolution, but were unable to reach agreement. DoorDash believes that settlement discussions with a private mediator could be productive at this time, and are amenable to discussing that issue with either this Court or with Magistrate Judge Gilbert. DoorDash is in the process of collecting and providing information that the City has represented it requires for a settlement discussion.

The City is open to good-faith negotiation efforts at any time; it believes that formal mediation could be useful down the line but is premature at this time. The City has requested but

not yet received certain information for valuing monetary relief that would be essential for productive settlement discussions of any kind. The parties are discussing Defendants' production of that information to the City.

### B. Referral to Magistrate Judge

This case has been referred to Magistrate Judge Gilbert for all proceedings relating to "discovery supervision, including setting all discovery deadlines, and settlement." (Dkt. No. 54.)

### C. Possibility of Proceeding Before Magistrate Judge for All Purposes

The parties have informed their clients about the possibility of proceeding before the Magistrate Judge for all purposes, including trial and entry of final judgment, and the parties do not consent.

DATED: August 17, 2023

Respectfully submitted,

**CITY OF CHICAGO DEP'T OF LAW, AFFIRMATIVE LITIGATION DIVISION**

By: /s/ *Peter H. Cavanaugh*
Stephen J. Kane
Peter H. Cavanaugh
121 N. LaSalle St.
Room 600
Chicago, IL 60602
Phone: (312) 744-6934
stephen.kane@cityofchicago.org
peter.cavanaugh@cityofchicago.org

**COHEN MILSTEIN SELLERS & TOLL PLLC**

By: /s/ *Brian E. Bowcut*
Brian E. Bowcut (pro hac vice)
Betsy A. Miller (pro hac vice)
Peter S. Ketcham-Colwill (pro hac vice)
1100 New York Avenue, NW, Suite 500
Washington, D.C. 20005
Phone: (202) 408-4600
bbowcut@cohenmilstein.com
bmiller@cohenmilstein.com
pketcham-colwill@cohenmilstein.com

Attorneys for Plaintiff City of Chicago

| | |
|---|---|
| **GIBSON, DUNN & CRUTCHER LLP**<br><br>By: /s/ *Michael Holecek*<br>Joshua S. Lipshutz (pro hac vice)<br>1050 Connecticut Avenue NW<br>Washington, DC 20036<br>Phone: (202) 955-8500<br>jlipshutz@gibsondunn.com<br><br>Michael Holecek (pro hac vice)<br>Cynthia Chen McTernan (pro hac vice)<br>333 S. Grand Avenue<br>Los Angeles, CA 90071<br>Phone: (213) 229-7000<br>mholecek@gibsondunn.com<br>cmcternan@gibsondunn.com | **FORDE & O'MEARA LLP**<br><br>By: /s/ *Michael K. Forde*<br>Michael K. Forde<br>Brian P. O'Meara<br>191 North Wacker Drive<br>31st Floor<br>Chicago, Illinois 60606<br>Phone: (312) 641-1441<br>mforde@fordellp.com<br>bomeara@fordellp.com<br><br>**RILEY SAFER HOLMES<br>& CANCILA LLP**<br><br>By: /s/ *Patricia Brown Holmes*<br>Patricia Brown Holmes<br>Sarah E. Finch<br>70 W. Madison Street<br>Suite 2900<br>Chicago, IL 60602<br>Phone: (312) 471-8700<br>pholmes@rshc-law.com<br>sfinch@rshc law.com<br><br>Attorneys for Defendants DoorDash, Inc. and Caviar, LLC |

106476273.5