**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CITY OF CHICAGO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1: 21-cv-05162 |
| | ) | |
| DOORDASH, INC. AND | ) | |
| CAVIAR, LLC, | ) | Magistrate Judge Jeffrey T. Gilbert |
| | ) | |
| Defendants. | | |

**ORDER**

This matter is before the Court on Plaintiff's Motion to Compel Custodian Discovery [ECF Nos. 137, 138] ("Motion"). For the reasons discussed below, the Motion is granted.

Plaintiff, the City of Chicago ("Plaintiff"' or "the City") first seeks to compel Defendants DoorDash, Inc. and Caviar, LLC (collectively, "Defendants") to include as a document custodian Defendants' Chief Product Officer Stanley Tang. Defendants argue that Plaintiff has not demonstrated that discovery from Mr. Tang would be relevant to the consumer fee issues in this litigation and that it is not proportional to the needs of this case for Defendants to search for and produce documents in Mr. Tang's custody in addition to documents produced from lower ranking employees who already have been designated as custodians.

Rule 26(b)(1) provides in pertinent part:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

FED.R.CIV.P. 26(b)(1). Plaintiff has shown that Mr. Tang is a relevant document custodian and that including him as a document custodian now is proportional to the discovery needs of this case. By virtue of Mr. Tang's position in the company and the matters over which he had responsibility, Mr. Tang may have relevant information

regarding Defendants' consumer fees at issue in this litigation. [ECF No. 137] at 6-7; [ECF No. 165] at 3-5 (evidence describing Mr. Tang's job responsibilities as Chief Product Officer related to consumer interactions with DoorDash platform, publicly reported criticism of DoorDash's menu pricing, and press release issued by Mr. Tang following those criticisms announcing redesign of DoorDash website and app that was contemporaneous with DoorDash's introduction of allegedly misleading or deceptive Service Fee).

Defendants do not deny that Mr. Tang was involved with the DoorDash charges and fees at issue (a question that is uniquely within Defendants' knowledge), nor do Defendants demonstrate that this discovery would not be proportional to the needs of the case or unduly burdensome to produce. Although Defendants note they have offered to produce documents from at least four custodians beneath Mr. Tang in the corporate hierarchy, that does not necessarily mean Mr. Tang's documents would be duplicative, particularly in light of his role as Chief Product Officer during a time when DoorDash's practices were publicly criticized and the allegedly deceptive or misleading fees were introduced. As Plaintiff correctly notes, Defendants do not make much of any case that searching Mr. Tang's documents would be unduly burdensome in the context of this case. They focus rather on relevance and the availability of other custodians. The Court disagrees those arguments are sufficient to insulate Mr. Tang's documents from discovery at this juncture.

In addition, Defendants have not shown that Mr. Tang's role as a high-ranking executive, a so-called "apex custodian" in Defendant's nomenclature, *see* [ECF No. 162] at 1, requires application of a more stringent standard than that set forth in Rule 26(b)(1). Indeed, "there is some doubt whether the apex doctrine even applies to document production" as opposed to depositions. *See*, *e.g.*, *Dyson, Inc. v. Sharkninja Operating LLC*, 2016 WL 1613489, at *1–2 (N.D. Ill. Apr. 22, 2016) ("Even assuming that the [apex] doctrine applies, the burden on Dyson for having to produce relevant emails is low, and Plaintiffs have not articulated any reason why this email production would constitute an undue burden."); [ECF No. 165] at 7 (citing cases). Defendants cite *Lauris v. Novartis AG*, 2016 WL 7178602, at *3–5 (E.D. Cal. Dec. 8, 2016), in support of the proposition that documents in the possession of other custodians should be sufficient to meet Plaintiff's discovery needs in this case. [ECF No. 162] at 9 (stating "[l]itigants do not have to examine or turn over every last document in their files to meet their discovery obligations"). The court in *Lauris* decided not to require the defendant there to designate four high-ranking employees as document custodians because it appeared that documents produced from the files of other high-ranking custodians would be sufficient on the facts of that case, and the court denied the plaintiffs' motion to compel in that instance "without prejudice." 2016 WL 7178602, *4-*5. But the court in *Lauris* also expressly declined to apply the "apex doctrine" to the identification of document custodians: "Defendants seek to invoke the apex doctrine to avoid e-discovery of these executives" but "[t]he Court is not persuaded that the apex doctrine applies to the discovery at issue here. In this

instance, Plaintiffs are not seeking to take depositions of high level employees, but are seeking e-discovery . . ." 2016 WL 7178602, *3.

Finally, although the City offered to accept another executive, Rajat Shroff, as an alternative custodian to Mr. Tang for part of the relevant time period, Defendants do not agree to that proposal or argue that Mr. Shroff is a more appropriate custodian. The City makes clear it is seeking discovery for the entire relevant time period from Mr. Tang. [ECF No. 165] at 5. Defendants also reference another possibility: in exchange for other concessions from the City, Defendants offer to provide Mr. Tang as a custodian for January 1, 2016 – November 1, 2017, and a senior manager, Jonathan Berk, as a custodian for November 1, 2017 – August 27, 2021. But that suggestion was not addressed further in the parties' briefing so the Court does not know whether that is still on the table or acceptable to Plaintiff. *See* [ECF No. 162] at 5 (citing [ECF No. 162-1], "McCloskey Declaration," at ¶ 9).

Accordingly, for all these reasons, the Court grants Plaintiff's motion to compel Mr. Tang as a document custodian for January 1, 2016 – August 27, 2021. If the parties can agree to designate Mr. Tang for a more limited period of time and substitute another custodian for the remaining time period, the Court has no objection to them doing so. But if that alternative is not acceptable to Plaintiff within five business days of the date of this Order, then the Court's order is that Mr. Tang be designated for the entire time period.

Plaintiff also seeks to compel Defendants to include the years 2014-2015 in searches related to Defendants' allegedly misleading menu pricing, one of Plaintiff's claims in this case. Defendants argue Plaintiff is not entitled to this discovery because Plaintiff did not plead any claims related to inflated menu pricing at unaffiliated restaurants during this time period in the Complaint. [ECF No. 162] at 12-13. The Court disagrees. The Complaint alleges Defendants' misconduct dates back to 2014 and that menu prices on Defendants' platforms were higher than the prices available directly from restaurants, including unaffiliated restaurants. [ECF No. 1-1], ("Complaint"), at ¶¶ 2, 6(d), 69 and n.16, 70-73, 76-79, 133-139, 197(e)-(f) & (n), 204(f)-(g) & (o). The City is entitled to seek discovery about whether menu prices from unaffiliated restaurants were misrepresented or inflated in 2014-2015. Although Defendants argue discovery cannot be compelled as to unpled claims or defenses, the cited cases do not extend as far as Defendants assert – in essence, to bar discovery of an additional factual basis supporting an alleged claim because such facts were not specifically alleged in the pleadings. *See* [ECF No. 162] at 13-14. The cases Defendants cite deny discovery where a cause of action, claim or defense was not pled in the complaint, but do not address discovery of additional facts supporting pled claims. In the Court's view, Plaintiff's proposed discovery into menu pricing during 2014-2015 is sufficiently connected to Plaintiff's claims as pled as to be within the scope of permissible discovery in this case.

Defendants also ask the Court to delay its ruling on Plaintiff's motion to compel as to menu pricing conduct in 2014-2015 until after a ruling by the assigned District Judge on Defendants' pending motion for judgment on the pleadings on statute of limitations grounds. [ECF No. 162] at 14. Defendants assert that if they prevail on that motion, any conduct before August 27, 2019 would be time-barred, thus mooting the need for this discovery. As Plaintiff correctly responds, however, a statute of limitations is not necessarily a basis to bar otherwise relevant discovery from an earlier time period. [ECF No. 16] at 12-13 (citing *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 351, 357 n.5 (N.D. Ill. 2005)). "It is well established that conduct outside the limitation period may still be relevant 'as background evidence in support of a timely claim.'" *See Human Rights Def. Ctr. v. Jeffreys*, 2022 WL 4386666, at *5 (N.D. Ill. Sept. 22, 2022 (quoting *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002)). That is particularly so "in a proceeding in which a current practice is at issue." *Id.* (quoting *U.S. ex rel. Roberts v. QHG of Indiana, Inc.*, 1998 WL 1756728 at *9 (N.D. Ind. Oct. 8, 1998). Here, evidence as to Defendants' practices from the earlier time period could provide relevant background evidence about Defendants' alleged continuing misleading fee and menu pricing practices even if the statute of limitations limits claims to conduct after August 27, 2019. *See* [ECF No. 165] at 13. Thus, there is no basis to delay ruling on Plaintiff's motion to compel. The Court therefore grants Plaintiff's motion as to discovery related to Defendants' menu pricing in 2014 and 2015.

For all these reasons, Plaintiff's Motion to Compel Custodian Discovery [ECF Nos. 137, 138] is granted.

It is so ordered.

Jeffrey T. Gilbert
United States Magistrate Judge

Dated: November 6, 2023