IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| City of Chicago, <br><br> *Plaintiff*, <br><br> v. <br><br> DoorDash, Inc. and Caviar, LLC, <br><br> *Defendants*. | Civil Action No. 1:21-cv-05162 <br><br> Honorable Jeremy C. Daniel <br> Magistrate Judge Jeffrey T. Gilbert |

### DECLARATION OF BRIAN E. BOWCUT FOR
### PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL
### DOCUMENT DISCOVERY FROM FOUR ADDITIONAL CUSTODIANS

1. I am a partner with the law firm Cohen Milstein Sellers & Toll PLLC and am counsel of record for the City of Chicago in the above-captioned action. I provide this declaration in support of the City's Motion to Compel Document Discovery from Four Additional Custodians.

2. I have personal knowledge of the facts cited herein and could truthfully testify to these matters if required by law.

3. The City first requested that Defendants add Jonathan Berk as a custodian for document searches related to consumer fees on December 23, 2022. Defendants agreed to add Mr. Berk as a consumer fees custodian on March 16, 2023. Defendants confirmed their agreement to include Mr. Berk in their consumer fees searches in the parties' March 23, 2023 Joint Status Report. Dkt. 108 at 7-8.

4. On May 2, 2023, the day the City filed its Motion to Compel Custodial Discovery (Dkt. 137), Defendants informed the City that because the City was moving to compel the inclusion

of Mr. Tang as a custodian for consumer fees, Defendants would exclude Mr. Berk from custodial searches related to consumer fees.

5. On May 3, 2023, the City offered a discovery exchange whereby it would supplement its responses to Interrogatory Nos. 1 and 2 if Defendants would agree to include Mr. Berk as a custodian for Defendants' consumer fees searches. The City viewed this as a reasonable exchange given that Defendants had previously acknowledged that Mr. Berk was an appropriate custodian for the consumer fees claims.

6. On May 19, 2023, Defendants made a counterproposal that would have required the City to produce the custodial files of then-Mayor Lightfoot and a City councilman and abandon objections to Defendants' discovery requests that had already been briefed in two motions pending before the Court.

7. In a letter dated December 8, 2023, in response to the City's request for the four custodians at issue in this motion, Defendants offered Jessica Lachs and Charlton Soesanto as custodians on the issue of driver pay only—but only if the City agreed to drop its other custodian requests.

8. In a meet-and-confer call on January 17, 2024, I explained to counsel for Defendants that the bases for the City's request for additional custodians, which the City had also set forth in a November 3, 2023 letter. These bases were that (a) the City believed Defendants' custodial production to-date to be generally inadequate; (b) limited sets of responsive documents of Jonathan Berk, Jessica Lachs, and Charlton Soesanto, produced from other litigation, showed limited overlap with documents of agreed custodians and therefore made clear that Defendants' document production was missing information highly relevant to the City's claims; and (c) Defendants' document production made clear that Tony Xu was personally involved in the

business practices at issue in the Complaint, and a significant amount of email on which he was a sender or recipient did not overlap with emails of existing custodians.

9. In a follow-up email on January 19, 2024, I identified to counsel for DoorDash 10 exemplar documents that Defendants had produced from the files of the requested custodians that were not sent to or from an agreed custodian. In the email, I identified to counsel for DoorDash four exemplar documents illustrating Tony Xu's substantial involvement in the practices alleged in the Complaint. I asked DoorDash to advise the City by January 26, 2024 if this information changed its position on the City's request for the additional custodians. Counsel for DoorDash never responded.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 18, 2024.

By: /s/ Brian E. Bowcut
Brian E. Bowcut
Cohen Milstein Sellers & Toll PLLC
1100 New York Avenue, NW, Suite 500
Washington, D.C. 20005
Phone: (202) 408-4600
bbowcut@cohenmilstein.com