**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| City of Chicago,<br><br>    *Plaintiff*,<br><br>v.<br><br>DoorDash, Inc. and Caviar, LLC,<br><br>    *Defendants*. | Civil Action No. 1:21-cv-05162<br><br>Hon. Jeremy C. Daniel<br>Magistrate Judge Jeffrey T. Gilbert |

## JOINT STATUS REPORT

Pursuant to this Court's orders dated December 23, 2022 (ECF No. 90) and December 19, 2022 (ECF No. 87) directing the parties to file a status report seven days after each rolling production deadline to provide information about the last rolling production, what has been produced to date in total, and what remains to be produced, the parties hereby file this Joint Status Report concerning the April 5, 2024 production deadline.

**I. Status of the City's Document Productions**

 **A. Documents Produced by the City To Date**

As of April 5, the City has produced 7,035 documents, totaling 55,203 pages, in rolling productions. The City's prior productions are described in more detail in the prior joint status reports (ECF Nos. 96, 101, 105, 109, 115, 151, 164, 174, 194, 200, 202, 216, 230, 234, 242, 246, 249, 250, 282, 294, 304).

The City's March 22, 2024 production contained 82 documents and 176 pages. This production contained documents responsive to the following, among others:

- RFP No. 10 (complaints received by the City concerning DoorDash[1])

- RFP No. 42 (as narrowed, documents related to BACP's investigation into Defendants' compliance with the Third-Party Food Delivery Services Rules)

- RFP No. 43 (communications and public statements regarding DoorDash's Chicago Fee)

The City's April 5 production contained 19 documents and 238 pages. This production contained documents responsive to the following, among others:

- RFP No. 99 (documents showing the factual basis for the City's argument in its motion for summary judgment that "retention of counsel on a contingency fee basis by state and local governments has 'been extraordinarily successful, enabling resource-strapped governments to hold accountable even large corporations that could otherwise use their superior resources to evade liability'");

- RFP No. 100 (documents showing the factual basis for the City's argument in its motion for summary judgment that "allowing discovery 'into the City's relationship with its counsel . . . may prevent small governments from retaining contingency-fee counsel because they sometimes lack any in-house lawyers, much less the staff needed to engage in the sort of active litigation participation that Defendants apparently demand'");

- RFP No. 101 (documents showing the factual basis for the City's argument in its motion for summary judgment that "the City's five-person affirmative litigation division needs contingency-fee counsel to help level the playing field against massive corporations like Defendants");

- RFP No. 30 (documents the City may rely on at trial).

### B. Remaining Documents to be Produced

The City is in the process of responding to Defendants' Ninth Set of Requests for Production (Nos. 116-130). The City responded to Defendants' Eighth Set of Requests for Production (Nos. 107-115) on February 14. The parties are now in the process of meeting and

---

[1] As previously noted, the City has interpreted RFP No. 10 to include positive and neutral commentary from third parties as well.

conferring on these and other requests. On January 31, DoorDash requested that the City supplement its response to several document requests and proposed narrowed versions of several others to which the City had objected; the parties continue to negotiate those proposals, including those for RFP Nos. 25 and 34. In the parties' Joint Status Report filed on March 15, the City identified productions it could make in response to RFP Nos. 43, 88, 89, 91-93, 98. The City is reviewing documents responsive to RFP Nos. 89, 92 and 93 and will produce them. Defendants have first requested further information on the City's search methodology for other requests, which the City provided. The City continues to review its overall production for completeness. The City produced a privilege log on March 1, reflecting privileged documents withheld or redacted in the course of the City's searches for responsive documents to date. The City will meet and confer with DoorDash regarding any perceived inadequacies in that log, and the City will supplement the log to reflect privileged documents identified in any future searches agreed to in the parties' discovery negotiations or directed by the Court.

## II.     Status of DoorDash's Document Productions

### A.     Documents Produced by DoorDash to Date

DoorDash's April 5, 2024 production contained 349 documents and 1882 pages. This production contained documents responsive to search terms requested by the City related to the Chicago Fee; documents responsive to searches of certain listserv inboxes requested by the City, including documents relating to certain restaurants in Chicago identified by the City and responsive to RFP No. 72; and documents referenced in DoorDash's response to the City's Amended First Set of Interrogatories responsive to RFP Nos. 1 and 66. Since August 2022, DoorDash has produced a total of 7,422 documents and 38,119 pages across 25 productions. The documents produced to date include:

- Custodial documents responsive to the City's document requests relating to minimum amount promotional discounts, non-partner restaurants, Dasher pay, consumer fees, and menu pricing;

- Documents identified in known non-custodial locations;

- Documents identified from DoorDash's review of documents produced in related investigations and litigations; and

- Spreadsheets that were created in order to respond to the City's requests for specific data.

Additionally, DoorDash served its privilege log on the City on March 22, 2024.

### B. Remaining Documents to be Produced

On March 15, 2024, the City served 30 additional RFPs, bringing their total RFPs served to 93. The City also served additional Interrogatories. DoorDash is in the process of responding to these RFPs and assessing what may be collected and produced in response. In addition, DoorDash continues to review and prepare for production documents responsive to searches requested by the City across certain listserv inboxes. DoorDash is also in the process of preparing for production Salesforce data relating to communications from consumers, restaurants, and Dashers.

DATED:  April 12, 2024				Respectfully submitted,

**CITY OF CHICAGO DEP'T OF LAW, AFFIRMATIVE LITIGATION DIVISION**

**COHEN MILSTEIN SELLERS & TOLL PLLC**

By:  /s/ Peter H. Cavanaugh
Stephen J. Kane
Peter H. Cavanaugh
121 N. LaSalle St.
Room 600
Chicago, IL 60602
Phone: (312) 744-6934
stephen.kane@cityofchicago.org
peter.cavanaugh@cityofchicago.org

By:  /s/ Brian E. Bowcut
Brian E. Bowcut (*pro hac vice*)
Peter S. Ketcham-Colwill (*pro hac vice*)
1100 New York Avenue, NW, Suite 500
Washington, D.C. 20005
Phone: (202) 408-4600
bbowcut@cohenmilstein.com
pketcham-colwill@cohenmilstein.com

Lisa M. Ebersole (*pro hac vice*)
88 Pine Street, 14th Floor
New York, NY 10005
Phone: (202) 408-4600
lebersole@cohenmilstein.com

*Attorneys for Plaintiff City of Chicago*

| GIBSON, DUNN & CRUTCHER LLP | FORDE & O'MEARA LLP |
|---|---|
| By: /s/ Michael Holecek<br>Joshua S. Lipshutz (pro hac vice)<br>1050 Connecticut Avenue NW<br>Washington, DC 20036<br>Phone: (202) 955-8500<br>jlipshutz@gibsondunn.com<br><br>Michael Holecek (pro hac vice)<br>Cynthia Chen McTernan (pro hac vice)<br>333 S. Grand Avenue<br>Los Angeles, CA 90071<br>Phone: (213) 229-7000<br>mholecek@gibsondunn.com<br>cmcternan@gibsondunn.com | By: /s/ Michael K. Forde<br>Michael K. Forde<br>Brian P. O'Meara<br>191 North Wacker Drive<br>31st Floor<br>Chicago, Illinois 60606<br>Phone: (312) 641-1441<br>mforde@fordellp.com<br>bomeara@fordellp.com<br><br>**RILEY SAFER HOLMES**<br>**& CANCILA LLP**<br><br>By: /s/ Patricia Brown Holmes<br>Patricia Brown Holmes<br>Sarah E. Finch<br>70 W. Madison Street<br>Suite 2900<br>Chicago, IL 60602<br>Phone: (312) 471-8700<br>pholmes@rshc-law.com<br>sfinch@rshc-law.com<br><br>*Attorneys for Defendants DoorDash, Inc. and Caviar, LLC* |