IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| City of Chicago,<br><br>    Plaintiff,<br><br>v.<br><br>DoorDash, Inc. and Caviar, LLC,<br><br>    Defendants. | Civil Action No.: 1:21-cv-05162<br><br>Honorable Jeremy C. Daniel<br>Magistrate Judge Jeffrey T. Gilbert |

**PLAINTIFF'S RESPONSE TO DOORDASH'S
NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiff City of Chicago (the "City") submits this response to DoorDash's Notice of Supplemental Authority (Dkt. 358), which DoorDash filed in support of its motion to compel discovery (Dkt. 311, 334) and in opposition to the City's motion to compel discovery (Dkt. 325).

**Judge Daniel's Order**

Judge Daniel's September 20, 2024, order concluded that a two-year statute of limitations applies to the City's claims. Although the City respectfully disagrees with that order, the City acknowledges that the order limits the City's remedies—and therefore the need for remedies data—to the period from August 27, 2019 to present. The order therefore moots the City's requests for pre-August 27, 2019 remedies data in RFP Nos. 61-63 and 90-91, as well as the City's requests for information about DoorDash's tipping practices (RFP Nos. 88-89) insofar as DoorDash can produce data within the limitations period documenting the application of its driver pay model.

To the extent DoorDash contends that Judge Daniel's order forecloses all pre-August 27, 2019 discovery, that is incorrect. As this Court has recognized, "evidence as to Defendants'

practices from the earlier time period could provide relevant background evidence about Defendants' alleged continuing misleading … practices even if the statute of limitations limits claims to conduct after August 27, 2019." Dkt. 241 at 4. RFP Nos. 9, 12-13, 21, and 36 seek information on the historical appearance of the DoorDash Platforms. Dkt. 315 at 12. Information from before the limitations period is relevant insofar as it sheds light on the appearance of the Platforms on or after August 27, 2019 (e.g., design choices made before August 27, 2019 that carried over into the limitations period).

Judge Daniel's order also denied as premature the City's motion for summary judgment on DoorDash's due process defense. However, that order did not authorize the specific due process discovery that DoorDash has moved to compel. Rather, Judge Daniel held that "[a]bsent a ruling on DoorDash's motion to compel, or an agreement as to the scope of discovery, the Court cannot conclude that the additional material that DoorDash seeks would be futile to its due process defense." Dkt. 355 at 29. Thus, it remains for this Court to rule on the City's relevance, breadth, and proportionality objections to DoorDash RFP Nos. 102 and 104. *See* Dkt. 324 at 13-15.

Moreover, contrary to DoorDash's assertion, whether Cohen Milstein is financially interested in the outcome of the litigation is not an issue on which discovery is necessary because the City concedes that Cohen Milstein has a financial interest, as all contingency-fee lawyers do. And whether Cohen Milstein received the City's permission to share information about DoorDash with third parties does not implicate "critical discretionary decisions involved in the litigation" (i.e., *this* case). *Cnty. of Santa Clara v. Atl. Richfield Co.*, 235 P.3d 21, 36 (Cal. 2010); *accord Merck Sharp & Dohme Corp. v. Conway*, 947 F. Supp. 2d 733, 744 (E.D. Ky. 2013).

### *Huffman* and *May*

*Huffman v. U.S. Steel Corp.*, 2024 WL 4264211 (S.D. Ill. Sept. 23, 2024), does not support DoorDash's refusal to produce national or regional data (encompassing Chicago) where Chicago data is unavailable. *Huffman* addressed an individual employment discrimination suit where plaintiff "agreed" to limit some Rule 30(b)(6) deposition topics to the jobsite where he worked and the timeframe "relate[d] to the claims." *Id.* at *3. The court extended that concession to other deposition topics where plaintiff sought discovery of "the entire company," *id.* at *2, which was unnecessary given the availability of testimony about plaintiff's jobsite. By contrast, the City seeks regional or national metrics *only* where Chicago-specific data are unavailable. Dkt. 315 at 6-7.

Neither *Huffman* nor *May v. Google*, 2024 WL 3463825 (N.D. Cal. July 17, 2024), which stayed pre-limitations discovery during the pendency of a motion to dismiss, support DoorDash's refusal to produce the pre-limitations discovery described above. Those cases did not address the issue here: whether to permit some pre-limitations discovery insofar as it "could provide relevant background evidence." Dkt. 241 at 4.

| | |
|---|---|
| DATED: October 23, 2024 | Respectfully submitted, |
| **CITY OF CHICAGO DEP'T OF LAW, AFFIRMATIVE LITIGATION DIVISION** | **COHEN MILSTEIN SELLERS & TOLL PLLC** |
| By: */s/ Rebecca Hirsch*<br>Stephen J. Kane<br>Rebecca Hirsch<br>121 N. LaSalle Street<br>Room 600<br>Chicago, IL 60602<br>Phone: (312) 744-6934<br>stephen.kane@cityofchicago.org<br>Rebecca.hirsch2@cityofchicago.org | By: */s/ Brian E. Bowcut*<br>Brian E. Bowcut (*pro hac vice*)<br>1100 New York Avenue, NW, Suite 500<br>Washington, D.C. 20005<br>Phone: (202) 408-4600<br>bbowcut@cohenmilstein.com<br><br>Lisa M. Ebersole (*pro hac vice*)<br>88 Pine Street, 14th Floor<br>New York, NY 10005<br>Phone: (202) 408-4600<br>lebersole@cohenmilstein.com |

## CERTIFICATE OF SERVICE

I hereby certify that on October 23, 2024, I electronically filed the foregoing *Plaintiff's Response to DoorDash's Notice of Supplemental Authority* using the CM/ECF system, which will send notice of this filing to all counsel of record.

*/s/ Lisa M. Ebersole*